UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE BUDD COMPANY, INC.,[1] ) | Case No. 14-11873 |
| ) | |
| Debtor. ) | Honorable Jack B. Schmetterer |

**FINAL ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS, CONTINUED USE OF EXISTING BUSINESS FORMS, CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM AND GRANTING OTHER RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtor and debtor in possession (the "Debtor") for entry of interim and final orders authorizing the Debtor to continue using its existing Cash Management System, bank accounts and business forms, and for related relief; this Court having entered an interim order approving the Motion on an interim basis on April [___], 2014 [*Docket No.* [___]]; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

---

[1] The last four digits of the Debtor's federal tax identification number are 3060.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

2. All objections to the Motion or the final relief requested therein that have not been made, or that have been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3. Notice of the Motion was proper, timely, adequate and sufficient under the particular circumstances.

4. The Debtor is authorized to continue utilizing its Cash Management System to manage its cash in a manner consistent with its prepetition practices, as set forth in the Motion.

5. The Debtor is authorized to: (a) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including, without limitation, those accounts identified on **Exhibit A** to the Motion (the "Bank Accounts"); and (b) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtor's status as debtor in possession.

6. All banks at which the Bank Accounts are maintained (collectively, and together with any bank at which a new bank account is opened, the "Banks") are authorized, but not directed, to continue to service and administer the Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

7. The Banks are authorized to charge and the Debtor is authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements

with the Debtor. The Debtor shall reimburse the Banks for any claim arising prior to or after the Petition Date in connection with any returned items to the Bank Accounts in the normal course of business.

8. The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; *provided, however*, that the Debtor may only open a new bank account with a banking institution designated as an authorized depository under the U.S. Trustee Guidelines, unless first obtaining the consent of the U.S. Trustee.

9. The Debtor shall cause a copy of this Order to be served on all of the Banks at which any Bank Account is maintained.

10. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

11. This Final Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

12. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

Dated: _____, 2014
Chicago, Illinois

_____
United States Bankruptcy Judge

MAY 20 2014