United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| In re: | Case No. 14 B 11873 |
|---|---|
| The Budd Company, Inc. | Chapter 11 |
| Debtor. | |

# MEMORANDUM OPINION ON
# DEBTOR'S THIRD OMNIBUS OBJECTION TO CLAIMS

Debtor has filed Objections and Notice of Objections consisting of the Third Omnibus Objection to Claims asserting lack of liability. Notice was given to claimants and their representatives of a date by which responses to the Objections had to be filed. None of the claimants filed any response.

The following claims are involved:

| No. | Claimant | Alleged Nature of Claim |
|---|---|---|
| 26 | Ohio Bureau of Workers' Compensation | Costs - Workers' Comp. Claims Paid (Ohio Rev. Code 4123.75) |
| 27 | Ohio Bureau of Workers' Compensation | Taxes - Workers' Comp. Premiums Due (Ohio Rev. Code 4123.35) |
| 206 | George Kinloch | Worker Injury |
| 2268 | Bridgestone Americas Tire Operations LLC | Personal injury & product liability |
| 2269 | David Green | Personal injury & product liability |

For reasons stated below, the Objections will be overruled by separate order.

## BACKGROUND

Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et al.*, on March 31, 2014 (the "Petition Date"). Debtor previously ran manufacturing operations in connection with the automobile and other industries. However, Debtor ceased all manufacturing activity in 2006, divested itself of its last operating subsidiary in 2012, and no longer generates revenue (directly or indirectly) from manufacturing or other operations. Debtor has no full-time employees, and its ordinary course of business currently consists of satisfying legacy and other liabilities from cash on hand and insurance.

On October 24, 2014, the court entered an order (Dkt. 626) establishing March 31, 2015 as the general deadline for filing proof of claims (the "General Bar Date") applicable to creditors required to file proof of claim as specified therein. The deadline for parties to object to claims filed by the General Bar Date was also set therein, and subsequently extended to July 31, 2015. (Dkt. 900.)

Debtor filed its Third Omnibus Objection to Claims on July 29, 2015. Debtor argues that no liability exists in connection with the claims objected to for one of two reasons: (1) liability for workers' compensation claims has been assumed by Debtor's parent company; or (2) the proof of claim fails to establish legal or factual basis for personal injury liability.

### Workers' Compensation Liability Claims (Claims 26, 27 & 206)

Claims 26 and 27 of the Ohio Bureau of Workers' Compensation seek relief in connection with Debtor's workers' compensation obligations. Claim 26 seeks $655,511.14 for costs associated with workers' compensation claims paid (payments are detailed in an attachment). The second claim by the Ohio Bureau of Workers' Compensation, Claim 27, seeks $46,798.30, for taxes in connection with workers' compensation premiums due and detailed in an attachment to the proof of claim.

Claim 206 of George Kinloch seeks $1,000,000 for a work injury. The court was informed by Debtor's counsel in a filing that, "This claim contains additional attachments that were removed due to sensitive information." No further explanation or any analysis of the omitted "attachments" was supplied by Debtor. Therefore, the court was not given the complete claim.

With respect to these three claims, the Third Omnibus Objection to Claims argues that Debtor is not liable for these claims because Debtor's workers' compensation obligations were assumed by Debtor's parent corporation pursuant to a prepetition agreement between the two.

Debtor's Third Omnibus Objection to Claims gave claimants an opportunity to file any response by a specified deadline. Claimants were informed that if no response was filed, Debtor may seek entry of a proposed order sustaining the Objections without further notice. None of these claimants filed any response or any amendment to their proof of claim.

2

### Personal Injury and Product Liability Claims (Claims 2268 & 2267)

Claim 2268 of Bridgestone Americas Tire Operations LLC ("Bridgestone") is related to Claim 2269 of David Green; both claims allege liability in connection with an accident involving a product that was manufactured by Debtor. The claim of Bridgestone alleges $1,000,000 in damages for injury allegedly arising from personal injury and product liability from "an accident involving a multi-piece wheel assembly product that was manufactured in part by the Debtor," that the injuries occurred pre-bankruptcy and that this claim is "based upon assertions made by Claimants counsel." The claim of David Green is for $10,000,000 allegedly arising from product liability and personal injury related to "explosive failure of a multi-piece which assertedly a component of which was manufactured by Debtor."

