United States Bankruptcy Court
Northern District of Illinois
Eastern Division

In re:

The Budd Company, Inc.

Debtor.

Case No. 14 B 11873

Chapter 11

## MEMORANDUM OPINION ON
## DEBTOR'S SECOND OMNIBUS OBJECTION TO CLAIMS

Debtor has filed Objections and Notice of Objections joined in the Second Omnibus Objection to Claims (Dkt. 974). Objections challenge claims as insufficient for one of the following bases: (1) claim was amended and superseded by subsequent filing; (2) claim is duplicative of prior claim; (3) proof of claim filed is insufficient to support validity of claim; or (4) proof of claim form is improper for failure to use court-approved proof of claim form for asbestos related claims. The following fourteen claims are involved:

| No. | Claimant | Basis for Claim | Objection |
|---|---|---|---|
| 2292 | Buchanan, William | Personal injury (product exposure) | **Amended & Superseded** by Claim No. 2293 |
| 29 | Daniel, Trenia | Manifested asbestos and pension | **Amended & Superseded** by Claim No. 2326 |
| 1 | Dep't of the Treasury, Internal Revenue Serv. (IRS) | Taxes | **Amended & Superseded** by Claim No. 2 |
| 2277 | Waste Mgmt. Disposal Serv. of Pennsylvania, Inc. | Environmental cleanup liability | **Duplicative** of Claim No. 2276 |
| 15 | Altenbach, Connie | *[none listed]* | **Insufficient Support** |
| 10 | Brasby, Freddie | Services performed | **Insufficient Support** |
| 14 | Collins, Sheila | *[none listed]* | **Insufficient Support** |
| 11 | Dusel, John | *[none listed]* | **Insufficient Support** |
| 28 | Joiner, Leslie | *[none listed]* | **Insufficient Support** |
| 9 | Oliver, Pamela | *[none listed]* | **Insufficient Support** |
| 208 | State of Delaware, Dep't of Natural Res. and Envtl. Control | Remedial action cleanup costs | **Insufficient Support** |
| 12 | Thompson, Keith | *[none listed]* | **Insufficient Support** |
| 205 | Reese, George (deceased) | Personal Injury/Wrongful Death | **Incorrect Proof of Claim Form (Asbestos)** |
| 6 | Washington, Kevin | Manifested Asbestos | **Incorrect Proof of Claim Form (Asbestos)** |

Notice was given to claimants and their representatives of a date by which responses to the Objections had to be filed. One of the claimants filed a response.

For reasons stated below, Debtor's Objections will be sustained, but leave to refile will be given with respect to Claims No. 205 and 6 for claimants to refile using proper proof of claim form for asbestos claimants within 35 days.

## BACKGROUND

Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et al.*, on March 31, 2014. Previously, Debtor had ran manufacturing operations and been an important supplier of metal and steel components to the automobile, rail and other industries. Debtor ceased all manufacturing activity in 2006, and most other business operations by 2012; Debtor no longer generates revenue from direct or indirect operations, or have any full-time employees. Current operations consist of satisfying legacy and other liabilities, including asbestos-related personal injury claims, from cash on hand and insurance. Debtor has remained in control of these operations in bankruptcy as debtor-in-possession.

On October 24, 2014, this court entered an order establishing a general bar date for the filing of claims (the "Bar Date Order"), except Retiree Claims and Unmanifested Asbestos Claims (both defined therein); the general bar date set by this order expired on March 31, 2015 (the "General Bar Date"). (Dkt. 626.) Pursuant to this order, the court also approved an Asbestos Proof of Claim Form, which holders of Manifested Asbestos Claims (defined in the order and subject to the General Bar Date) are expressly required to use instead of other proof of claim forms. (*Id.*) Claimants who fail to use the required Asbestos Proof of Claim Form were advised of the need to refile in the proper form, or risk disallowance of their claim. (*Id.*)

Debtor filed its Second Omnibus Objection to Claims on July 29, 2015. (Dkt. 974.) Notice of hearing set for September 15, 2015 was included, as well as instructions for claimants to file written response to Objections prior to the hearing date. (*Id.*) With the exception of a letter filed by one of the claimants, Trenia Daniel, on August 24, 2015 (Dkt. 1030), none of the claimants filed any response or appeared at the initial hearing. On

2

September 21, 2015, this court entered an order establishing October 2, 2015 as the deadline for claimants to file responses to the Objections. (Dkt. 1103.) No other responses were filed by this deadline.

Debtor's Second Omnibus Objection to Claims incorporates Objections to allowance of fourteen claims filed by separate claimants. Notice of withdrawal of one of these fourteen claims, Claim No. 208, has since been filed by claimant, Delaware's Department of Natural Resources and Environmental Control. (Dkt. 985.) The remaining thirteen claims and Debtor's grounds for objection to each will be discussed below in connection with the merits of Debtor's objection to these claims.

