United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| In re: | Case No. 14 B 11873 |
|---|---|
| The Budd Company, Inc. | Chapter 11 |
| Debtor. | |

# MEMORANDUM OPINION ON MOTION OF ASBESTOS COMMITTEE TO MODIFY STAY AS TO ASBESTOS CLAIMANTS (DKT. 1204)

This Chapter 11 case was filed by a debtor that used asbestos in some of its production and processes while in operation. The Debtor reports that 2,213 asbestos claims have been filed in this case. The District Court has withdrawn or indicated intent to withdraw reference to consider objections filed by Debtor to most of these claims. There remain 123 claims as to which the only issue raised is whether claimants can establish liability.[1] Such issues of liability cannot be tried in this court, and Debtor's proposed Chapter 11 plan provides that liability issues will pass through the bankruptcy and be tried in non-bankruptcy courts having jurisdiction. Debtor objects to the Asbestos Committee's motion to modify the automatic stay, arguing that stay relief should await Plan confirmation. While the Debtor's proposed Plan (with Fourth Amended Plan now pending) has not yet been confirmed, there is no reason to delay modifying stay now as to those 123 claimants so that they might make some progress in their actions.

Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause . . . ." The term "cause" is not defined by the Bankruptcy Code, and courts make this determination on a case-by-case basis. *In re Edison Mission Energy*, 502 B.R. 830, 837 (Bankr. N.D. Ill. 2013). The Seventh Circuit has instructed that relief is appropriate when "equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems." *Matter of*

---

[1] *See* Debtor's Statement of Asbestos Claims Not Subject to Pending Claims Objections and in Opposition to Relief from the Automatic Stay, Dkt. 1549, at 2–3.

*Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (quoting *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984)).

In *Fernstrom*, the Seventh Circuit Court of Appeals adopted a three-part balancing test to determine whether cause exists to lift the bankruptcy stay, instructing courts to consider: (1) whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit; (2) whether the hardship to the non-debtor party by maintenance of the stay considerably outweighs the hardship to the debtor; and (3) whether the creditor has a probability of prevailing on the merits. *Fernstrom*, 938 F.2d at 735. Courts also consider "the interests of judicial economy and the need for the expertise of the bankruptcy court." *In re Fernstrom Storage & Van Co.*, 100 B.R. 1017, 1023 (Bankr. N.D. Ill. 1989) *aff'd sub nom. Fernstrom*, 938 F.2d 731 (citing *In re Holtkamp*, 669 F.2d 505, 509 (7th Cir. 1982)). Here, each of the *Fernstrom* factors weighs in favor of modifying the stay to allow the Debtor's asbestos victims to pursue their state law remedies against the Debtor.

### Neither the Debtor nor its Estate will be Greatly Prejudiced if the Stay is Lifted

The Debtor has proposed a Plan allowing its asbestos liabilities to "pass-through" this Case unimpaired for adjudication in non-bankruptcy forums. There is little question that these claims must be tried in the tort system, *see* 28 U.S.C. §§ 157(b)(2)(B) & (b)(5), the only question is when. Ample insurance coverage will pay most or all of any liabilities, though some need for supplemental cash infusion by Debtor to share certain costs is likely, and has been provided for by Debtor in its proposed Plan. However, aside from the need to share in certain defense costs, there will be no great prejudice to the Debtor or its estate if the stay is lifted to allow asbestos claimants to which Debtor's only objection is as to liability to proceed in state or federal court without further delay.

### Hardship to Some of Debtor's Asbestos Claimants Significantly Outweighs Hardship to the Debtor

While Debtor's retirees continue to receive full healthcare and retirement benefits, the Debtor's most vulnerable creditors have received nothing since this case was filed in March 2014. Debtor's asbestos victims and their survivors have been stayed from making

2

any progress toward compensation for almost three years. In contrast, since the Petition Date, the Debtor has paid monthly retiree benefits of roughly $4 to $5 million, or between $76 million and $95 million in the aggregate at the time of the filing of this Motion. *See* Disclosure Statement for Plan, at § II., A. [Dkt. No. 1134.]

In light of the delay that has already resulted during the pendency of this case, and the existence of liability insurance to cover most of Debtor's potential liability, the court finds that hardship imposed on some of Debtor's asbestos claimants significantly outweighs any hardship imposed on the Debtor if the stay is lifted as to these claimants.

### Whether the Debtor's Asbestos Victims are Likely to Prevail in the Tort System Cannot be Decided Except in Trial Court

The equities weigh heavily in favor of asbestos claimants, and there is no doubt that the Debtor bears responsibility for its use and sale of asbestos-containing products. *See Matthews*, 739 F.2d at 251 ("Suspension of Section 362 automatic stay provisions may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems."). Where, as here, the first two *Fernstrom* factors weigh heavily in favor of the movant, modification of the automatic stay may be appropriate. Nevertheless, the Debtor's asbestos victims also satisfy the final *Fernstrom* factor.

Debtor has identified 123 asbestos claims as to which the only issue remaining is whether claimants can establish liability in the tort system. As to those claims, no issue remains to be determined in this case. Moreover, Debtor settled many asbestos claims prior to bankruptcy, so the prospect of liability is real.

### Conclusion

Therefore, the stay will be modified by Order as to the appended lists of claimants as to whom there are no objections that have been filed except as to liability. (Exhibits A and B to the Order.)

To permit the Debtor to make necessary financial arguments in light of the present state of its insurance agreement the effect of the order lifting stay which is separately entered this date will be stayed for 30 days.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 10th day of February, 2016

FEB 10 2016