**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | **Hearing: March 11, 2016 at 1:30 p.m.** |

**STATEMENT OF THE DEBTOR REGARDING
MARCH 11, 2016 HEARING ON APPROVAL OF
<u>DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURES</u>**

The above-captioned debtor and debtor in possession ("<u>Budd</u>" or the "<u>Debtor</u>") hereby files this statement regarding the March 11, 2016 hearing (the "<u>March 11th Hearing</u>") on approval of: (1) the *Disclosure Statement for the Fifth Amended Chapter 11 Plan for The Budd Company, Inc. Dated March 1, 2016* [Docket No. 1627] (as may be amended, the "<u>Disclosure Statement</u>"); and (2) confirmation procedures (the "<u>Confirmation Procedures</u>") for the Debtor's *Fifth Amended Chapter 11 Plan for The Budd Company, Inc. Dated March 1, 2016* [Docket No. 1626] (as may be amended, the "<u>Plan</u>"). The Debtor respectfully states as follows:

1.      Counsel to the UAW and TKNA have informed the Debtor that they are engaged in settlement discussions concerning an amendment to the TKNA Settlement Agreement[1] and the Plan that, if successful, would facilitate the proposal of an amended and consensual Plan and Disclosure Statement.[2]

2.      The UAW and TKNA have requested that the Debtor agree to continue the hearing on approval of the Disclosure Statement from March 11, 2016 to April 1, 2016.

---

[1] "TKNA Settlement Agreement" means the agreement to settle and compromise the affiliate claims and the estate claims, which agreement is attached to the Plan and fully incorporated into the Plan in the form of Exhibit B to the Plan.

[2] TKNA and the UAW have advised the Debtor that such discussions are preliminary, that no deal, even in principal, has been agreed to.

Accordingly, the Debtor asserts that, in the best interests of its estate, such a continuance to promote a consensual resolution of this case is appropriate upon the following conditions (which conditions are supported by the E&A Retiree Committee):

a) the Court addresses the remaining Disclosure Statement objections of the UAW at the March 11th hearing, but defers entry of an order approving any revised Disclosure Statement and Confirmation Procedures ("<u>Disclosure Statement Order</u>") until the omnibus hearing scheduled for April 1, 2016 (the "<u>April 1st Hearing</u>");

b) following the March 11th Hearing, the Debtor files its Sixth Amended Plan and Disclosure Statement and revised Disclosure Statement Order approving the Sixth Amended Disclosure Statement in form and substance acceptable to the Court (based upon the Court's determinations at the March 11th Hearing);

c) the Court holds a hearing during the week of March 14, 2016 to consider the Sixth Amended Disclosure Statement and form of the Disclosure Statement Order, and defers approval thereof to April 1, 2016; and

d) in the event that TKNA and the UAW are unable to reach a settlement prior to the April 1st Hearing, the Court enters the Disclosure Statement Order on April 1, 2016 and, thereafter, the Debtor commences solicitation of the Plan.

3. In the event that TKNA and the UAW are unable to reach a settlement by the April 1st Hearing, the Debtor does not believe the delay necessitated by the requested continuance to April 1, 2016 will make it necessary to reschedule trial dates for the hearing on confirmation of the Plan as set forth in the Court's March 1, 2016 *Order Scheduling Confirmation* [Docket No. 1632] (the "<u>Confirmation Scheduling Order</u>"). As reflected in the amended pages to the Plan and Disclosure Statement filed by the Debtor on March 9, 2016 [Docket No. 1648], the Debtor has reached an agreement with the Asbestos Committee (which the Debtor expects will now support confirmation of the Plan, as amended by the revisions filed on March 9, 2016). In light of the Asbestos Committee's anticipated support for confirmation of the Plan, the Asbestos Committee will no longer need the 16 hours of trial time allocated to it under the Confirmation Scheduling Order. As a result, the commencement of the hearing on confirmation of the Plan should begin on May 31, 2016 (and not May 21, 2016, thereby

providing sufficient time for discovery and briefing), and continue as scheduled under the Confirmation Scheduling Order.

    4.    Counsel to the UAW has represented to the Debtor that it will not object to confirmation of the Plan on the basis that the Effective Date Cash (as defined in the Plan) and the resulting Cash available to fund the UAW VEBA under the Plan will have decreased as a result of the delay associated with the requested continuance.

    5.    The Debtor, UAW, TKNA and E&A Retiree Committee support the process outlined in paragraph 2 above.

Dated: March 10, 2016                  Respectfully submitted,

                                          **THE BUDD COMPANY, INC.**

                                          By: */s/ Brandon W. Levitan*
                                              One of its attorneys

                                          Jeff J. Marwil (IL #6194054)
                                          Jeremy T. Stillings (IL #6279868)
                                          Brandon W. Levitan (IL #6303819)
                                          Proskauer Rose LLP
                                          70 W. Madison St.
                                          Chicago, Illinois 60602-4342
                                          Telephone:  (312) 962-3550
                                          Facsimile:  (312) 962-3551

                                          *Counsel to the Debtor*