United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>The Budd Company, Inc.<br><br>Debtor. | Case No. 14 B 11873<br><br>Chapter 11 |

# OPINION MAKING FURTHER REDUCTION IN SIXTH FEE APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP (COUNSEL FOR UAW) (DKT. NO. 1838)

Fees sought by UAW Counsel for the period of December 1, 2015 through March 31, 2016 (*see* Dkt. No. 1838) will be denied, in part, with respect to work categories specified below. A revised order granting UAW Counsel's Sixth Fee Application, reflecting the reductions agreed to with the Fee Examiner and further reductions described herein, is to be filed by UAW Counsel and the Fee Examiner jointly, consistent with this Opinion.

**Disclosure Statement drafts**

Pursuant to the Opinion on Fees pertinent to counsel for the Debtor (*see* Dkt. No. 1846), fees sought by Debtor's counsel for work done in connection with eight useless drafts of the Disclosure Statement and objections of UAW Counsel thereto were reduced for the earlier fee application period. Reasons referenced in that Opinion apply both to UAW Counsel and Debtor's counsel, although the work by UAW Counsel on that subject was not then excessive so fees therefore were not reduced. However, as announced therein, "[f]urther fee applications by Debtor and other parties w[ould] be reviewed similarly as to work on Disclosure Statement drafting." (Opinion on Fees, at 7.)

For reasons set forth therein, all claims for work pertaining to the first eight drafts of the Disclosure Statement are to be reduced in half, and half disallowed, for both Debtor's counsel and UAW Counsel's pending fee application.

**Restricting Motion and unfiled Standing Motion**

The Fee Examiner and UAW Counsel have also identified a further charge for the so-called Restricting Motion (*see* Dkt. No. 1250), as to which by prior Order (Dkt. No. 1848), the early application for that work was entirely denied.[1] UAW Counsel has sought to reargue that issue in its Fee Supplement (Dkt. No. 1922), claiming that initial fees for work on the Restricting Motion were denied because the Court had misunderstood the Restricting Motion to be a derivative standing motion, whereas its Restricting Motion only sought permission to file in the future.

The argument is misplaced. In the Restricting Motion, UAW Counsel represented that it intended to file its Standing Motion within approximately two weeks (*see* ¶ 6). It sought authorization to file the Standing Motion as a restricted document, under seal, claiming that information to be used was subject to a prior confidentiality agreement between parties in the case, and representing that at least some parts of such information could be confidential under 11 U.S.C. § 107(b). (*See* ¶¶ 9-13.) The Restricting Motion acknowledged that at least some portions of its Standing Motion would not fall within the type of information protected by § 107(b), but nonetheless sought authorization to file it under seal, suggesting that parties protected by the confidentiality agreement should thereafter be required to show why its Standing Motion or parts thereof should remain restricted. (*See* ¶ 13.)

---

[1] As noted by the Fee Examiner Report, that Order referenced UAW's Motion at Docket No. 1351, but was meant to apply to the Restricting Motion filed as Docket No. 1250 on December 1, 2015. UAW's Motion filed as Docket No. 1351 on December 31, 2015 was not included in the prior fee application. Corrections to clerical mistakes in that Order were made by separate order.

2

The United States Trustee raised repeated objections to Restricting Orders proposed, arguing that the limited circumstances warranting restrictions on public access to court documents under 11 U.S.C. § 107(b) had not been adequately described or established.[2] (*See* Dec. 4, 2015 Hr'g Tr. 3:12–5:8, *available at* Dkt. No. 1696; Dec. 18, 2015 Hr'g Tr. 28:17–29:14, *available at* Dkt. No. 1698.) *See generally Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567–68 (7th Cir. 2000) (parties' agreement as to confidentiality of information generally not basis for restricting public access to court documents or proceedings).

At successive hearings on the Restricting Motion, parties were informed that authorization to file any document under seal or to redact portions of future filing would be considered only after notice and hearing to determine whether such relief was warranted. (*See, e.g.,* Dec. 4, 2015 Hr'g Tr. 5:9–12; Dec. 9, 2015 Hr'g Tr. 29:5–31:13, *available at* Dkt. No. 1697.) Hearing on whether documents and information covered by the prior confidentiality agreement should be protected under § 107(b) was to be scheduled promptly so as to minimize delay on Debtor's Plan confirmation timeline. (*See* Dec. 9, 2015 Hr'g Tr. 47:22–50:7.)

