## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | **Objection Deadline: October 14, 2016** |

### NOTICE OF FILING OF FIFTH
### INTERIM AND FINAL APPLICATION OF TOWERS
### WATSON FOR COMPENSATION FOR SERVICES RENDERED AS ACTUARY
### TO THE DEBTOR FOR THE PERIOD MARCH 31, 2014 THROUGH JULY 31, 2016

**PLEASE TAKE NOTICE** that on **August 29, 2016,** the *Fifth Interim and Final Application of Towers Watson for Compensation for Services Rendered as Actuary to the Debtor for the Period March 31, 2014 through July 31, 2016* (the "Fee Application") was filed.

**PLEASE TAKE FURTHER NOTICE** that (1) any objection to the Fee Application must be filed and served no later than **October 14, 2016;** and (2) that the Bankruptcy Court has instructed that a hearing on the Fee Application not be set at this time.

**PLEASE TAKE FURTHER NOTICE** that you may obtain copies of the Fee Application and all other documents filed in this chapter 11 case: (1) free of charge by visiting the case website maintained by Epiq Bankruptcy Solutions, LLC at http://dm.epiq11.com/TBC or by calling (877) 559-8630; or (2) by visiting the Court's website at www.ilnb.uscourts.gov.

Dated: August 29, 2016

Respectfully submitted,

**THE BUDD COMPANY, INC.**

By: */s/ Jeff J. Marwil*_____
        One of Its Attorneys

Jeff J. Marwil (IL #6194054)
Jeremy T. Stillings (IL #6279868)
Proskauer Rose LLP
70 W. Madison St.
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | **Objection Deadline: October 14, 2016** |

**COVER SHEET TO FIFTH**
**INTERIM AND FINAL APPLICATION OF TOWERS**
**WATSON FOR COMPENSATION FOR SERVICES RENDERED AS ACTUARY**
**TO THE DEBTOR FOR THE PERIOD MARCH 31, 2014 THROUGH JULY 31, 2016**

Name of Applicant:                                    Towers Watson Delaware, Inc. ("Towers Watson")

Authorized to Provide
Professional Services to:                          The Budd Company, Inc., Debtor and Debtor-In-
                                                                  Possession

Date of Retention:                                   Order entered October 22, 2014 [Docket No. 609]
                                                                  *Nunc Pro Tunc* to March 31, 2014 (the "Petition Date")

Period for which compensation
and reimbursement is sought:                 April 1, 2016 through July 31, 2016 (the "Fifth
                                                                  Compensation Period")

                                                                  March 31, 2014 through July 31, 2016 (the "Final
                                                                  Compensation Period")

Amount of compensation sought
as actual, reasonable and necessary
during the Fifth Compensation Period:        **$33,466.05**

Amount of expense reimbursement sought
as actual, reasonable and necessary
during the Fifth Compensation Period:        **$1,912.53**

Amount of compensation sought
as actual, reasonable and necessary
during the Final Compensation Period:        $**531,237.27**

Amount of expense reimbursement sought
as actual, reasonable and necessary
during the Final Compensation Period:        **$8,740.57**

This is a: __ monthly  X  interim  X  final application.

This is Towers Watson's fifth interim and final fee application in this case.

**SUMMARY OF FEES REQUESTED**
**DURING FIFTH COMPENSATION PERIOD**

| Name | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Anthony James Buonato | Senior Consultant | $553.50 | 2.0 | $1,107.00 |
| Daniel Ryan Callahan | Analyst | $409.50 | 5.2 | $2,129.40 |
| Jonathan Joseph Casey | Analyst | $333.00 | 4.0 | $1,332.00 |
| Joseph A Grondin | Senior Actuarial Consultant | $553.50 | 21.9 | $12,121.65 |
| Lauren D. Pellerito | Actuarial Consultant | $472.50 | 15.8 | $7,465.50 |
| Mathieu J. Lussier | Senior Actuarial Consultant | $634.50 | 7.0 | $4,441.50 |
| Steve A. Mastellotto | Consultant | $522.00 | 2.5 | $1,305.00 |
| Thomas Ches | Actuary | $472.50 | 6.2 | $2,929.50 |
| Trevis Parson | Senior Consultant | $634.50 | 1.0 | $634.50 |
| **TOTAL** | | | **65.6** | **$33,466.05**[1] |

---

[1] To calculate the professional fees owed for each invoice, Towers Watson rounded to the nearest dollar after application of the 10% discount provided under the terms of its engagement.

