**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | **Objection Deadline: October 14, 2016** |

**NOTICE OF FILING OF FINAL APPLICATION OF ANALYSIS
RESEARCH PLANNING CORPORATION FOR COMPENSATION
FOR SERVICES RENDERED AS ASBESTOS LIABILITIES ADVISOR TO
THE DEBTOR FOR THE PERIOD DECEMBER 15, 2014 THROUGH JULY 31, 2016**

**PLEASE TAKE NOTICE** that on **August 29, 2016,** the *Final Application of Analysis Research Planning Corporation for Compensation for Services Rendered as Asbestos Liabilities Advisor to the Debtor for the Period December 15, 2014 through July 31, 2016* (the "Fee Application") was filed.

**PLEASE TAKE FURTHER NOTICE** that (1) any objection to the Fee Application must be filed and served no later than **October 14, 2016;** and (2) that the Bankruptcy Court has instructed that a hearing on the Fee Application not be set at this time.

**PLEASE TAKE FURTHER NOTICE** that you may obtain copies of the Fee Application and all other documents filed in this chapter 11 case: (1) free of charge by visiting the case website maintained by Epiq Bankruptcy Solutions, LLC at http://dm.epiq11.com/TBC or by calling (877) 559-8630; or (2) by visiting the Court's website at www.ilnb.uscourts.gov.

Dated: August 29, 2016                    Respectfully submitted,

                                                **THE BUDD COMPANY, INC.**

                                                By: */s/ Jeff J. Marwil*_____
                                                    One of Its Attorneys

                                                Jeff J. Marwil (IL #6194054)
                                                Jeremy T. Stillings (IL #6279868)
                                                Proskauer Rose LLP
                                                70 W. Madison St.
                                                Chicago, Illinois 60602-4342
                                                Telephone: (312) 962-3550
                                                Facsimile: (312) 962-3551

                                                *Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | **Objection Deadline: October 14, 2016[1]** |

**COVER SHEET TO FINAL APPLICATION OF ANALYSIS
RESEARCH PLANNING CORPORATION FOR COMPENSATION
FOR SERVICES RENDERED AS ASBESTOS LIABILITIES ADVISOR TO
THE DEBTOR FOR THE PERIOD DECEMBER 15, 2014 THROUGH JULY 31, 2016**

Name of Applicant:                Analysis Research Planning Corporation ("ARPC")

Authorized to Provide
Professional Services to:         The Budd Company, Inc., Debtor and Debtor-In-Possession

Date of Retention:                Order entered January 21, 2015 [Docket No. 727] *Nunc Pro Tunc* to December 15, 2014

Period for which compensation
and reimbursement is sought:      December 15, 2014 through July 31, 2016 (the "Final Application Period")

Amount of compensation sought
as actual, reasonable and necessary
during the Final Application Period:    $462,460.00

Amount of expense reimbursement sought
as actual, reasonable and necessary
during the Final Application Period:    $0.00

This is a: __ monthly __ interim  X  final application.

This is ARPC's final fee application in this case.

---

[1] The Court has instructed that a hearing on this Fee Application not be set at this time.

| Application & Date Filed | Period Covered | Total Fees Incurred | Total Fees Allowed | Expenses Requested | Expenses Allowed | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|---|---|
| **Summary of Fees and Expenses Paid to Date and the Balance of Fees and Expenses for which Final Allowance and Payment is Requested for the Final Application Period** ||||||||
| **First Interim** | 12/15/2014 to 3/31/2015 | $178,576.50 | $178,576.50 | $0.00 | $0.00 | $178,576.50 | $0.00 |
| **Second Interim** | 4/1/2015 to 7/31/2015 | $112,724.50 | $112,724.50 | $0.00 | $0.00 | $112,724.50 | $0.00 |
| **Third Interim** | 8/1/2015 to 11/30/2015 | $117,605.00 | $117,605.00 | $0.00 | $0.00 | $117,605.00 | $0.00 |
| **Fourth Interim** | 12/1/2015 to 3/31/2016 | $53,554.00 | $53,554.00 | $0.00 | $0.00 | $53,554.00 | $0.00 |
| | Totals | **$462,460.00** | **$462,460.00** | **$0.00** | **$0.00** | **$462,460.00** | **$0.00** |