Debtor's objection to these two claims asserts that neither of these "include any meaningful information or law to support such claims on a prima facie basis," and that Debtor "is unaware of any fact or law that support such claims in any way." It also asserts that Debtor's books and records do not show that Debtor is liable to these claimants.

The Notice of Objection informed claimants that to contest Debtor's Objection to Claims, each claimant was to file a written response by a certain date, but neither of these claimants filed any response to the Objections.

## DISCUSSION

### I. JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). It seeks to determine the allowance or disallowance of claims against the estate. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

## II. Objections to Allowance of Claims

Debtor's objection to allowance of claims sought in the Third Omnibus Objection to Claims is governed by 11 U.S.C. § 502. Under § 502(a), claims held by creditors who file timely proof of claim are generally "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *see also* 11 U.S.C. § 501(a) (providing that proof of claim may be filed by a creditor, and, in some cases, by other entities on such creditor's behalf). If a claim is objected to under § 502, the bankruptcy court is instructed to determine the amount of the claim as of date of the bankruptcy petition, and must allow the claim with respect to that amount, except to the extent that one of nine enumerated grounds for disallowance exist. *See* 11 U.S.C. § 502(b)(1)–(9)[1]; *Travelers Cas. & Sur. Co. of America v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452 (2007) (recognizing the general presumption that "claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." (citing 11 U.S.C. § 502(b))).

In this case, Debtor has objected to allowance of the claims at issue arguing that Debtor has no liability for these claims. Under § 502(b), a claim that is objected to may be disallowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other than because such claim is contingent or unmatured . . . ." 11 U.S.C. § 502(b)(1). The Supreme Court has stated that § 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers*, 549 U.S. at 450.

Debtor's Third Omnibus Objection to Claims seeks to challenge the validity of five individual claims as unenforceable against Debtor entirely, rather than dispute the amounts alleged to be owed in connection with liability asserted in the proof of claim. To prevail in disallowing these claims at this stage, Debtor's objection must be sufficient to rebut the presumption that a properly executed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f).

---

[1] Additional grounds for disallowance set forth in § 502(d) and (e) do not apply to the types of claim at issue in this case.

4

If the Objections were to prevail, these creditors would not be able to assert claims against estate assets consisting of cash and insurance policies, and they could never recover anything since all cash and insurance assets will be dealt with by a new financial plan.

### A. Workers' Compensation Liability Claims (Claims 26, 27, 206)

The Third Omnibus Objection to Claims does not contest the merits of claims asserting liability in connection with injuries suffered by individuals previously employed by Debtor and giving rise to liability alleged by claimants. Instead, Debtor argues that any liability of the Debtor alleged in Claims 26, 27 and 206 has been assumed by Debtor's parent company, ThyssenKrupp North America, Inc. ("TKNA"), pursuant to a prepetition agreement between Debtor and TKNA (the "Prepetition Agreement"). The Prepetition Agreement referenced by Debtor includes terms whereby TKNA agrees to assume Debtor's workers' compensation obligations (*see* Dkt. 11, Ex. 2, at ¶ 8). However, claimants were not parties to the Prepetition Agreement between Debtor and its parent, TKNA.

Debtor has not alleged or provided any evidence that the obligations alleged as due under the claims objected to have been satisfied by TKNA. The Prepetition Agreement referenced provided that TKNA agreed to assume Debtor's obligations, but Debtor's obligations to third parties are not extinguished by TKNA's agreement to assume these liabilities unless and until obligations of Debtor to third parties are satisfied by TKNA. Accordingly, Debtor has failed to establish that Claims 26, 27 and 206 are unenforceable against the Debtor.