## DISCUSSION

### I. JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). It seeks to determine the allowance or disallowance of claims against the estate. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### II. ALLOWANCE OR DISALLOWANCE OF CLAIMS

Debtor's objection to allowance of claims sought in the Second Omnibus Objection to Claims is governed by 11 U.S.C. § 502. Under § 502(a), claims held by creditors who file timely proof of claim are generally "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *see also* 11 U.S.C. § 501(a) (providing that proof of claim may be filed by a creditor, and, in some cases, by other entities on such creditor's behalf). If a claim is objected to under § 502, the bankruptcy court is instructed to determine the amount of the claim as of date of the bankruptcy petition, and must allow the claim with respect to that amount, except to the extent that specific grounds for disallowance set forth therein exist. *See* 11 U.S.C. §§ 502(b)(1)–(9), (d) and (e); *Travelers Cas. & Sur. Co. of America v. Pac.*

*Gas & Elec. Co.*, 549 U.S. 443, 452 (2007) (recognizing the general presumption that "claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." (citing 11 U.S.C. § 502(b))). Debtor, as chapter 11 debtor-in-possession, is a "party in interest" with standing to object to allowance of claims under 11 U.S.C. § 502. *See* 11 U.S.C. §§ 1106(a)(1) and 1107(a) (specifying the duties of the debtor in possession to include examining and objecting to allowance of any claim that is improper, *see* 11 U.S.C. § 704(a)(5) (incorporated by reference)).

In this case, Debtor seeks to disallow claims for two main reasons. First, Debtor objects to claims that either duplicate another or were amended by subsequently filed proofs of claim. These claims are unenforceable against the Debtor because another separate claim filed by the same claimant seeks relief on the basis of the same debt. Section 502(b)(1) contemplates disallowance of a claim, proof of which has been filed in a bankruptcy case, to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other than because such claim is contingent or unmatured . . . ." 11 U.S.C. § 502(b)(1). Claims which are clearly the result of duplication rather than independent rights to recovery are unenforceable, in whole or in part, to the extent of the duplication. *See, e.g., In re Pierport Dev. & Realty, Inc.*, 491 B.R. 544, 547 (Bankr. N.D. Ill. 2013) (Schmetterer, J.)

Second, Debtor objects to claims that fail to comply with the requirements set by the Bankruptcy Code, Bankruptcy Rules, or this court's prior order, for filing proof of claim in Debtor's bankruptcy case. This second group of claims are unenforceable in Debtor's bankruptcy case to the extent they fail to meet basic requirements by which creditors assert a right to take part in the bankruptcy distribution process. While bankruptcy law contemplates discharge of any debt deemed to have arisen prior to or as of the filing of a bankruptcy petition, whether or not proof of claim has been filed or a claim is allowed, *see* 11 U.S.C. § 1141(d)(1), the right of creditors to participate in the bankruptcy case for purposes of distribution under a chapter 11 plan is generally limited to holders of claims which have been or are deemed allowed, *see, e.g.,* 11 U.S.C. § 1126(a) ("The holder of a claim or interest allowed under section 502 of this title may accept or reject a plan. . . .").

4

Bankruptcy Rule 3001 provides that proof of claim filed in accordance with requirements set forth therein constitutes prima facie evidence of the validity and amount of a claim and thus generally puts the burden of rebutting the validity of a claim on the objecting party. *See* Fed. R. Bankr. P. 3001(f); *In re Sentinel Mgmt. Group, Inc.*, 417 B.R. 542, 550 (Bankr. N.D. Ill. 2009) (Squires, J.). However, claims that fail to comply with basic requirements in Bankruptcy Rule 3001 do not benefit from the presumption of validity contemplated by this rule. *Matter of Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993) ("If the documentation [required by Bankruptcy Rule 3001] is missing, the creditor cannot rest on the proof of claim. . . ."). Creditors whose claims have been objected to are free to supplement their proof of claim to make a prima facie showing that they hold valid claims. *Id.* (noting that initial failure to meet the requirements of Bankruptcy Rule 3001 does not bar the creditor from establishing the claim by responding to an objection or amending an incomplete proof of claim). However, to the extent claimants fail amend or otherwise meet the procedures by which creditors assert a right to participate in Debtor's bankruptcy case, they have failed to give Debtor and the court a sufficient and reliable basis to determine claim validity and amount for purposes of allowance under 11 U.S.C. § 502(b).

### A. Objections to Amended and Superseded Claims Will be Sustained

Debtor objects to three claims identified in Schedule 1 (Amended and Superseded Claims) on the basis that each of these three claims has been superseded by a subsequently filed, amended claim. Debtor's Objections to Claims No. 1, 29 and 2292 will be sustained; these claims allege the same rights and attach the same supporting documentations in a subsequent claim filed by or on behalf of the same claimant. Because the three objected claims assert the same basis for recovery twice, the objected claims are unenforceable against the Debtor.

Debtor objects to Claim 2292 of William Buchanan on the basis that it is amended and superseded by Claim 2293, both filed on the same day. Claim 2292 alleges liability for personal injury due to product exposure. Claim 2293 incorporates the same documents attached to Claim 2292, but was filed using an Asbestos Proof of Claim Form. Because the

5

objected claim asserts the same basis as the surviving claim, the objected claim (Claim 2292) will be disallowed.