---

[2] As relevant here, § 107 of the Bankruptcy Code provides as follows:

**(a)** Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
**(b)** On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
  **(1)** protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
  **(2)** protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
(…)

In light of UAW Counsel's representations that it would seek derivative standing to sue on claims that the Debtor was attempting to settle as part of its proposed Plan (*see* Restricting Motion, ¶ 6; *see also* Debtor's Response, Dkt. 1254, at 1), but claimed to be subject to a two-year statute of limitations due to run near the time of Debtor's proposed confirmation hearing (UAW Reply, Dkt. No. 1258, at 2), UAW Counsel was also instructed to deliver the legal analysis supporting its contention that the statute of limitations would soon run. Its counsel was asked to discuss the standards for derivative standing and whether such standards could be met at the time. (*See* Dec. 4, 2015 Hr'g Tr. 8:13–9:19.) Inquiry into the potential merits of the Standing Motion—which UAW Counsel represented needed to be filed promptly—was made to minimize delay imposed on the Debtor's proposed confirmation timeline, looking forward to issues to be dealt with in the future Standing Motion. (*See* Dec. 9, 2015 Hr'g Tr. 48:2–23.) The need to do so was especially compelling in light of Debtor's attempt to settle the claims at issue in the future Standing Motion to fund its proposed Plan, which Debtor sought to confirm before the statute of limitations expired on such claims.

Upon inquiry into the potential merits of the Standing Motion, UAW Counsel failed to show that it could meet the narrow standards for suing in place of the Debtor, and it became clear that it would be unable to do so then or later. (*See* Order on Motion of the UAW for Entry of Restricting Orders, Dkt. No. 1285; *see also* Dec. 9, 2015 Hr'g Tr. 5:25–7:7 *and* Dec. 18, 2015 Hr'g Tr. 10:11–13:13 (describing reasons why the Restricting Motion was denied).) Further hearing or any relief in connection with the Restricting Motion would therefore serve no purpose other than delay and waste of estate resources.

Initial fee application for work done in connection with the Restricting Motion was denied (Dkt. No. 1848), as it was clear that the preliminary Restricting Motion not only was not useful at the time, it was never going to be useful because UAW was never going to be able to show standing to sue. UAW Counsel has never shown ability to meet those standards, since Debtor's counsel represented at all times that they were ready, willing, and able to bring suit on possible claims within the applicable statute of limitations period if so required, and it was attempting to settle those very claims as part of the Plan confirmation process. *See In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990).

In its Supplement, UAW Counsel suggests that inquiry into the merits of the Standing Motion was improper, because the Restricting Motion was limited to authorization to file the Standing Motion in the future. (*See* ¶¶ 6, 9, 10.) It argues that the Restricting Motion—standing alone—was reasonable and necessary at the time. Arguments in this respect, however, are not supported by the record. UAW Counsel sought authorization to file a Standing Motion under seal, but it failed to show that any such motion would have any merit if filed. Further hearing on the Restricting Motion would have served no purpose other than imposing unnecessary delay and expense at a time when such delay and expense would be particularly injurious to Debtor's ability to meet its proposed Plan confirmation timeline.

Therefore, all additional work and fees sought in the current application for work on the Restricting Motion—and for work in connection with the separate draft motion for standing identified by the Fee Examiner—will be entirely disallowed.

## CONCLUSION

For the foregoing reasons, fees sought by UAW Counsel in connection with categories of work described above will not be allowed.

The Fee Examiner is requested to confer with UAW Counsel and, after deducting all reductions previously requested and agreed to, make the further following additional deductions: (1) To reduce all fees sought for work on objections to any draft of the Disclosure Statement except the Ninth Amended Draft[3] by 50%; and (2) to disallow entirely all additional work done on the Restricting Motion.

An order reflecting the new calculation after such reductions will be submitted jointly by UAW Counsel and Fee Examiner.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of July, 2016

JUL 2 2 2016

---

[3] The Ninth Amended draft came after the settlement, and work thereon will be compensated.