3

**PROJECT CATEGORY SUMMARY BY TASK CODE**
**DURING FIFTH COMPENSATION PERIOD**

|     | DESCRIPTION | HOURS | AMOUNT |
|-----|-------------|-------|--------|
| A. | Review court order documentation | 6.7 | $3,417.75 |
| B. | Preparation of fees for Fee Examiner | 25.2 | $12,708.90 |
| C. | Breakdown of 9/30/2015 excise tax for Budd E&A and UAW retiree medical plans | 3.5 | $1,721.25 |
| D. | UAW VEBA cash flow for retiree medical benefits | 20.4 | $11,221.65 |
| E. | Review of liabilities for individuals with duplicate coverage | 8.8 | $3,762.00 |
| F. | Litigation | 1.0 | $634.50 |
|     | **TOTAL FOR ALL TASK CODES** | **65.6** | **$33,466.05**[2] |

**SUMMARY OF EXPENSES SOUGHT FOR REIMBURSEMENT**
**DURING FIFTH COMPENSATION PERIOD**

| EXPENSES | AMOUNT |
|----------|--------|
| Travel Expenses | $1,912.53 |
| **TOTAL** | **$1,912.53** |

---

[2] To calculate the professional fees owed for each invoice, Towers Watson rounded to the nearest dollar after application of the 10% discount provided under the terms of its engagement.

## SUMMARY OF FEES REQUESTED
## DURING FINAL COMPENSATION PERIOD

| Name | Title | Hourly Rate[3] | Hours | Fees |
|---|---|---|---|---|
| Matthew Thomas (Matt) Sloan | Senior Actuarial Consultant | $616.50 | 3.0 | $1,849.53 |
| Amy M. Dorff | Senior Actuarial Consultant | $522.00 | 25.8 | $13,235.40 |
| Michael Wayne Ringuette | Senior Actuarial Consultant | $634.50 | 0.5 | $317.25 |
| Joseph A Grondin | Senior Actuarial Consultant | $553.50 | 249.6 | $136,569.79 |
| Mathieu J. Lussier | Senior Actuarial Consultant | $634.50 | 36.6 | $23,021.30 |
| Anthony James Buonato | Senior Consultant | $553.50 | 100.4 | $55,170.01 |
| Elizabeth A. (Liz) Giffels | Senior Consultant | $562.50 | 42.3 | $23,416.88 |
| Sandra C. (Sandy) Santomenno | Senior Consultant | $526.50 | 3.0 | $1,579.50 |
| Steve A. Mastellotto | Senior Consultant | $522.00 | 20.4 | $10,562.14 |
| Trevis Parson | Senior Consultant | $634.50 | 84.0 | $53,014.50 |
| Lauren D. Pellerito | Actuarial Consultant | $472.50 | 90.2 | $41,262.87 |
| William A. Gee | Actuarial Consultant | $463.50 | 35.8 | $16,282.51 |
| Thomas Ches | Actuary | $472.50 | 170.5 | $78,486.15 |
| Bryan Michael Ferrier | Analyst | $234.00 | 0.5 | $117.00 |
| Bryan Ying-Shann Kwiatkowski | Analyst | $238.50 | 3.0 | $716.01 |

---

[3] Towers Watson periodically adjusts its billing rates to reflect economic changes in the market in which it operates.   During the Final Application Period, the hourly rate of several timekeepers was adjusted upward.   These adjustments were not specific to Towers Watson's representation of the Debtor, they applied to all matters on which these timekeepers worked, and each increase was disclosed in a previous Towers Watson interim fee application.   The most current rate at which each timekeeper was billed during the Final Application Period is listed.

| | | | | |
|---|---|---|---|---|
| Nathan Conrad (Nate) Standifer | Analyst | $234.00 | 25.8 | $6,026.00 |
| Ryan Martin Thimm | Analyst | $274.50 | 6.2 | $1,710.31 |
| Daniel Ryan Callahan | Analyst | $409.50 | 75.1 | $30,596.91 |
| Jonathan Joseph Casey | Analyst | $333.00 | 129.3 | $42,302.88 |
| Patricia Ann (Patty) Kluck | Administrative Assistant | $139.50 | .3 | $34.88 |
| **TOTAL** | | | **1,102.1** | **$536,389.15**[4] |
| **LESS REDUCTIONS**[5] | | | | **$5,151.88** |
| **TOTAL FEE AMOUNT** | | | | **$531,237.27** |

---

[4] To calculate the professional fees owed for each invoice, Towers Watson rounded to the nearest dollar after application of the 10% discount provided under the terms of its engagement.

[5] Reductions include voluntary and court-ordered reductions.