| **Summary of Value of Hours Billed by Task for Total Compensation Period** | | |
|---|---|---|
| TASK | HOURS | AMOUNT |
| Claims Analysis: | | |
| (a) Historical Data Analysis | 134.4 | $64,942.00 |
| Claims Forecast: | | |
| (a) Data Analysis – Model Building | 966.8 | $322,993.50 |
| (b) Cashflow Analysis | 5.2 | $1,949.00 |
| (c) Reporting | 84.4 | $52,460.50 |
| (d) Compile Database | 25.2 | $16,380.00 |
| Prepare/Attend Meetings/Calls | 9.3 | $3,735.00 |
| **TOTAL FOR ALL TASKS** | 1,225.3 | $462,460.00 |

| Summary of ARPC Timekeepers Included in the Total Compensation Period | | |
|---|---|---|
| **NAME OF PROFESSIONAL** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
| Bartlett, Joshua | 60.6 | $6,060.00 |
| Drucker, Adam | 3.2 | $880.00 |
| Elder, Seth | 68.1 | $6,810.00 |
| Fuji, Tomu | 39.1 | $10,752.50 |
| Galunic, Nicolas | 99.8 | $42,914.00 |
| Graven, Atticus | 51.8 | $5,180.00 |
| Kahane, Becky | 51.5 | $5,150.00 |
| Kahn, Karl | 50.7 | $14,449.50 |
| Lee, Katie | 62.2 | $6,220.00 |
| Macskasi, Zsolt | 15.0 | $5,625.00 |
| McDanal, Angela | 1.2 | $336.00 |
| Molnar, Andreas | 3.2 | $1,030.00 |
| Oh, Andrew | 11.6 | $4,060.00 |
| Rosen, Adam | 37.7 | $3,770.00 |
| Sailor, Rae | 5.8 | $580.00 |
| Schwartz, Brian | 242.3 | $77,536.00 |
| Vasquez, Tom | 412.7 | $268,255.00 |
| Wingo, Gary | 2.7 | $1,174.50 |
| Young, Michael | 6.1 | $1,677.50 |
| **Totals for ARPC Timekeepers** | 1,225.3 | $462,460.00 |

4

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | **Objection Deadline: October 14, 2016[1]** |

**FINAL APPLICATION OF ANALYSIS
RESEARCH PLANNING CORPORATION FOR COMPENSATION
FOR SERVICES RENDERED AS ASBESTOS LIABILITIES ADVISOR TO
THE DEBTOR FOR THE PERIOD DECEMBER 15, 2014 THROUGH JULY 31, 2016**

Analysis Research Planning Corporation ("ARPC"), asbestos liabilities advisor to the debtor and debtor in possession ("Budd," or the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), pursuant to sections 105, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the *Order Establishing Professional Interim Compensation Procedures* [Docket No. 147] (the "Interim Compensation Order"), submits this final application (the "Application") for final allowance of compensation for services rendered for the period from December 15, 2014 through and including July 31, 2016 (the "Final Application Period"), and respectfully requests that the Court enter an order, in substantially the form submitted herewith, awarding ARPC compensation of $462,460.00 for professional services rendered during the Final Application

---

[1] The Court has instructed that a hearing on this Fee Application not be set at this time.

Period, on a final basis.² ARPC rendered all of its services to the Debtor in previous interim compensation periods and, in accordance with the Interim Compensation Order, has received payment of all amounts previously allowed on an interim basis by this Court. By this Application, ARPC seeks allowance on a final basis of all amounts previously allowed on an interim basis and paid to ARPC, and seeks no further payment from the Debtor. In support of the Application, ARPC respectfully states as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 330, and 331 of the Bankruptcy Code, rule 2016 of the Bankruptcy Rules, and rule 5082-1 of the Local Rules.

### Relevant Background

*Commencement of the Case and The Debtor's Asbestos Liabilities*

4. On March 31, 2014 (the "Petition Date"), the Debtor commenced a voluntary case (the "Chapter 11 Case") under chapter 11 of the Bankruptcy Code.