Debtor argues that "even if TKNA has not satisfied such claims," the court should "enter an order: (1) disallowing the claims, solely for purposes of voting on a chapter 11 plan; and (2) preserving the Debtor's right to object to Claims 26, 27, and 206 at a later date on the grounds that such claims have been satisfied by TKNA and are consequently subject to disallowance under § 502(b)(1) of the Bankruptcy Code." Third Omnibus Objection to Claims, at 4. No applicable authority is cited for the form of alternative relief sought. Nor is the court aware of any provision in the Bankruptcy Code or applicable rules authorizing the type of relief sought by Debtor.

5

As discussed above, under § 502 of the Bankruptcy Code, claims for which proof has been filed are generally allowed unless an objection is raised; if an objection is made, the court shall determine the amount of the claim as of the date of the petition, and allow the claim for that amount, except to the extent that specified exceptions are applicable. *See* 11 U.S.C. § 502(a), (b). While a claim may be allowed, in part, and disallowed, in part, based on the court's determination that the amount of the allowable claim is limited by grounds set forth in § 502(b), the allowance or disallowance of a claim solely for purposes of preventing their voting on a chapter 11 plan is not contemplated by § 502.

Allowance or disallowance of claims pursuant to § 502 is also not otherwise conditioned by provisions applicable to cases under chapter 11 of the Bankruptcy Code. Instead, § 1126 provides that holders of claims "allowed under section 502 of this title may accept or reject a plan." 11 U.S.C. § 1126(a). Therefore, the court finds no basis for disallowing claims solely for purposes of voting on a chapter 11 plan.

Debtor also requests entry of an order preserving Debtor's right to object to Claims 26, 27, and 206 at a future date if the liabilities claimed are satisfied by TKNA. However, to the extent that this or other grounds for disallowance become applicable in the future, Debtor may seek applicable relief under § 502 at that time. Debtor may be able to request that this court reconsider allowance or disallowance of a claim for cause, *see* 11 U.S.C. § 502(j), or other relief which may be applicable under the Bankruptcy Code or applicable rules.[2]

Accordingly, Debtor's Third Omnibus Objection to Claims will be overruled with respect to Claims 26, 27 and 206.

### B. Personal Injury and Product Liability Claims (Claims 2268 & 2267)

Debtor also objects to Claims 2268 and 2267 asserting no liability in connection with the alleged basis provided by these two claims. Debtor seeks disallowance of these two claims and argues that they fail to provide enough information or a legal basis to justify a

---

[2] No findings are made by this court with respect to Debtor's ability to seek relief at a later time. Reconsideration for cause under § 502(j) is referenced to note that the type of relief requested by Debtor is governed by § 502.

claim against Debtor. Debtor also argues that its books and records fail to show that Debtor is liable to the claimants.

While Claims 2268 and 2269 fail to include certain information, including dates and information regarding the type of product which was manufactured by Debtor, the claims may not be disallowed solely on the basis that they fail to attach this or other information.

Under Bankruptcy Rule 3001, claimants need not attach any documents evidencing of the value or validity of their claims. *See generally* Fed. R. Bankr. P. 3001 (governing filing of proof of claim). Unless otherwise specified therein, a proof of claim is only required to "conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). Supporting documents are only required by this rule where a claim is based on a writing, *see* Fed. R. Bankr. P. 3001(c), or where necessary to show that a secured claim or interest is perfected under applicable law, *see* Fed. R. Bankr. P. 3001(d). This is not applicable here.[3]

Proof of Claims 2268 and 2269 generally conform with Official Form 10, the national proof of claim form. Since no additional requirements are applicable, proof of claims was filed in accordance with Bankruptcy Rule 3001, *see* Fed. R. Bankr. P. 3001(a); each proof of claim, therefore, constitutes "prima facie evidence of the validity and amount of the claim," Fed. R. Bankr. P. 3001(e). Debtor has failed to present any evidence to dispute the prima facie validity of these claims. Debtor's assertion that claimants are not included in its books and records is not determinative or sufficient to dispute the evidentiary value of claimants' respective proof of claim or challenge the amount of damages alleged by claimants.