Debtor also objects to Claim 29 of Trenia Daniel as amended and superseded by Claim 2326, filed by the same claimant months later. Claim 29 alleges manifested asbestos and pension liability; proof of claim form is accompanied by letter stating that claimant is surviving spouse. Claim 2326 was filed using the Asbestos Proof of Claim Form and attaches a certificate of death documenting the date and cause of death of claimant's spouse. Claimant filed a letter responding to the Objection; her letter simply notes that she did not intend to file duplicative claims and filled the forms to the best of her knowledge. Claimant does not, however, assert a basis for concluding that both claims filed should be allowed. Because Claim No. 29 of Trenia Daniel has been superseded by subsequent filing of her claim in the proper proof of claim form for asbestos-related claims (Claim No. 2326), the objected claim is unenforceable and will be disallowed.

The third objected claim listed in Schedule 1 was filed by the Department of the Treasury, IRS, as Claim No. 1 for approximately $29,000. Debtor asserts that Claim 1 was amended and superseded by Claim No. 2 of the IRS for a total claimed amount of $0. Claim No. 2 was filed or received four days *before* Claim No. 1, but indicates that it amends a prior claim. Both claims concern Debtor's tax liability for the same tax period. In response to the court's questions as to which claim was actually amended, Debtor filed a letter from the IRS confirming that Claim No. 2 was intended as the IRS's current claim, amending Claim No. 1. Accordingly, Claim No. 1 has been amended and superseded and will be disallowed on that basis.

### B. Claim No. 2277 Duplicates a Previously Filed Claim and Will be Disallowed

Debtor objects to one claim, listed in Schedule 2 of the proposed order, on the basis that it duplicates a previously filed claim. Claim 2277 was filed by Waste Management Disposal Services of Pennsylvania, Inc. on April 1, 2015. Claim 2276 was filed one day before, on March 31, 2015, by an attorney acting as claimant's authorized agent. The information attached to both claims is identical. Accordingly, because the objected claim duplicates a prior claim, Debtor's Objection to Claim No. 2277 will be sustained.

### C. Objections to Claims Lacking Sufficient Information to Ascertain Basis of Claim or Amount Will be Sustained

Debtor objects to eight claims on the basis that the information included in the proof of claim form corresponding to each of these claims is incomplete. The claims at issue are identified in Schedule 3 to the proposed order attached to Debtor's Second Omnibus Objection to Claims. Since the Objections were filed, notice of withdrawal has been filed with respect to Claim No. 208 of the State of Delaware, Department of Natural Resources and Environmental Control (DNREC) (Dkt. 985). None of the remaining seven claimants has filed a response or offered to supplement their claim.

Claim No. 15 of Connie Altenbach was filed without any information as to the claim basis or amount, the proof of claim form is unsigned, and no documents are attached. Because the claim fails to provide information necessary to support prima facie evidence of validity under Bankruptcy Rule 3001 and has not been supplemented by the claimant, Claim No. 15 will be disallowed.

Claim No. 10 of Freddie Brasby was filed without information as to the amount owed on account of the asserted claim. No other information is attached in support of this claim. Debtor's objection to this claim is justified and will be sustained.

Claim No. 14 of Sheila Collins was filed without any information regarding the basis of the alleged claim or the claim amount; no other documents are attached to the proof of claim form. Because the claim is insufficient to support a prima facie basis for liability and has not been supplemented by claimant, Claim No. 14 is unenforceable as filed and will be disallowed.

Claim No. 11 of John Dusel was filed without reference to the nature or amount of the claim, and is unsigned. Accordingly, Debtor's Objection to Claim No. 11 will also be sustained.

Claim No. 28 of Leslie Joiner was filed without information regarding amount or basis of the claim. Objection to this claim is justified and will be sustained.

Claim No. 9 of Pamela Oliver is also incomplete; the proof of claim form is unsigned and contains no information as to the basis and amount of claim. Objection to Claim No. 9 will therefore be sustained as well.

Claim 208 of the State of Delaware, DNREC has been withdrawn by the claimant; Debtor's Objection to this claim therefore need not be considered.

Claim No. 12 of Keith Thompson provides no basis of claim or amount of claim information. Debtor's objection to this claim is also justified and will be sustained.

### D. Objection to Asbestos-Related Claims Filed in the Wrong Form Proof of Claim Form Will Be Sustained With Leave to Refile in Proper Form

The last two Objections joined in the Second Omnibus Objection to Claims concern two claims identified in Schedule 4 to the proposed order. Both of these claims, Claim No. 205 of George Reese and Claim No. 6 of Kevin Washington, are manifested asbestos-related claims but were not filed in the court-approved Asbestos Proof of Claim Form. Objections to these claims will be sustained, with leave to refile in the court-approved Asbestos Proof of Claim Form within 25 days.

### CONCLUSION

For the foregoing reasons, Debtor's Objections will be sustained by separate order. Leave to refile will be given with respect to the two claims filed using the wrong proof of claim form within 25 days.

Dated this 16th day of December, 2015

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

DEC 1 6 2015