6

**PROJECT CATEGORY SUMMARY BY TASK
CODE DURING FINAL COMPENSATION PERIOD**

|  | | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| A. | | Preparation of an exhibit illustrating the Defined Benefit Obligation (DBO) calculation for a sample retiree in the UAW OPEB plan and follow-up questions on individual OPEB liabilities | 2.3 | $1,083.38 |
| B. | | Preparation of Defined Benefit Obligation (DBO) by individual for the E&A SERP pension plan as of September 30, 2013 | 6.3 | $2,822.67 |
| C. | | Preparation of Defined Benefit Obligation (DBO) by individual for the E&A and UAW retiree medical plans as of September 30, 2013 | 19.1 | $9,396.00 |
| D. | | Preparation of census data by individual for the E&A and UAW retiree medical plans as of September 30, 2012 and September 30, 2013 | 5.9 | $2,248.00 |
| E. | | Preparation of plan termination and ongoing liabilities for the E&A and UAW pension plans as of March 31, 2014 | 27.6 | $12,833.70 |
| F. | | Reconciliation of data for the E&A and UAW retiree medical plans as of March 31, 2014 to be used to provide plan termination liabilities | 35.0 | $11,689.00 |
| G. | | Projected cashflow for the E&A and UAW pension plans generated from the September 30, 2013 valuations and Projected cashflow for the E&A and UAW retiree medical plans generated from the September 30, 2013 valuations | 3.9 | $1,413.45 |
| H. | | Census data listings for the E&A pension, SERP and retiree medical plans as of March 31, 2014 and Census data listings for the UAW pension and retiree medical plans as of March 31, 2014 | 10.2 | $4,832.78 |
| I. | | Individual obligations for SERP participants as of March 31, 2014 | 2.9 | $1,483.20 |
| J. | | Individual obligations for E&A and UAW retiree medical plan participants as of March 31, 2014 | 121.4 | $47,236.95 |
| K. | | Summary of claims data used to develop the September 30, 2013 per capita costs and EGWP assumptions for the E&A and UAW retiree medical plans and Summary of claims data used to develop the March 31, 2014 per capita costs and EGWP assumptions for the E&A and UAW retiree medical plans | 4.2 | $1,755.51 |

|  |  | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| L. | | Listing of E&A and UAW pension plan participants potentially impacted by PBGC limits in the event of a March 31, 2014 plan termination | 19.9 | $8,595.48 |
| M. | | Numerous email requests from the E&A committee actuary | 14.7 | $6,591.23 |
| N. | | Response to PBGC request for information on the Budd pension plans | 9.6 | $4,314.39 |
| O. | | Provide 2007 data for E&A and UAW pension plans | 6.8 | $2,685.41 |
| P. | | Asbestos Liability | 7.8 | $4,208.63 |
| Q. | | Contribution Summary | 1.3 | $532.13 |
| R. | | Consulting on retiree medical strategy | 21.3 | $11,244.39 |
| S. | | Expanded billing summary | 23.5 | $10,946.28 |
| T. | | Litigation | 7.0 | $3,882.88 |
| U. | | UAW request from Segal | 1.0 | $463.51 |
| V. | | Project management | 9.5 | $4,934.53 |
| W. | | Preparation of fees for Fee Examiner, preparation of detailed billing summaries, participation of conference calls with Proskauer and the fee examiner and in court hearings regarding fee applications | 86.0 | $44,112.40 |
| X. | | Preparation of December 1, 2014 updated census data listings for the Budd Company UAW retiree medical plan and updated cash flow exhibits for the Budd Company UAW and E&A pension and retiree health care plans | 5.9 | $2,379.15 |
| Y. | | Preparation of claims summary used for the September 30, 2015 measurement of the Budd Company UAW and E&A retiree health care plans | 3.8 | $1,538.10 |
| Z. | | Preparation of cash flows produced for the Budd Company pension and retiree health care plans | 12.8 | $5,905.80 |
| AA. | | Preparation of preliminary retiree financial income analysis report delivered on August 20, 2015 | 36.9 | $17,961.75 |
| BB. | | Provide September 30, 2014 disclosure reports for the Budd Company UAW and E&A pension and retiree health care reports to Proskauer | 0.5 | $272.25 |
| CC. | | Prepare documentation and gain secure network access for individuals added to the Proskauer dedicated team for bankruptcy support | 4.0 | $2,018.00 |
| DD. | | Preparation of revised retiree financial income analysis report delivered on August 24, 2015 | 55.8 | $26,982.00 |
| EE. | | Preparation of count summaries for the Budd Company retiree health care plans as requested by Stuart Wohl | 13.0 | $5,307.30 |

| | **DESCRIPTION** | **HOURS** | **AMOUNT** |
|---|---|---|---|
| FF. | Preparation of revised retiree financial income analysis report delivered on August 31, 2015 | 90.6 | $45,498.85 |
| GG. | Preparation of additional scenarios to supplement the August 31, 2015 retiree financial income analysis report delivered on September 2, 2015 | 17.7 | $9,131.00 |
| HH. | Provide historical OPEB data, reports, cash flows and claims summaries to Proskauer | 0.8 | $411.30 |
| II. | Provide January 1, 2015 E&A retiree health care plan and SERP census data listings to Proskauer | 3.5 | $1,488.00 |
| JJ. | Preparation of additional scenarios to supplement the August 31, 2015 retiree financial income analysis report delivered on September 16, 2015 | 4.5 | $2,571.00 |
| KK. | Comparison of the current Budd Company UAW retiree health care plan to a plan design offered under the UAW VEBA delivered on October 6, 2015 | 26.4 | $11,776.00 |
| LL. | Send raw CF contained in the September 22, 2015 analysis in Excel format to Carl Lane | 2.6 | $1,473.00 |
| MM. | Preparation of final projected excise tax cash flow to be incorporated into September 22, 2015 financial analysis report sent on September 21, 2015 | 11.9 | $6,743.00 |
| NN. | Review analysis of UAW cashflow prepared by Carl Lane and discuss potential revision to August 31, 2015 cash flow | 2.0 | $1,049.00 |
| OO. | Preparation of final retiree financial income analysis report delivered on September 22, 2015 | 3.0 | $1,795.00 |
| PP. | Determination of alternative HRA levels and corresponding cash flow for the Budd Company UAW retirees delivered September 24, 2015 | 5.4 | $2,980.00 |
| QQ. | Split of alternative UAW HRA cash flow sent on September 24, 2015 and follow-up call with Carl Lane to review on September 25, 2015 | 1.5 | $818.00 |
| RR. | Provide analysis on HRA levels that provide a comparable level of benefits as a plan design offered under the UAW VEBA delivered on October 16, 2015 | 15.5 | $8,041.05 |
| SS. | Provide census data listings, cash flows, and preliminary assumption summaries to be used in the September 30, 2015 valuation of the retiree health care plans to Proskauer on October 12, 2015 | 0.5 | $276.75 |
| TT. | Provide the final retiree heath care cash flows and census data summaries used for the Budd Company retiree heath care plans per a UAW request delivered October 21, 2015 | 3.2 | $1,469.70 |