5. On the Petition Date, the Debtor estimated its liabilities related to asbestos exposure to be approximately $23 million, and informed the Court that it had Asbestos Insurance Policies that would cover a substantial amount of these claims. *See Declaration of Brian Bastien, President and Chief Executive Officer for the Debtor, In Support Of First Day*

---

² ARPC did not render services during the period from April 1, 2016 through and including July 31, 2016. Pursuant to the Interim Compensation Order, ARPC only requests that amounts previously paid pursuant to the Interim Orders be approved on a final basis.

2

*Pleadings* (the "First Day Declaration") at paras. 5, 31 and 38.

*Interim Compensation Procedures*

6. On May 12, 2014, the Court entered the Interim Compensation Order, pursuant to which, among other things: (a) ARPC and other professionals retained in the Bankruptcy Case were authorized to serve upon the parties identified therein (the "Notice Parties") monthly fee statements or invoices (the "Monthly Fee Statements"); (b) the Notice Parties were given ten days from the date of service to object to a Monthly Fee Statement; and (c) if no objection was filed prior to expiration of the objection period, the Debtor was authorized to pay the respective professionals eighty percent (80%) of the fees and one hundred percent (100%) of the expenses sought in the Monthly Fee Statement.

7. In addition to the Monthly Fee Statements, the Interim Compensation Order authorized professionals to seek interim allowance and payment of compensation (including the 20% held back from Monthly Fee Statements) and expense reimbursement at four-month intervals (each an "Interim Fee Period") by filing with the Bankruptcy Court and serving on the Notice Parties an application for interim approval and allowance of all compensation and reimbursement of expenses relating to services rendered and expenses incurred during the preceding Interim Fee Period.

8. On July 25, 2014, the Court entered that certain *Stipulation and Agreed Order with Respect to Appointment of an Independent Fee Examiner* [Docket No. 346], appointing Diana G. Adams as fee examiner (the "Fee Examiner").

*Formation Asbestos Committee and Debtor's Retention of ARPC*

9. On July 8, 2014, the Court ordered the United States Trustee (the "UST") to appoint a Committee of Asbestos Personal Injury Claimants (the "Asbestos Committee").

3

10. On January 21, 2015, the Court entered an order authorizing the retention of ARPC as the Debtor's asbestos liabilities advisor, *nunc pro tunc* to December 15, 2014 [Docket No. 727] (the "Retention Order").

11. The Debtor retained ARPC to, among other things, aid it in analyzing its historical, current, and/or future asbestos liabilities and to determine and/or negotiate appropriate treatment for the Debtor's asbestos related liabilities.

*ARPC's Interim Fee Applications*

12. On July 1, 2015, the Court entered an order (the "First Interim Order") [Docket No. 939] granting ARPC's first interim fee application (the "First Interim Application") [Docket No. 887] and awarding ARPC fees in the amount of $178,576.50.

13. On November 5, 2015, the Court entered an order (the "Second Interim Order") [Docket No. 1198] granting ARPC's second interim fee application (the "Second Interim Application") [Docket Nos. 1066]³ and awarding ARPC fees in the amount of $112,724.50.

14. On April 14, 2016, the Court entered an order (the "Third Interim Order") [Docket No. 1752] granting ARPC's third interim fee application (the "Third Interim Application") [Docket No. 1467] and awarding ARPC fees in the amount of $117,605.00.

15. On July 22, 2016, the Court entered an order (collectively, with the First Interim Order, the Second Interim Order, and the Third Interim Order, the "Interim Orders") [Docket No. 1940] granting ARPC's fourth interim fee application (collectively, with the First Interim Application, the Second Interim Application, and the Third Interim Application, the "Interim Applications") [Docket No. 1831] and awarding ARPC fees in the amount of $53,554.00.

---

³ ARPC also filed a supplement to its Second Interim Application [Docket No. 1148].

16. Each of the Interim Applications described in sufficient detail the services rendered by ARPC during the relevant Interim Fee Period.

*Nature of Services Performed by ARPC During the Bankruptcy Case*

17. ARPC spent substantial time during the Final Application Period analyzing the probability and magnitude of potential Asbestos Claims against the Debtor. The work performed by ARPC provided the Debtor and its prorfessionals with information critical for the Debtor's negotiations with the Asbestos Committee and the insurance companies (collectively, the "Insurers") who underwrote or otherwise currently are resposible for the Asbestos Insurance Policies that provide hundreds of millions of dollars of coverage for the Debtor's asbestos liabilities.