Even assuming that proof of the claims fails to comply with the requirements set forth in Bankruptcy Rule 3001, claimants generally would not be barred from supplementing their claims by amendment, or at an evidentiary hearing to determine the value of their

---

[3] Even where Bankruptcy Rule 3001 requires documentation to support a claim, the remedy for failure to do so is not disallowance; rather, all that the rule provides is that a claim filed in accordance with this rule constitutes *prima facie* evidence that the claim is valid. *Matter of Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993) (citing Fed. R. Bankr. P. 3001(c), (d) and (e)) ("If the documentation is missing, the creditor cannot rest on the proof of claim. It does not follow that he is forever barred from establishing the claim. . . . A creditor should therefore be allowed to amend his incomplete proof of claim . . . to comply with the requirements of Rule 3001, provided that other creditors are not harmed by the belated completion of the filing.").

7

claims if such a hearing was held. *See* 11 U.S.C. § 502(b); *see In re Guidry*, 321 B.R. 712, 716 (Bankr. N.D. Ill. 2005).

While the basis provided for these two claims is general, the court cannot conclude that it is unsupported by facts providing a basis for a claim. Together, the claims estimate amounts due for each individual claim, and reference a basis for imposing liability on Debtor as manufacturer of parts alleged to have been involved in the accident that gave rise to personal injury claims. No facts or law have been alleged by Debtor to dispute these factual allegations or establish that they fail support liability under applicable law.

Moreover, while Debtor asserts that the information supplied is insufficient, proof filed for these claims includes contact information for the attorneys who filed proof of claim on claimants' behalf. Nothing in Debtor's Third Omnibus Objection to Claims suggests that Debtor has attempted and failed to obtain information necessary to ascertain the validity of Claims 2268 and 2269 or in any way justify summary disallowance of these claims at this stage.[4]

Debtor's objection to these two claims also fails to raise any factual dispute with respect to the factual allegations asserted by claimants, or to include any defense that would conclusively bar these claims. If a factual dispute arose, an evidentiary hearing would be required to determine the amount of the claims subject to allowance. *See* 11 U.S.C. § 502(b). If Debtor disputes the evidentiary presumption of validity of a proof of claim, the burden of establishing the basis of the claim by preponderance of the evidence would shift back to the claimant. *See Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20–22 n.2 (2000) (holding that the ultimate burden of proof in establishing claim after validity is disputed by objecting party depends on applicable nonbankruptcy law governing the substantive basis of the claim). However, Debtor has not established a basis for disallowing these claims at this stage, or come forward with evidence raising a factual dispute necessitating an evidentiary hearing to determine the amount of allowable claims. Nor has Debtor sought discovery as to any aspect of the claims or injuries.

---

[4] Debtor's objection gave the claimants an opportunity to respond. However, applicable rules do not require a response to be filed. No prejudice may thus be imputed based on claimants' failure to file a response.

8

Finally, while the allowance or disallowance of claims against the estate is generally a core proceeding which this court may hear and determine, no party has briefed, nor can the court determine at this stage, whether a proceeding to determine the validity of Claims 2268 and 2269 falls within the statutory exception to this court's core jurisdiction as "liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution . . . ." *See* 28 U.S.C. § 157(b)(2)(B). Debtor has argued that Claims 2268 and 2269 should be disallowed entirely as "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other than because such claim is contingent or unmatured . . . ." 11 U.S.C. § 502(b)(1). Disallowance on this basis would necessarily constitute a determination that these claims are substantively invalid and cannot seek distribution from the estate. Debtor has not shown that this determination is warranted at this stage.

## CONCLUSION

For the foregoing reasons, Debtor's Third Omnibus Objection to Claims will be entirely overruled by separate order.

To the extent that personal injury claims are deemed contingent or unliquidated, estimation may be possible for purposes of allowance, *see* 11 U.S.C. § 502(c). No determination is made by the court with respect to the propriety or availability of this or other applicable remedies at this stage. However, should this court lack authority to estimate the personal injury claims at issue, the claims may be estimated or tried in district court. *See* 28 U.S.C. §§ 157(b)(2)(B), (b)(5).

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 5th day of November, 2015

NOV - 5 2015