9

| | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| UU. | Participation on a conference call with Proskauer to review items requested by the UAW and follow-up deliverable emails | 2.1 | $1,032.75 |
| VV. | Provide detailed claims and enrollment information used to develop the per capita costs reflected in the September 30, 2015 valuation of the health care plans to Proskauer delivered on October 30, 2015 | 1.2 | $585.90 |
| WW. | Preparation of estimate PBGC distress liabilities for the Budd Company qualified pension plans delivered November 6, 2015 | 19.4 | $8,421.25 |
| XX. | Review the September 30, 2015 Budd Company retiree heath care reports with Proskauer on November 4, 2015 and provide additional documentation via email | 3.3 | $1,721.25 |
| YY. | Provide Carl Lane a copy of the Terms and Conditions between Towers Watson and TKNA for work engagements performed by Towers Watson | 0.5 | $276.75 |
| ZZ. | Resend December 1, 2014 UAW retiree health care census data to Proskauer on November 18, 2015 | 0.5 | $236.25 |
| AAA. | Review and Revise Retiree Exchange Education Deck and Plan Provision Comparison | 24.8 | $13,224.60 |
| BBB. | Breakdown of 9/30/2015 excise tax for Budd E&A and UAW retiree medical plans | 0.7 | $330.75 |
| CCC. | UAW VEBA cash flow for retiree medical benefits | 1.5 | $708.75 |
| DDD. | 1114 Trial | 213.4 | $119,124.00 |
| EEE. | Revised HRA Report - Winner and Loser Analysis | 15.7 | $8,440.65 |
| FFF. | Expand plan design summary per Proskauer's request | 2.1 | $859.95 |
| GGG. | UAW RM DBO split requested by Carl Lane | 9.0 | $3,903.75 |
| HHH. | Review court order documentation | 6.7 | $3,417.75 |
| III. | Breakdown of 9/30/2015 excise tax for Budd E&A and UAW retiree medical plans | 3.5 | $1,721.25 |
| JJJ. | UAW VEBA cash flow for retiree medical benefits | 20.4 | $11,221.65 |
| KKK. | Review of liabilities for individuals with duplicate coverage | 8.8 | $3,762.00 |
| **TOTAL FOR ALL TASK CODES** | | **1,102.1** | **$536,389.15**[6] |
| **LESS REDUCTIONS**[7] | | | **$5,151.88** |

[6] To calculate the professional fees owed for each invoice, Towers Watson rounded to the nearest dollar after application of the 10% discount provided under the terms of its engagement.

[7] Reductions include voluntary and court-ordered reductions.

| | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| **TOTAL FEE AMOUNT** | | | $531,237.27 |

## SUMMARY OF EXPENSES SOUGHT FOR
## REIMBURSEMENT DURING FINAL COMPENSATION PERIOD

| EXPENSE | AMOUNT |
|---|---|
| Technical and Administrative Fee | $10,342.00 |
| Travel Expenses | $9,052.92 |
| **TOTAL REQUESTED** | **$19,394.92** |
| **LESS REDUCTIONS[8]** | **$10,654.35** |
| **TOTAL EXPENSE AMOUNT** | **$8,740.57** |

---

[8] Reductions include voluntary and court-ordered reductions.