18. As a result of ARPC's efforts, the Debtor was able to negotiate treatment under its now-confirmed chatper 11 plan [Docket No. ] (the "Plan")[4] of all existing and future Asbestos Claims. As set forth in the Plan and related Plan Documents[5], among other things: (a) existing Asbestos Claims pass through the chapter 11 case for determination by a court of competent jurisdiction; (b) all of the Asbestos Insurance Policies specifically are preserved; (c) the Debtor and various of the Insurers executed and are party to an Amended Asbestos Cost Sharing Agreement that governs future interactions with certain Insurers, (d) the Debtor established and funded Asbestos Funds in the amount of $9.5 million, (e) the Debtor appointed an Asbestos Funds Administrator, and (f) the Debtor provided for an Asbestos Springing Trust which, together with the Asbestos Insurance Policies and the Amended Asbestos Cost Sharing Agreement, will provide treatment and coverage for all Asbestos Claims that may be allowed

---

[4] Each capitalized term used but not defined herein shall have the meaning given to it by the Plan.

[5] In the event of any discrepancy between the Plan Documents and the description of any Plan Documents in this Application, the Plan Documents shall control.

5

against the Debtor in the future. Specifically, the Plan provides that the Asbestos Springing Trust that will take assignment of the Asbestos Insurance Policies and the Amended Asbestos Cost Sharing Agreement and take control of the Asbestos Funds, all upon the dissolution of the Debtor. In this way the Debtor has provided assurance that holders of Asbestos Claims that manifest in the future will be able to bring suit and, if that suit is successful, receive a recovery on account of their Asbestos Claims, as and when they manifest and become allowed. ARPC was critical to this entire process.

*Additional Disclosures to Aid Fee Examiner*

19. On August 12, 2016, the Fee Examiner requested all parties to include additional information in their final fee applications. Pursuant to her request, ARPC states as follows:

   a. The Application does not contain rates higher than those disclosed and approved in ARPC's retention application or any supplemental application for retention.
   b. ARPC has not increased its rates for any timekeeper since the Petition Date.

**Request for Final Allowance of Interim Amounts**

20. By this Application, ARPC seeks final allowance of the $462,460 previously awarded to ARPC on an interim basis for services provided to the Debtor during the Bankruptcy Case.

21. Further recitation of each and every task performed by ARPC during the Final Application Period would be burdensome and unnecessary, as the tasks that ARPC performed during previous Interim Compensation Periods are described in the Interim Applications and documents submitted therewith, which are hereby incorporated by reference.

22. All services rendered for which ARPC seeks final allowance were performed or incurred for or on behalf of the Debtor.

23. The services described in this Application and in the Interim Applications were actual, necessary services and the compensation requested for those services is reasonable, as was demonstrated by the allowance of payment in full for such amounts on an interim basis.

24. No agreement exists between ARPC and any third person for the sharing of compensation received by ARPC in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules with respect to the sharing of compensation among members of ARPC.

## Notice

25. In accordance with the Interim Compensation Order, notice of this Application has been given to: (a) The Office of the United States Trustee for the Northern District of Illinois; (b) the members of and counsel to the E&A Retiree Committee; (c) counsel to the UAW; (d) counsel to the Asbestos Committee; (e) the Fee Examiner; (f) the United States Attorney for the Northern District of Illinois; (g) the Internal Revenue Service; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtor may have environmental liabilities; (i) the Notice Parties (as defined in the Interim Compensation Order); and (j) the parties listed on the 2002 List. ARPC submits that good and sufficient notice of this Application has been provided and no other or further notice need be provided.

WHEREFORE, ARPC respectfully requests that the Court enter an order, substantially in the form submitted herewith: (a) granting this Application; (b) approving compensation in favor of ARPC in the amount of $462,460.00 for actual, necessary and reasonable professional services rendered on behalf of the Debtor from December 15, 2014 through and including July 31, 2016, on a final basis; and (c) granting such other and further relief as the Court deems just.

7

Dated: August 29, 2016	Respectfully submitted,

                                        **ANALYSIS RESEARCH PLANNING CORPORATION**

                                        By: /s/ Thomas Vasquez
                                             Thomas Vasquez
                                             Vice-President

                                        *Asbestos Liabilities Advisors for The Budd Company, Inc.*

8