## FINAL COMPENSATION PERIOD BY INTERIM FEE APPLICATION

| Summary of Fees and Expenses Paid to Date and the Balance of Fees and Expenses for which Final Allowance and Payment is Requested for the Final Compensation Period | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Application & Date Filed** | **Period Covered** | **Total Fees Earned** | **Total Fees Allowed** | **Expenses Incurred** | **Expenses Allowed** | **Fees Paid** | **Expenses Paid** |
| **First Interim** 1/20/2015 | 3/31/2014 to 11/30/2014 | $147,765.00 | $147,613.12 | $10,342.00 | $0.00 | $147,613.12 | $0.00 |
| **Second Interim** 5/15/2015 | 12/1/2014 to 3/31/2015 | $21,149.00 | $16,149.00 | $0.00 | $0.00 | $16,149.00 | $0.00 |
| **Third Interim** 9/4/2015 | 5/1/2015 to 11/30/2015 | $175,565.00 | $175,565.00 | $0.00 | $0.00 | $175,565.00 | $0.00 |
| **Fourth Interim** 1/29/2016 | 12/1/2015 to 3/31/2016 | $158,444.10 | $158,444.10 | $7,140.39 | $6,828.04 | $158,444.10 | $6,828.04 |
| **Fifth Interim** 8/29/2016 | 4/1/2016 to 7/31/2016 | $33,466.05 | Pending | $1,912.53 | Pending | $0.00 | $0.00 |
| | **Totals** | **$536,389.15** | **$497,771.22** | **$19,394.92** | **$6,828.04** | **$497,771.22** | **$6,828.04** |

13

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | **Objection Deadline: October 14, 2016** |

**FIFTH INTERIM AND FINAL APPLICATION OF TOWERS**
**WATSON FOR COMPENSATION FOR SERVICES RENDERED AS ACTUARY**
**TO THE DEBTOR FOR THE PERIOD MARCH 31, 2014 THROUGH JULY 31, 2016**

Towers Watson Delaware, Inc. ("Towers Watson"), actuary to the debtor and debtor in possession ("Budd," or the "Debtor") in the above-captioned chapter 11 case, pursuant to sections 105, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and *Order Establishing Professional Interim Compensation Procedures* [Docket No. 147] (the "Interim Compensation Order"), hereby submits this fifth interim and final application (the "Application") for allowance of compensation for services rendered for the period from April 1, 2016 through and including July 31, 2016 (the "Fifth Application Period") and from March 31, 2014 through and including July 31, 2016 (the "Final Application Period"), and respectfully requests that the Court enter an order, in substantially the form submitted herewith, awarding Towers Watson compensation of $33,466.05 for professional services rendered and $1,912.53 for reimbursement of expenses incurred during the Fifth Application Period on an interim basis, and of $531,237.27 for professional services rendered and $8,740.57 for reimbursement of expenses incurred during the

Final Application Period on a final basis. In support of the Application, Towers Watson respectfully states as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105, 330, and 331 of the Bankruptcy Code, rule 2016 of the Bankruptcy Rules, and rule 5082-1 of the Local Rules of the Local Rules.

## Relevant Background

### The Debtor's Need for an Actuary and History with Towers Watson

4.      In October of 2012, because of Towers Watson's experience with and knowledge of Budd and its pension and retiree health care plans, Towers Watson executed an engagement letter (the "Engagement Letter") with Proskauer Rose LLP ("Proskauer") to assist and facilitate Proskauer's provision of legal advice to Budd, as actuary.  Proskauer executed this Engagement Letter at the direction of and for the benefit of Budd, and with the agreement of Budd that Budd would either: (a) pay these expenses directly on behalf of Proskauer; or (b) reimburse Proskauer for the costs and expenses of Towers Watson (as an expense of Proskauer under Proskauer's engagement agreement with Budd).

5.      From October 2012 through March 2014, Towers Watson worked with Budd and Proskauer to facilitate Proskauer's review of Budd's pension and retiree health care obligations in connection with: (a) strategies for Budd to satisfy its outstanding pension and retiree health care obligations; (b) the investigation conducted by Budd's Chief Restructuring Officer of

2

potential claims and causes of action between Budd and TKNA; and (c) preparation for a potential chapter 11 case for Budd.

### The Commencement of the Bankruptcy Case

6.      On March 31, 2014 (the "Petition Date"), the Debtor commenced a voluntary case (the "Chapter 11 Case") under chapter 11 of the Bankruptcy Code.  As of the Petition Date, Towers Watson was current under the Engagement Letter.

7.      Towers Watson's retention was approved by the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") pursuant to the Bankruptcy Court's *Order Authorizing the Debtor to Retain Towers Watson, Nunc Pro Tunc to the Petition Date* [Docket No. 609] (the "Retention Order"), entered on October 17, 2014.

### Interim Compensation Procedures

8.      On May 12, 2014, the Court entered the Interim Compensation Order pursuant to which Towers Watson and other professionals retained in this case were authorized to serve upon the parties identified therein (the "Notice Parties") monthly fee statements or invoices (the "Monthly Fee Statements").  The Notice Parties had ten days from the date of service of a Monthly Fee Statement to object to the amounts requested therein.  If no objection was filed prior to expiration of the objection period, the Debtor was authorized to pay the respective professionals eighty percent (80%) of the fees and one hundred percent (100%) of the expenses sought in the Monthly Fee Statement.

9.      In addition to the Monthly Fee Statements, the Interim Compensation Order directed professionals to seek interim allowance and payment of compensation (including the 20% held back from Monthly Fee Statements) and expense reimbursement at four-month intervals (each an "Interim Fee Period") by filing with the Bankruptcy Court and serving on the Notice Parties an application for approval and allowance of all compensation and reimbursement

3

of expenses relating to services rendered and expenses incurred during the preceding Interim Fee Period.

10.     On July 25, 2014, the Court entered that certain *Stipulation and Agreed Order with Respect to Appointment of an Independent Fee Examiner* [Docket No. 346] (appointing Diana G. Adams as fee examiner (the "Fee Examiner").

***Towers Watson's Interim Fee Applications***

11.     On February 23, 2015, the Court entered an order granting Towers Watson's first interim fee application (the "First Interim Application")[1] and awarding Towers Watson fees in the amount of $147,613.12 [Docket No. 788].

12.     On June 12, 2015, the Court entered an order granting Towers Watson's second interim fee application (the "Second Interim Application")[2] and awarding Towers Watson fees in the amount of $16,149.00 [Docket No. 925].

13.     On April 14, 2016, the Court entered an order granting Towers Watson's third interim fee application (the "Third Interim Application")[3] and awarding Towers Watson fees in the amount of $175,565.00 [Docket No. 1751].

14.     On July 25, 2016, the Court entered an amended order granting Towers Watson's fourth interim fee application (the "Fourth Interim Application," collectively, with the First Interim Application, the Second Interim Application, and the Third Interim Application, the

---

[1] Docket Nos. 717 and 756 (Supplement to First Interim Application).

[2] Docket No. 886.

[3] Docket No. 1493.

"Interim Applications")[4] and awarding Towers Watson fees in the amount of $158,444.10 and reimbursement of expenses in the amount of $6,828.04 [Docket No. 195].

15.     Towers Watson did not serve any Monthly Fee Statements during the Fifth Application Period.

***Nature of Services Performed by Towers Watson***

16.     Towers Watson provides valuable services to the Debtor that were critical to Proskauer's ability to represent the Debtor in this Chapter 11 Case, including by responding to inquiries of the Debtor's creditors and providing information, analysis, and consultation necessary to engage in 1114 discussions, prosectue an 1114 trial, and propose, prosecute, and confirm a chapter 11 plan that appropriately addressed the Debtor's legacy liabilities.

17.     During the Fifth Application Period,[5] Towers Watson was instrumental in the Debtor's efforts to negotiate and have the UAW and E&A Retiree Committee finalize the forms of VEBA to be established under the Debtor's Plan for providing replacement healthcare benefits to the Debtor's UAW and executive and administrative ("E&A") retirees.  This required Towers Watson to first develop and propose their own VEBA strategy by considering the cost of healthcare benefits into the future, including mortality rates, increases in healthcare costs, and excise taxes and for inclusion in various of the Debtor's first 8 proposed chapter 11 plans. It also required Towers Watson to create cash flow projections showing for a hypothetical VEBA structure for both healthcare and administrative costs, and review the Debtor's liabilities with respect to individuals with duplicate coverage.  Towers Watson's efforts were essential in the

---

[4] Docket No. 1839.

[5] Towers Watson also requests payment for services rendered and reimbursement of expenses incurred during the period covered by the Fourth Interim Application, which amounts were inadvertently omitted in the Monthly Fee Statemants and the Fourth Interim Application.  For the avoidance of doubt, Towers Watson has not requested payment for, nor been paid for, these fees and expenses at any prior point during the Chapter 11 Case.

executed establishment by the UAW and E&A Retiree Committee of the VEBAs for the benefit

of the UAW Retirees and Committee of Executive and Administrative Retirees, and the success

of the Plan.

18. Recitation of each and every task performed by Towers Watson during the Fifth

Application Period would be burdensome and unnecessary, and a detailed itemization of the

services rendered and the expenses incurred by Towers Watson during the Fifth Application Period

is attached hereto as **Exhibit A**. Hence, the following summaries highlight the major areas to

which Towers Watson has devoted time and attention during the Fifth Application Period:[6]

**A. REVIEW COURT ORDER DOCUMENTION (TOTAL HOURS: 6.7; TOTAL FEES: $3,417.75):**

19. During the Fifth Application Period, Towers Watson expended 6.7 hours having a

value of $3,417.75 at a blended hourly rate of approximately $510 in connection with this

category. Towers Watson professionals spent time during the Fifth Application Period: (a)

reviewing court orders and related documents to enable assist and facilitate Proskauer's

provision of legal services to Budd, and (b) advising Proskauer with respect to the same.

20. The following chart summarizes the total amount of time entered by each Towers

Watson timekeeper for services rendered in this billing category during the Fifth Application

Period, as well as the corresponding dollar value of those services:

| Name | Title | Hourly Rate | Hours | Fees |
|------|-------|-------------|-------|------|
| Joseph A Grondin | Senior Actuarial Consultant | $553.50 | 2.5 | $1,383.75 |
| Thomas Ches | Actuary | $472.50 | 3.2 | $1,512.00 |

---

[6] In addition, rectitation of tasks performed during the prior interim compensation periods are described in the Interim Applications and documents submitted therewith and are hereby incorporated by reference.

| Steve A Mastellotto | Consultant | $522.00 | 1.0 | $522.00 |
|---|---|---|---|---|
| **TOTAL** | | | **6.7** | **$3,417.75** |

## B. PREPARATION OF FEES FOR FEE EXAMINER (TOTAL HOURS: 25.2; TOTAL FEES: $12,708.90):

21.     During the Fifth Application Period, Towers Watson expended 25.2 hours having a value of $12,708.90 at a blended hourly rate of approximately $504 in connection with preparing a summary of time entries to support the Application.  The following chart summarizes the total amount of time entered by each Towers Watson timekeeper for services rendered in this billing category during the Fifth Application Period, as well as the corresponding dollar value of those services:

| Name | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Joseph A. Grondin | Senior Actuarial Consultant | $553.5 | 9.9 | $5,479.65 |
| Lauren D. Pellerito | Actuarial Consultant | $472.5 | 15.3 | $7,229.25 |
| **TOTAL** | | | **25.2** | **$12,708.90** |

## C. BREAKDOWN OF 9/30/2015 EXCISE TAX FOR BUDD E&A AND UAW RETIREE MEDICAL PLANS (TOTAL HOURS: 3.5; TOTAL FEES: $1,721.25):

22.     During the Fifth Application Period, Towers Watson expended 3.5 hours having a value of $1,721.25 at a blended hourly rate of approximately $492 in connection with preparing updated cash flow projections for the Debtor's retiree medical and pension plans.  The following chart summarizes the total amount of time entered by each Towers Watson timekeeper for services rendered in this billing category during the Fifth Application Period, as well as the corresponding dollar value of those services:

| Name | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|

| Name | Title | Hourly Rate | Hours | Fees |
|------|-------|-------------|-------|------|
| Daniel Ryan (Dan) Callahan | Analyst | $409.50 | 1.5 | $614.25 |
| Joseph A. Grondin | Senior Actuarial Consultant | $553.50 | 2.0 | $1,107.00 |
| **TOTAL** | | | **3.5** | **$1,721.25** |

**D. UAW VEBA CASH FLOW FOR RETIREE MEDICAL BENEFITS (TOTAL HOURS: 20.4; TOTAL FEES: $11,221.65):**

23.     During the Fifth Application Period, Towers Watson expended 20.4 hours having a value of $11,221.65 at a blended hourly rate of approximately $550 in connection with providing an analysis of potential replacement retiree healthcare benefit plans, the projected cash needed to fund such benefits.  The following chart summarizes the total amount of time entered by each Towers Watson timekeeper for services rendered in this billing category during the Fifth Application Period, as well as the corresponding dollar value of those services:

| Name | Title | Hourly Rate | Hours | Fees |
|------|-------|-------------|-------|------|
| Anthony James Buonato | Senior Consultant | $553.50 | 2.0 | $1,107.00 |
| Daniel Ryan Callahan | Analyst | $409.50 | 3.7 | $1,515.15 |
| Joseph A. Grondin | Senior Actuarial Consultant | $553.50 | 5.5 | $3,044.25 |
| Mathieu J Lussier | Senior Actuarial Consultant | $634.50 | 7.0 | $4,441.50 |
| Steve A. Mastellotto | Consultant | $522.00 | 1.5 | $783.00 |
| Thomas Ches | Actuary | $472.50 | 0.7 | $330.75 |
| **TOTAL** | | | **20.4** | **$11,221.65** |

**E. REVIEW OF LIABILITIES FOR INDIVIDUALS WITH DUPLICATE COVERAGE (TOTAL HOURS: 8.8; TOTAL FEES: $3,762.00):**

24.     During the Fifth Application Period, Towers Watson expended 8.8 hours having a value of $3,762.00 at a blended hourly rate of approximately $427 in connection reviewing the Debtor's liabilities with respect to individuals with potentially duplicate coverage.  The

8

following chart summarizes the total amount of time entered by each Towers Watson timekeeper for services rendered in this billing category during the Fifth Application Period, as well as the corresponding dollar value of those services:

| Name | Title | Hourly Rate | Hours | Fees |
|------|-------|-------------|-------|------|
| Jonathan Joseph Casey | Analyst | $333.00 | 4.0 | $1,332.00 |
| Joseph A. Grondin | Senior Actuarial Consultant | $553.50 | 2.0 | $1,107.00 |
| Lauren D. Pellerito | Actuarial Consultant | $472.5 | 0.5 | $236.25 |
| Thomas Ches | Actuary | $472.50 | 2.3 | $1,086.75 |
| TOTAL | | | 8.8 | $3,762.00 |

### F.  LITIGATION (TOTAL HOURS: 1.0; TOTAL FEES: $634.50):

25.     During the Fifth Application Period, Towers Watson expended 1.0 hours having a value of $634.50 at a blended hourly rate of $634.50 in connection with assisting with the deposition of Trevis Parson for the § 1114 trial.   The following chart summarizes the total amount of time entered by each Towers Watson timekeeper for services rendered in this billing category during the Fifth Application Period, as well as the corresponding dollar value of those services:

| Name | Title | Hourly Rate | Hours | Fees |
|------|-------|-------------|-------|------|
| Trevis Parson | Senior Consultant | $634.50 | 1.0 | $634.50 |
| TOTAL | | | 1.0 | $634.50 |

26.     During the Fifth Application Period, Towes Watson incurred actual, necessary travel expenses of $1,912.53 in connection with Towers Watson's participation in the Debtor's litigation, including expenses related to flights, hotel accomodations, and meals.

9

27.     During the Fifth Application Period, Towers Watson has devoted approximately 65.6 hours to representing the Debtor with respect to categories "A" through "F" above, and, in so doing, has provided the Debtor's estate with valuable and necessary actuarial services worth a total of $33,466.05.

***Additional Disclosures to Aid Fee Examiner***

28.     On August 12, 2016, the Fee Examiner requested additional information from all parties to be disclosed in their respective Applications.  In response thereto, Towers Watson respectfully represents as follows:

a.     Since the commencement of the Chapter 11 Case, Towers Watson has increased its rates once to account for, among other things, increased professional experience, skill, and natural market forces.[7]

b.     Towers Watson estimates that if it had never altered its rates during the Chapter 11 Case, professional services rendered would have resulted in Towers Watson seeking approval during the Final Application Period of an amount 1.8% less than that requested herein, or a total reduction of $9,848.01.  This calculation, however, does not reflect the causes of rate increases mentioned above, including increased professional experience and skill of Towers Watson's professionals that contributed, over multiple years, to the success of the Debtor's Plan.  Therefore,

---

[7] The rate of most individuals was increased during the period between the Second Interim Application and Third Interim Application while the rate of a single individual was increased during the period between the Third Interim Application and Fourth Interim Application.  For the avoidance of doubt, the rate of any single person was only increased once during the Chapter 11 Case, and all increases were disclosed in the previous Interim Applications.

Towers Watson submits that its rates are fully supported by the *Johnson* factors[8] and "lodestar" method.[9]

c.     The Debtor has reviewed, approved, and agreed to Towers Watson's rate increases.

## **Request for Interim Amounts and Final Allowance of Interim Amounts**

29.    By this Application, Towers Watson seeks (a) interim allowance of $35,378.58. for services rendered and expenses incurred during the Fifth Application Period, and (b) final allowance of $539,977.84 for services rendered and expenses incurred during the Final Application Period, which includes amounts previously awarded to Towers Watson on an interim basis for services provided to the Debtor during the Bankruptcy Case and the amount sought during the Fifth Application Period.

30.    All services rendered and expenses incurred for which Towers Watson seeks interim or final allowance were performed or incurred for or on behalf of the Debtor.

31.    The services and expenses described in this Application and in the Interim Applications were actual, necessary services and expenses and the compensation requested for those services and expenses is reasonable, as was demonstrated by the allowance of payment in full for such amounts on an interim basis.

---

[8] The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions presented, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

[9] *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3d Cir. 1994).

32.     No agreement exists between Towers Watson and any third person for the sharing of compensation received by Towers Watson in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules with respect to the sharing of compensation among members of Towers Watson.

33.     A detailed itemization of the services rendered and the expenses incurred by Towers Watson during the Fifth Application Period is attached hereto as **Exhibit A**.

### Notice

34.     In accordance with the Interim Compensation Order, notice of this Application has been given to: (a) The Office of the United States Trustee for the Northern District of Illinois; (b) the members of and counsel to the Committee of Executive and Administrative Retirees; (c) counsel to the UAW, in its capacity as authorized representative of certain retiree creditors under section 1114 of the Bankruptcy Code; (d) counsel to the Asbestos Committee; (e) the Fee Examiner; and (f) the other parties listed on the 2002 List. Towers Watson submits that good and sufficient notice of this Application has been provided and no other or further notice need be provided.

WHEREFORE, Towers Watson respectfully requests that the Court enter an order, substantially in the form submitted herewith: (a) granting this Application; (b) approving interim compensation in favor of Proskauer in the amount of $33,466.05 for actual, necessary and reasonable professional services rendered on behalf of the Debtor from April 1, 2016 through and including July 31, 2016; (c) approving interim reimbursement of expenses in favor of Towers Watson in the amount of $1,912.53 for actual, necessary and reasonable expenses incurred on behalf of the Debtor from April 1, 2016 through and including July 31, 2016; (d) approving final compensation in favor of Towers Watson in the amount of $531,237.27 for

12

actual, necessary and reasonable professional services rendered on behalf of the Debtor from March 31, 2014 through and including July 31, 2016; (e) approving final reimbursement of expenses in favor of Towers Watson in the amount of $8,740.57 for actual, necessary and reasonable expenses incurred on behalf of the Debtor from March 31, 2014 through and including July 31, 2016; (g) granting such other and further relief as the Court deems just.

[*Remainder of Page Intentionally Left Blank*]

Dated: August 29, 2016

Respectfully submitted,

**TOWERS WATSON DELAWARE, INC.**

By: _____

Joseph Grondin
Senior Consulting Actuary

*Actuary for The Budd Company, Inc.*

14