HEARING DATE: October 21, 2016 at 1:30 p.m. (Central Time)
OBJECTION DEADLINE: October 14, 2016 at 4:00 p.m. (Central Time)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 (JBS) |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |

**NOTICE OF HEARING ON SIXTH INTERIM FEE APPLICATION
OF FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
COUNSEL TO THE COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS FOR THE PERIOD FROM APRIL 1, 2016 THROUGH
AUGUST 1, 2016 AND FOR FINAL ALLOWANCE FOR THE
<u>PERIOD FROM JULY 30, 2014 THROUGH AUGUST 1, 2016</u>**

**PLEASE TAKE NOTICE** that on **October 21, 2016, at 1:30 p.m. (Central Time)**, or as soon thereafter as counsel may be heard, a hearing on the **Sixth Interim Fee Application of FrankGecker LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Committee of Asbestos Personal Injury Claimants (the "Asbestos Committee") for the Period from April 1, 2016 Through August 1, 2016 (the "Application") and for Final Allowance for the Period from July 30, 2014 Through August 1, 2016** will be held before the Honorable Jack B. Schmetterer, United States Bankruptcy Judge, in Room 682 of the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), 219 South Dearborn Street, Chicago, Illinois 60604, or whoever may be sitting in his place and stead.

**PLEASE TAKE FURTHER NOTICE** that objections (the "Objections") to the Application must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and

{BUDDCO/001/00041363.DOC/8}

the Local Bankruptcy Rules for the Northern District of Illinois, and must be filed on or before

**October 14, 2016 at 4:00 p.m. (Central Time)** and served upon the undersigned counsel to the

Asbestos Committee and the Office of the United States Trustee for the Northern District of

Illinois, 219 South Dearborn Street, Suite 873, Chicago, Illinois 60604, Attn:  Patrick S. Layng,

United States Trustee.

      **PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in this case

are available free of charge by visiting the case website maintained by Epiq Bankruptcy

Solutions, LLC, notice and claims agent for this chapter 11 case, at http://dm.epiq11.com/Budd,

or by calling (646) 282-2400.  You may also obtain a copy of any pleading by visiting the

Bankruptcy Court's website at http://www.ilnb.uscourts.gov in accordance with the procedures

and subject to the fees applicable thereto.

Dated:  August 29, 2016

Respectfully submitted,

COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS

By:    */s/ Joseph D. Frank*
        One of its attorneys

Joseph D. Frank (IL Bar No. 6216085)
Reed Heiligman (IL Bar No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:  (312) 276-1400
Facsimile:  (312) 276-0035
jfrank@fgllp.com
rheiligman@fgllp.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES FILED UNDER 11 U.S.C. § 330 FOR THE SIXTH INTERIM FEE**
**APPLICATION OF FRANKGECKER LLP FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT**
**OF EXPENSES INCURRED AS COUNSEL TO THE COMMITTEE OF**
**ASBESTOS PERSONAL INJURY CLAIMANTS FOR THE PERIOD FROM**
**APRIL 1, 2016 THROUGH AUGUST 1, 2016 AND FOR FINAL ALLOWANCE FOR**
**THE PEROD FROM JULY 30, 2014 THROUGH AUGUST 1, 2016**

| | |
|---|---|
| Name of Applicant | FrankGecker LLP |
| Name of Client | The Budd Company, Inc. |
| Time Period covered by this Application | April 1, 2016 through August 1, 2016 |
| Total Compensation Incurred this Period | $224,448.00 |
| Voluntary Fee Reductions | $3,057.00[1] |
| Total Compensation Sought this Period after Voluntary Reductions | $221,391.00 |
| Total Expenses Sought this Period | $7,704.00 |
| Authorized to Provide Services to | The Committee of Asbestos Personal Injury Claimants |
| Petition Date | March 31, 2014 |
| Retention Date | July 30, 2014 |
| Date of order approving employment | August 22, 2014 |
| Total compensation approved by interim order | $1,105,667.50 |

---

[1] FrankGecker voluntarily reduced its fees by $1,201.00 on its monthly fee statements during the Sixth Interim Fee Period, and by an additional $1,856.00 at the time of submission of this Sixth Interim Fee Application.

| | |
|---|---|
| to date | |
| Total expenses approved by interim order to date | $16,005.93 |
| Total allowed compensation paid to date | $1,105,667.50 |
| Total allowed expenses paid to date | $16,005.93 |
| Blended rate in this application for all attorneys | $541.67 |
| Blended rate in this application for all timekeepers | $392.86 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $178,636.40 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $7,704.00 |
| Number of professionals included in this application | Four |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | Budgeted fees were $67,246.50 higher less than compensation sought for this period. |
| Number of professionals billing fewer than 15 hours to the case during this period | Two |
| Are any rates higher than those approved or disclosed at retention?  If so, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application. | Total compensation sought in this Application would have been $206,096.00 using the rates originally disclosed in the retention application. |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 (JBS) |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |

## SIXTH INTERIM FEE APPLICATION OF FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR THE PERIOD FROM APRIL 1, 2016 THROUGH AUGUST 1, 2016 AND FOR FINAL ALLOWANCE FOR THE PERIOD FROM JULY 30, 2014 THROUGH AUGUST 1, 2016

FrankGecker LLP ("FG"), counsel to the Committee of Asbestos Personal Injury Claimants (the "Asbestos Committee"), hereby makes its sixth interim application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Order Establishing Professional Interim Compensation Procedures (the "Interim Compensation Order") [Dkt. No. 147] for the allowance of compensation for professional services performed by FG for the period between April 1, 2016 and August 1, 2016 (the "Compensation Period"), and for the reimbursement of its actual and necessary expenses incurred during the Compensation Period in the aggregate amount of $7,704.00 and for final allowance of all fees and expenses incurred for the period from July 30, 2014 through August 1, 2016 (the "Final Fee Period"). In support of this Application, FG respectfully states as follows:

### BACKGROUND

1.      On March 31, 2014 (the "Petition Date"), The Budd Company, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The

Debtor is managing its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner, other than the Independent Fee Examiner, has been appointed in the Debtor's case.

2.     On May 9, 2014, this Court entered the Interim Compensation Order.

3.     On July 7, 2014, this Court entered an Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants [Dkt. No. 290], and on July 30, 2014, the United States Trustee filed a Notice of Appointment of the Asbestos Claimants Committee (the "Asbestos Committee") [Dkt. No. 364], which appointed five individuals to the Asbestos Committee.

4.     On July 25, 2014, this Court entered a Stipulation and Agreed Order with Respect to Appointment of an Independent Fee Examiner [Dkt. No. 346].

5.     On July 30, 2014, the Asbestos Committee filed an application to retain FG as its counsel (the "Retention Application") [Dkt. No. 399]. The Retention Application set forth the terms and conditions of FG's employment and compensation and the source of compensation. Specifically, the Retention Application stated that FG would seek compensation for attorneys' fees and paraprofessionals' fees and reimbursement of necessary and reasonable out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Interim Compensation Order.

6.     On August 22, 2014, this Court entered the Order Authorizing the Employment and Retention of FrankGecker LLP as Attorneys for the Committee of Asbestos Personal Injury Claimants Pursuant to 11 U.S.C. § 1103(a), Effective as of July 30, 2014 (the "Retention Order") [Dkt. No. 425].

7.     Since FG's retention, the firm's efforts have been focused on: (a) investigation, analysis and discovery with regard to the Debtor's insurance coverage; (b) investigation, analysis

and discovery with respect to the Debtor's asbestos liability; (c) an analysis of asbestos personal injury proofs of claim asserted against the Debtor and Debtor's objections to same, including withdrawal of the reference to the Bankruptcy Court; (d) investigation, analysis and discovery with respect to the derivative causes of action that are to be released under the Debtor's chapter 11 plan; and (e) consideration and negotiation of issues raised by the Debtor's proposed chapter 11 plan and a related agreement between the Debtor and certain of its insurers.

8.      As set forth more fully herein, during the Compensation Period FG continued its negotiations with certain of the Debtor's insurers over the terms of the Amended Asbestos Cost Sharing Agreement, which agreement is the cornerstone of the Debtor's chapter 11 plan as it relates to asbestos personal injury claimants who were first exposed to asbestos for which the Debtor has liability prior to October 31, 1985. The Amended Asbestos Cost Sharing Agreement provides more than $100 million in insurance coverage to pay these claims and provides for their defense and resolution. Furthermore, FG participated in substantial negotiations with the Debtor over the treatment of asbestos personal injury claimants in the Debtor's chapter 11 plan, which negotiations culminated in the consensual Ninth Amended Chapter 11 Plan for The Budd Company, Inc. Dated May 4, 2016 [Dkt. No. 1797] (the "Plan"). In addition, FG prepared for litigation in connection with the Asbestos Committee's entitlement to an additional $1.25 million in funding for the Uninsured Asbestos Claims Fund on account of ThyssenKrupp North America, Inc.'s ("TKNA") agreement to increase the amount paid to UAW retiree's by $10 million. Ultimately, FG compromised with the UAW, recovering $950,000 of the $1.25 million due for the benefit of the Uninsured Asbestos Claims Fund. Although the Asbestos Committee supported the Plan, certain Asbestos Claimants voted against the Plan in sufficient number to be a non-consenting class. FG devoted substantial time communicating with and negotiating on behalf of these claimants. Ultimately, FG was able to negotiate resolution of the concerns of

many of these claimants related to the Plan, and the vast majority withdrew their objections to the Plan.   Finally, FG has engaged in all of the normal day-to-day tasks necessary to representation of a creditors committee in a complex chapter 11 case.

9.    FG has prepared this Application in accordance with (a) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58), dated May 17, 1996, and the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No. 116, Page 36248 (June 17, 2013) (collectively, the "UST Guidelines"); (b) Bankruptcy Code §§ 328, 329, 330 and 331; (c) Rule 2016 of the Federal Rules of Bankruptcy Procedure; (d) the Interim Compensation Order; and (e) Local Bankruptcy Rule 5082-1.   In addition, for reimbursable expenses, as requested by the Fee Examiner, FG has prepared this Application in accordance with Administrative Order Re:   Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases dated June 20, 1991 (the "Original SDNY Guidelines") and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted on June 17, 2003 (the "Amended SDNY Guidelines" and, together with the UST Guidelines, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois, the "Guidelines").   To the extent necessary, FG requests a waiver for cause shown of any Guideline requirement not met by this Application.

10.    The fees charged by FG in this case are billed in accordance with its general 2016 billing rates and procedures in effect during the Compensation Period and with its general 2014, 2015 and 2016 billing rates and procedures in effect during the Final Fee Period.   The rates FG charges for the services rendered by its professionals and paraprofessionals to the Asbestos

Committee are the rates charged by the firm for professional and paraprofessional services rendered in comparable matters. FG's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable cases in a competitive national legal market. In accordance with the UST Guidelines, attached hereto as **Exhibit A** is a Customary and Comparable Compensation Disclosures chart supporting the reasonableness of FG's fees. None of FG's professionals included in the Application have varied their hourly rate based on the geographic location of the Debtor's bankruptcy case.

11. All of the services for which compensation is sought were rendered to the Asbestos Committee solely in connection with this case and not on behalf of any individual creditor or other person.

12. FG has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services in this case.

13. FG has neither shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than the members, counsel and associates of the firm, or (b) any compensation that another person or party has received or may receive. No promises have been received by FG or any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

**Rate Increases Since Retention**

14. Since the Retention Order, FG has increased its rates for certain professionals on a market-related basis. FG falls below market in all of its professionals' rates. From the date of the Retention Order through the end of the Final Fee Period, FG charged the following rates for its professionals:

| Professional | Year Admitted | 2014 Rate | 2015 Rate | 2016 Rate |
|---|---|---|---|---|
| Joseph D. Frank | 1993 | $695.00 | $695.00 | $725.00 |
| Frances Gecker | 1988 | $695.00 | $695.00 | $725.00 |
| Dwight B. Palmer, Jr. | 1978 | $580.00 | $610.00 | $610.00 |
| Micah R. Krohn | 1993 | $430.00 | $430.00 | $430.00 |
| Jeremy C. Kleinman | 1999 | $385.00 | $410.00 | $410.00 |
| Reed Heiligman | 2007 | $295.00 | $310.00 | $350.00 |

Total compensation sought in this Application would have been $206,096.00 using the rates originally disclosed in the Retention Application.

15.   FG's rates are reasonable and are in line or below the rates charged by other bankruptcy practitioners handling complex chapter 11 matters in the Northern District of Illinois, Eastern Division.  In this case, the rates of the retained professionals of the Debtor, the UAW and the Non-Union Retirees are considerably higher than those charged by FG professionals (emphasized below):

| Professional | Year Admitted | 2014 Hourly Rate | 2015 Hourly Rate | 2016 Hourly Rate | Client |
|---|---|---|---|---|---|
| L.B. Friedman | 1983 | $1,165.00 | $1,210.00 | $1,250.00 | UAW |
| J.L. Bromley | 1990 | -- | $1,210.00 | $1,250.00 | UAW |
| L.P. Granfield | 1986 | $1,165.00 | $1,210.00 | $1,210.00 | UAW |
| J. Marwil | 1986 | $1,050.00 | $1,125.00 | $1,200.00 | Debtor |
| C. Steege | 1982 | $900.00 | $950.00 | $975.00 | E&A |
| J.T. Stillings | 2003 | $790.00 | $850.00 | $900.00 | Debtor |
| M.A. Lightner | 2008 | $735.00 | $785.00 | $810.00 | UAW |
| B.W. Levitan | 2010 | $655.00 | $695.00 | $770.00 | Debtor |
| M. Root | 2003 | $650.00 | $650.00 | $735.00 | E&A |
| **J.D. Frank** | **1993** | **$695.00** | **$695.00** | **$725.00** | Asbestos |
| **F. Gecker** | **1988** | **$695.00** | **$695.00** | **$725.00** | Asbestos |
| L. Raiford | 2008 | $580.00 | $630.00 | $700.00 | E&A |
| **D.B. Palmer, Jr.** | **1978** | **$580.00** | **$610.00** | **$610.00** | Asbestos |
| **M.R. Krohn** | **1993** | **$430.00** | **$430.00** | **$430.00** | Asbestos |
| **J.C. Kleinman** | **1999** | **$385.00** | **$410.00** | **$410.00** | Asbestos |
| **R. Heiligman** | **2007** | **$295.00** | **$310.00** | **$350.00** | Asbestos |

16.    In addition, FG's rate increases during the pendency of the Case are consistent with the rate increases of other professionals in this Case.

| Professional | Year Admitted | Client | Percent Increase Since Retention |
|---|---|---|---|
| **M.R. Krohn** | **1993** | **Asbestos Committee** | **0.0%** |
| J.L. Bromley | 1990 | UAW | 3.3% |
| L.P. Granfield | 1986 | UAW | 3.9% |
| **J.D. Frank** | **1993** | **Asbestos Committee** | **4.3%** |
| **F. Gecker** | **1988** | **Asbestos Committee** | **4.3%** |
| **D.B. Palmer, Jr.** | **1978** | **Asbestos Committee** | **5.2%** |
| **J.C. Kleinman** | **1999** | **Asbestos Committee** | **6.5%** |
| L.B. Friedman | 1983 | UAW | 7.3% |
| C. Steege | 1982 | E&A Committee | 8.3% |
| M.A. Lightner | 2008 | UAW | 10.2% |
| M. Root | 2003 | E&A Committee | 13.1% |
| J.T. Stillings | 2003 | Debtor | 13.9% |
| J. Marwil | 1986 | Debtor | 14.3% |
| B.W. Levitan | 2010 | Debtor | 17.6% |
| **R. Heiligman** | **2007** | **Asbestos Committee** | **18.6%** |
| L. Raiford | 2008 | E&A Committee | 20.7% |

17.    FG provided the Asbestos Committee with a Budget and Staffing Plan, pursuant to the United States Trustee guidelines for attorney compensation in larger chapter 11 cases, and all Budgets and Staffing Plans were approved by the Asbestos Committee. The Staffing Plans disclosed the average hourly rate of the various categories of attorneys and paraprofessionals, and FG's rate increases were reflected therein.

## SERVICES PROVIDED AND EXPENSES
## INCURRED DURING THE COMPENSATION PERIOD

18.    The fees incurred during the Compensation Period reflect an aggregate of **523.10** hours of attorney and paraprofessional time spent and recorded in performing services for the Asbestos Committee. Of the aggregate time expended during the Compensation Period, **162.20** recorded hours were expended by partners, all of which were billed, **245.20** recorded hours were

expended by associates, all of which were billed, **0.80** recorded hours were expended by senior counsel and of-counsel attorneys, all of which were billed, and **114.90** recorded hours were expended by paraprofessionals of which **94.7** were billed. FG has voluntarily written off **20.2** hours of paraprofessional time totaling **$3,057.00**. Of the **$3,057.00** in voluntary reductions, FrankGecker reduced its fees by **$1,201.00** on its monthly fee statements during the Sixth and Final Fee Period, *i.e.*, this time was never billed to the Debtor, and by an additional **$1,856.00** at the time of submission of this Sixth and Final Fee Application. During the Compensation Period, FG's hourly billing rates for attorneys working on these matters ranged from $350.00 to $725.00 per hour. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

19.     Pursuant to the Guidelines, annexed hereto as **Exhibit B** is a schedule setting forth all FG professionals and paraprofessionals who have performed services for the Asbestos Committee during the Compensation Period for which FG is seeking reimbursement, the capacities in which each such individual is employed by FG, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended on this matter and fees billed therefore and, as to lawyers, the year in which each professional was first licensed to practice law.

20.     Annexed hereto as **Exhibit C** is a schedule specifying the categories of expenses for which FG is seeking reimbursement during the Compensation Period and the total amount for each such expense category. **Exhibit C** contains a detailed list of all expenses for which FG seeks reimbursement. FG maintains detailed records of the time spent by all attorneys and paraprofessionals and the expenses incurred in connection with its representation of the Asbestos Committee. Copies of these detailed time records are annexed hereto as **Exhibit D**.

21.     To provide an orderly summary of the services rendered to the Asbestos Committee by FG, and in accordance with the Guidelines, FG has established numerous billing categories in connection with this case. The following summary is intended to highlight the services rendered in each separate billing category and is not intended to be a comprehensive description of the work performed. Detailed descriptions of the day-to-day services provided and the time expended performing such services in each project billing category are attached as **Exhibit D** hereto and show that FG has been heavily involved in the performance of services for the Asbestos Committee on a daily basis.

### BASIS FOR REASONABLE AND NECESSARY SERVICES RENDERED BY FRANKGECKER LLP – CATEGORIZED BY MATTER

The primary professional services that FG has rendered are described below:

1.     **Matter: Case Administration**
       **(Fees incurred: $362.50; Hours 2.50)**

During the Application period, FG billed 2.50 hours to the project category "Case Administration." The time entries recorded in this category reflects work performed on behalf of the Asbestos Committee that does not fit into any other category, including time spent reviewing orders containing hearing dates and researching the filing of solicitation letters.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Interim Application | Fees Billed Sixth Interim Application |
|---|---|---|---|---|---|
| Christina Carpenter | Paralegal | N/A | $145.00 | 2.50 | $362.50 |
| **Total:** | | | | **2.50** | **$362.50** |

A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

2.    **Matter: Case Administration: Communications**
       **(Fees incurred: $2,230.00; Hours: 3.80)**

During the Application period, FG billed 3.80 hours to the project category "Case Administration: Communications." This category includes time spent communicating with counsel for the Debtor, the Debtor's CRO, counsel to certain asbestos claimants and others with regard to various issues in the case, including the Amended Asbestos Cost Sharing Agreement. This work was necessary because FG is charged with representing the Asbestos Committee and, to do that job properly, FG must remain abreast of all matters occurring in the case and comply with orders of the Court.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Interim Application | Fees Billed Sixth Interim Application |
|---|---|---|---|---|---|
| Joseph D. Frank | Partner | 1993 | $725.00 | 2.4 | $1,740.00 |
| Reed Heiligman | Associate | 2007 | $350.00 | 1.4 | $490.00 |
| **Total:** | | | | **3.80** | **$2,230.00** |

FG has voluntarily written off fees for 1.0 hours of paraprofessional time totaling $145.00. A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

3.    **Matter: Case Administration: Court Appearances/Preparation**
       **(Fees incurred: $13,662.50; Hours: 26.50)**

During the Application period, FG billed 26.50 hours to the project category "Case Administration: Court Appearances/Preparation." The time entries recorded in this category

reflect time spent preparing for and appearing before the court for status and omnibus hearings, and the hearings on the adequacy of the Debtor's disclosure statement and plan confirmation. This category also includes time spent communicating with counsel for the Debtor and others with regard to various issues set for hearing. This work was necessary because FG is charged with representing the Asbestos Committee and, to do that job properly, FG must remain abreast of all matters occurring in the case.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Final Application | Fees Billed Sixth Final Application |
|---|---|---|---|---|---|
| Joseph D. Frank | Partner | 1993 | $725.00 | 11.70 | $8,482.50 |
| Reed Heiligman | Associate | 2007 | $350.00 | 14.80 | $5,180.00 |
| **Total:** | | | | **26.50** | **$13,662.50** |

A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

4.   **Matter:  Case Administration:  Review Pleadings**
       **(Fees incurred:  $1,190.00; Hours:  3.40)**

During the Application period, FG billed 3.40 hours to the project category "Case Administration: Review Pleadings." The time entries recorded in this category reflect work performed by Reed Heiligman reviewing and analyzing miscellaneous pleadings and orders that do not fit into a more specific billing category. This work was necessary because FG is charged with representing the Asbestos Committee and, to do that job properly, FG must remain abreast of all matters occurring in the case.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Final Application | Fees Billed Sixth Final Application |
|---|---|---|---|---|---|
| Reed Heiligman | Associate | 2007 | $350.00 | 3.40 | $1,190.00 |
| Total: | | | | 3.40 | $1,190.00 |

A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

5.    **Matter: Claims Administration and Objections**
      **(Fees incurred: $3,596.00; Hours: 8.80)**

During the Application period, FG billed 8.80 hours to the project category "Claims Administration and Objections." The time entries recorded in this category reflect time spent reviewing Third Circuit Court of Appeals opinion in *Hassel v. ThyssenKrupp* and communications regarding impact of *Hassel* decision on pending claim objections. In addition, time entries recorded in this category reflect time spent communicating with counsel to asbestos claimants regarding withdrawal of certain asbestos claims. This work was necessary because the Asbestos Committee has an interest in the claims filing process generally, and a particular interest in the asbestos claims objection process and, with authority from the Bankruptcy Court, took on the defense of objections to asbestos claims filed by the Debtor.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Final Application | Fees Billed Sixth Final Application |
|---|---|---|---|---|---|
| Joseph D. Frank | Partner | 1993 | $725.00 | 1.90 | $1,377.50 |
| Reed Heiligman | Associate | 2007 | $350.00 | 5.70 | $1,995.00 |
| Michael Matlock | Paralegal | N/A | $200.00 | 0.90 | $180.00 |
| Christina Carpenter | Paralegal | N/A | $145.00 | 0.30 | $43.50 |
| **Total:** | | | | 8.80 | $3,596.00 |

A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

6. **Matter: Employment and Fee Applications**
   **(Fees incurred: $24,107.50; Hours: 94.60)**

During the Application period, FG billed 94.60 hours to the project category "Employment and Fee Applications." The time entries recorded in this category primarily reflect time spent (a) preparing monthly fee statements for FG, and for Legal Analysis Systems, Inc. ("LAS"), the Asbestos Committee's liability forecaster, (b) communicating with the fee examiner regarding FG's fourth interim application, and (c) preparing and filing FG's fourth interim fee application. FG expended more time during this Application Period on this category because FG's Fifth Interim Fee Application was voluminous; however, after voluntary reductions, the amount sought for this category is less than 5% of the total fees sought in FG's Fifth Interim Fee Application, which FG submits is reasonable given the circumstances of this Case and the fact that this category also includes time spent on the LAS fee application and monthly fee statements. All of the work FG has performed under this category related to fee applications and monthly fee statements that inform fee applications and was performed because this is a bankruptcy case and the work was necessary to comply with the many billing and fee application guidelines applicable only in bankruptcy cases.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Final Application | Fees Billed Sixth Final Application |
|---|---|---|---|---|---|
| Joseph D. Frank | Partner | 1993 | $725.00 | 10.20 | $7,395.00 |
| Reed Heiligman | Associate | 2007 | $350.00 | 22.40 | $7,840.00 |
| Michael Matlock | Paralegal | N/A | $200.00 | 2.10 | $420.00 |
| Christina Smith | Paralegal | N/A | $175.00 | 48.30 | $8,452.50 |
| Christina Carpenter | Paralegal | N/A | $145.00 | 11.60 | $1,682.00[1] |
| **Total:** | | | | 94.60 | $24,107.50 |

FG has voluntarily written off 12.1 hours of paraprofessional time, totaling $1,754.50. A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

7.    **Matter:  Employment and Fee Applications: Supplements**
     **(Fees incurred:  $7,784.00; Hours: 20.30)**

During the Application period, FG billed 20.30 hours to the project category "Employment and Fee Applications: Supplements." The time entries recorded in this category primarily reflect time spent: (a) reviewing the Memoranda of the Fee Examiner concerning FG and LAS' fee applications; (b) communications with Fee Examiner regarding FG and LAS' fee applications; (c) drafting and revising fee supplements and coversheets requested by the Fee Examiner; and (d) internal communications regarding supplements to fee applications. After discussions with the Fee Examiner regarding FG's Fifth Interim Fee Application, FG voluntarily wrote off time totaling $8,200.00 in its Fifth Interim Fee Application.

---

[1] FG voluntarily wrote off 11.6 hours of paraprofessional time that was billed on FG's monthly fee statements in addition to the 0.5 hours of paraprofessional time that FG previously wrote off during the Final Fee Period that was never billed to the Debtor.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Final Application | Fees Billed Sixth Final Application |
|---|---|---|---|---|---|
| Joseph D. Frank | Partner | 1993 | $725.00 | 3.40 | $2,465.00 |
| Micah R. Krohn | Sr. Counsel | 1993 | $430.00 | 0.80 | $344.00 |
| Reed Heiligman | Associate | 2007 | $350.00 | 13.30 | $4,655.00 |
| Michael Matlock | Paralegal | N/A | $200.00 | 1.60 | $320.00 |
| Christina Carpenter | Paralegal | N/A | $145.00 | 1.20 | ~~$217.50~~ |
| **Total:** | | | | 20.30 | $7,784.00 |

FG has voluntarily written off 1.2 hours of paraprofessional time, totaling $217.50. A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

8. **Matter: Litigation: District Court Proceedings**
**(Fees incurred: $3,167.50; Hours 5.30)**

During the Application Period, FG billed 5.30 hours to the project category "Litigation: District Court Proceedings." The time entries recorded in this category reflect time spent negotiating the withdrawal of the Debtor's asbestos claim objections alleging that certain of the asbestos personal injury claims are: (i) barred by the doctrine of *res judicata*; (ii) barred by the applicable statute of limitations; (iii) preempted by certain federal statutes which preclude liability, including the Locomotive Inspection Act, 49 U.S.C. §20701 *et seq.*, the Safety Appliance Act, 49 U.S.C. § 20301 *et seq.*, and the Federal Employers' Liability Act of 1908, 35 Stat. 65, as amended, 45 U.S.C. § 51 *et seq.*; and/or (iv) untimely. The Asbestos Committee sought withdrawal of the reference of these claim objections to the U.S. District Court for the Northern District of Illinois, where they were litigated until the Debtor withdrew them. The

asbestos claim objections were ultimately withdrawn pursuant to the Plan, and the Debtor and Asbestos Committee, among others, entered into a stipulation of dismissal with respect to the District Court proceedings concerning the claim objections. This work was necessary because the Asbestos Committee has an interest in the claims filing process generally, and a particular interest in the asbestos claim objection process.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Final Application | Fees Billed Sixth Final Application |
|---|---|---|---|---|---|
| Joseph D. Frank | Partner | 1993 | $725.00 | 3.50 | $2,537.50 |
| Reed Heiligman | Associate | 2007 | $350.00 | 1.80 | $630.00 |
| Total: | | | | 5.30 | $3,167.50 |

A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

9. **Matter: Litigation: Insurance**
   **(Fees incurred: $10,117.50; Hours: 16.80)**

During the Application period, FG billed 16.80 hours to the project category "Litigation: Insurance." Time entries recorded in this category primarily reflect time spent addressing various issues with regard to the Debtor's insurance assets that provide coverage for asbestos personal injury claims. In addition, FG finalized its negotiations with certain of the Debtor's insurers over the terms of the Amended Asbestos Cost Sharing Agreement, which agreement is the cornerstone of the Debtor's chapter 11 plan as it relates to asbestos personal injury claimants who were first exposed to asbestos for which the Debtor has liability prior to October 31, 1985. The Amended Asbestos Cost Sharing Agreement provides for more than $100 million in

insurance assets for defense, resolution and payment of asbestos personal injury claims. Work in this category also includes the drafting and negotiation of the Asbestos Springing Trust Agreement, which will govern The Budd Company Asbestos Springing Trust upon the Debtor's dissolution. This work was necessary because the Asbestos Committee has a primary interest in the availability of insurance to pay asbestos personal injury claims and the Bankruptcy Court has identified this investigation as a primary objective of the Asbestos Committee.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Final Application | Fees Billed Sixth Final Application |
|---|---|---|---|---|---|
| Frances Gecker | Partner | 1988 | $725.00 | 2.60 | $1,885.00 |
| Joseph D. Frank | Partner | 1993 | $725.00 | 8.70 | $6,307.50 |
| Reed Heiligman | Associate | 2007 | $350.00 | 5.50 | $1,925.00 |
| **Total:** | | | | **16.80** | **$10,117.50** |

A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

10. **Matter: Litigation: Modify Stay**
    **(Fees incurred: $3,720.00; Hours 7.20)**

During the Application period, FG billed 7.20 hours to the project category "Litigation: Modify Stay." Time entries recorded in this category primarily reflect communication regarding maintenance of the stay imposed by Fed.R.Bankr.P. 4001(a)(3) staying effectiveness of the Order Modifying the Automatic Stay [Dkt. No. 1571] which had granted the Asbestos Committee's motion with respect to 123 asbestos claimants, and communications with the Debtor and the affected asbestos claimants regarding the maintenance of the automatic stay pending ongoing negotiations. In addition, FG reviewed the Third Circuit Court of Appeals

opinion in *Hassel v. ThyssenKrupp* and communications regarding impact of *Hassel* decision on pending claim objections. This work was necessary because the Asbestos Committee has an interest in ensuring that the Debtor does not unnecessarily impose delays on the ability of asbestos claimants to prosecute their claims against the Debtor, particularly given that the Debtor has insurance available to pay those claims that is not available to fund claims of the Debtor's other creditors.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Interim Application | Fees Billed Sixth Interim Application |
|---|---|---|---|---|---|
| Joseph D. Frank | Partner | 1993 | $725.00 | 3.20 | $2,320.00 |
| Reed Heiligman | Associate | 2007 | $350.00 | 4.0 | $1,400.00 |
| **Total:** | | | | 7.20 | $3,720.00 |

FG has voluntarily written off 0.2 hours of paraprofessional time, totaling $29.00. A more detailed description of the services provided in this category, the identity of each individual who billed time to this category, the number of hours spent by each individual and the compensation sought for those efforts is provided in **Exhibit D**.

11. **Matter: Litigation: Settlement Increase**
    **(Fees incurred: $16,955.00; Hours 49.60)**

During the Application period, FG billed 49.60 hours to the project category "Litigation: Settlement Increase."

The time entries recorded in this category primarily reflect time spent reviewing the TK Finance Settlement Agreement and preparing for litigation with the UAW over the Asbestos Committee's entitlement to $1.25 million for the benefit of the Uninsured Asbestos Claim Fund.

Specifically, under the TKNA Settlement Agreement, the E&A Committee was to receive 12.5% of any increase in the settlement amount in the TKNA Settlement Agreement, and under the Plan, the E&A Committee assigned the first $1.5 million of any such funds to the Uninsured Asbestos Claim Fund. The UAW negotiated an additional $10 million be paid to its retirees, but contended that the Uninsured Asbestos Claim Fund was not entitled to 12.5% of this settlement increase because the consideration was to be paid by one of TKNA's wholly-owned affiliates, and not TKNA. After negotiations, the UAW agreed to pay $950,000 of the $1.25 million demanded to the Uninsured Asbestos Claim Fund. This work was necessary because the Asbestos Committee has an interest in ensuring that it receives all of the consideration to which it is entitled under the Plan in order to provide sufficient funding for the payments of asbestos claims.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Interim Application | Fees Billed Sixth Interim Application |
|---|---|---|---|---|---|
| Joseph D. Frank | Partner | 1993 | $725.00 | 6.20 | $4,495.00 |
| Reed Heiligman | Associate | 2007 | $350.00 | 25.20 | $8,820.00 |
| Michael Matlock | Paralegal | N/A | $200.00 | 18.20 | $3,640.00 |
| **Total:** | | | | **49.60** | **$16,955.00** |

A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

12.    **Matter: Meetings and Communications with Creditors**
       **(Fees incurred: $47,188.50; Hours 115.0)**

During the Application period, FG billed 115.0 hours to the project category "Meetings and Communications with Creditors." The time entries recorded in this category primarily

reflect time spent communicating with asbestos personal injury creditors, updating the Asbestos Committee as to the status of the case and communicating with the Asbestos Committee on various issues and decisions involving new developments in the case, including voting issues and recovery scenarios under the Plan. FG also fielded phone calls from counsel to asbestos claimants who generally represent railroad workers in federal court. These lawyers voted against the Debtor's Plan in sufficient number to make asbestos claimants a non-consenting class. FG spent significant time communicating with these attorneys and assisting them in obtaining the relief they sought under the Plan so that they would change their votes to support the Plan, facilitating a streamlined confirmation hearing where there was only one non-material objection that needed to be resolved. This work saved the Debtor's estate hundreds of thousands of dollars that would have been incurred if the Debtor had been required to put on a cramdown case under 11 U.S.C. § 1129(b). In addition, FG prepared and circulated memoranda to the Asbestos Committee in connection with the foregoing and responded to questions from attorneys representing asbestos claimants, as well as fielding telephone calls from potential asbestos claimants and responding to other inquiries from potential asbestos claimants and law firms.

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Interim Application | Fees Billed Sixth Interim Application |
|---|---|---|---|---|---|
| Joseph D. Frank | Partner | 1993 | $725.00 | 29.40 | $21,315.00 |
| Reed Heiligman | Associate | 2007 | $350.00 | 59.20 | $20,720.00 |
| Michael Matlock | Paralegal | N/A | $200.00 | 24.10 | $4,820.00 |
| Christina Carpenter | Paralegal | N/A | $145.00 | 2.30 | $333.50 |
| Total: | | | | 115.00 | $47,188.50 |

FG has voluntarily written off 5.40 hours of paraprofessional time totaling $911.00. A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

13. **Matter:  Plan and Disclosure Statement**
    **(Fees incurred:  $88,511.00; Hours 169.30)**

During the Application period, FG billed 169.30 hours to the project category "Plan and Disclosure Statement." The time entries recorded in this category primarily reflect time spent reviewing, analyzing, negotiating, commenting on, and drafting or revising parts of the Debtor's Eight and Ninth Amended Chapter 11 Plans and Disclosure Statements, including numerous unfiled drafts of each of these plans and disclosure statements and other related agreements and exhibits concerning the treatment of asbestos claimants and related issues. FG negotiated resolution of complex issues surrounding the Debtor's asbestos liabilities and availability of insurance coverage of these liabilities through implementation of the Amended Asbestos Cost Sharing Agreement that preserved the value of the Debtor's insurance assets, and provided for the establishment of the Asbestos Funds to satisfy asbestos claims.

Specifically, FG negotiated two separate sources from which asbestos claimants may recover. The first source is for claims arising from exposure to asbestos for which Budd has liability before November 1985, for which Budd has more than $100 million in insurance (the "Insured Fund") and including a $2.2 million contribution by the Debtor. The second source is for claims arising exclusively from exposure to asbestos for which Budd has liability after October, 1985, for which Budd has no insurance (the "Uninsured Fund") which was funded with $4.45 million. In addition, the negotiations led to creation of the $500,000 Asbestos Administration Fund to provide for administration of the asbestos claim and litigation process without depleting the funds available to pay those claims.

Despite the Asbestos Committee's recommendation to support the Plan, asbestos claimants voted in sufficient number to be a non-consenting class. This is because a group of lawyers for Budd claimants who generally represent railroad workers in federal court were concerned about, *inter alia*, post-confirmation venue of their lawsuits. None of these claimants served as a member of the Asbestos Committee. FG assisted in alleviating these concerns through, *inter alia*, an agreement that Budd's books and records would be available for inspection in Chicago. The majority of these claimants ultimately withdrew their Plan objections. In addition, one of the Debtor's insurers filed a belated objection to the Plan requiring a response from the Asbestos Committee. That objection was overruled as it related to issues concerning asbestos claimants, and the Debtor's Plan was confirmed without legitimate opposition. This work was necessary because the Asbestos Committee has a primary interest in the confirmation of a plan that is in the best interests of asbestos personal injury claimants.

FG also spent significant time assisting the lawyers who voted against the Debtor's Plan, in sufficient number to make asbestos claimants a non-consenting class, in obtaining the relief they sought under the Plan so that they would change their votes to support the Plan. This work facilitating a streamlined confirmation hearing where there was only one non-material objection that needed to be resolved, and saved the Debtor's estate hundreds of thousands of dollars that would have been incurred if the Debtor had been required to put on a cramdown case under 11 U.S.C. § 1129(b).

Consistent with the requirements of Local Bankruptcy Rule 5082-1, FG has supplemented the Application with the following chart, which illustrates the timekeeper totals for each person that billed to this task:

| Professional | Title or Position | Admitted to Bar | Hourly Rate | Hours Billed Sixth Interim Application | Fees Billed Sixth Interim Application |
|---|---|---|---|---|---|
| Frances Gecker | Partner | 1988 | $725.00 | 10.50 | $7,612.50 |
| Joseph D. Frank | Partner | 1993 | $725.00 | 68.50 | $49,662.50 |
| Reed Heiligman | Associate | 2007 | $350.00 | 88.50 | $30,975.00 |
| Christina Carpenter | Paralegal | N/A | $145.00 | 1.80 | $261.00 |
| **Total:** | | | | **169.30** | **$88,511.00** |

A more detailed description of the services provided in this category is provided in the detailed time records attached hereto as **Exhibit D**.

14.    The foregoing professional services performed by FG were necessary and appropriate service to the Asbestos Committee in this case and it was in the best interest of the Asbestos Committee that FG performed these services. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. FG has made a significant effort to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

15.    In preparing this Application, FG calculated the amount of time spent by each attorney, and paralegal in performing actual and necessary legal services for the Asbestos Committee. That data came directly from computerized records that are kept for each FG client. Individual time entries are maintained on written daily logs, personal computer hard drives or inputted directly into the firm's central client accounting and billing system. All time entries and expenses are uploaded into the billing system, which then produces draft client billing memoranda and invoices. FG attorneys have reviewed and edited the draft invoices and billing memoranda to correct errors prior to their submission.

16.    The rates used in this Application are the customary and usual rates which FG charges clients. There were no increases in rates during this Application period.

17.    FG seeks allowance herein of reasonable compensation for actual and necessary professional services rendered to the Asbestos Committee during the Compensation Period in the amount of **$221,391.00**, and **$7,704.00** for reimbursement of actual, reasonable and necessary expenses incurred during the Compensation Period in connection with the rendition of such services, for a total of **$229,095.00**.    Prior to FG's retention, FG provided the Asbestos Committee with a proposed budget for FG's estimated fees during the Compensation Period as well as a staffing plan, both of which were approved by the Asbestos Committee. Copies of the budget and staffing plan are attached hereto as **Exhibit E1** and **Exhibit E2** respectively.    In the budget, FG estimated that it would incur fees in the amount of **$288,637.50** during the Compensation Period.    FG incurred fees in the amount of **$224,448.00**, not exceeding budgeted fees.    Attached hereto as **Exhibit F** is a summary of the fees and hours budgeted by FG as compared to the fees and hours actually billed for each project category. The majority of the variance between the proposed budget and what was actually incurred is explained by the consensual confirmation of the Plan as opposed to a contested confirmation hearing.

18.    In its staffing plan, FG estimated that nine professionals and paraprofessionals would work on matters during the Compensation Period.    During the Compensation Period, seven professionals and paraprofessionals billed time on behalf of the Asbestos Committee.

19.    The disbursements for which FG seeks reimbursement are the customary and usual expenses for which FG seeks reimbursement from its clients. It is FG's policy to charge all of its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client and to charge its clients only the amount actually incurred by FG in connection with such items.    FG does not

bill its clients or seek compensation for its overhead expenses, including word processing, in-house photocopying, facsimile transmissions, long distance telephone and the cost of legal databases; instead, such expenses are factored into FG's normal and customary rates. However, FG does not include charges for postage, outside photocopying, messenger services or local transportation in its overhead. FG has determined that it is fairer to FG's smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate FG for its actual costs and do not result in undue revenue for the firm. Moreover, FG's non-fee application clients routinely are billed for and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

## ADDITIONAL INFORMATION REGARDING
## MEETINGS AND CONFERENCE CALLS

20.    During the Compensation Period, FG endeavored to be as cost efficient as possible in the provision of services to the Asbestos Committee. As part of that effort, FG, to the extent possible, limited the number of attendees at intra-office meetings and participants in conference calls during the Compensation Period when possible. To that end, there were eight instances during the Compensation Period when more than three FG attorneys and/or staff attended and/or participated in intra-office meetings. However, at each of these meetings, two or fewer of the participants billed their time. Accordingly, FG has no additional information regarding meetings to disclose.

## VOLUNTARY REDUCTIONS

21.    During the Compensation Period, FG voluntarily wrote off the following time:

| Professional | Category | Description | Date | Hourly Rate | Hours Voluntarily Reduced During Sixth Interim Application | Fees Voluntarily Reduced During Sixth Interim Application |
|---|---|---|---|---|---|---|
| CC | Litigation: Modify Stay | Review Order Granting Second Joint Motion to Alter or Amend Order Modifying Automatic Stay and correspondence with attorneys regarding same. | 4/04/16 | $145.00 | 0.20 | $29.00 |
| CC | Case Administration: Communications | Email exchanges with official court reporter and PayPal regarding April 29, 2016 hearing transcript. | 5/02/16 | $145.00 | 0.20 | $29.00 |
| CC | Case Administration: Communications | Email exchanges with Ellen Kurnica (Court Reporter's office) and PayPal regarding May 6, 2016 transcript (.2); download transcript (.1). | 5/09/16 | $145.00 | 0.30 | $43.50 |
| CC | Case Administration: Communications | Email exchanges with Ellen Kurnica (Court Reporter's office) and PayPal regarding May 31, 2016 transcript (.2); download transcript (.1). | 6/01/16 | $145.00 | 0.30 | $43.50 |
| CC | Case Administration: Communications | Email exchanges with official court reporter and PayPal regarding June 10, 2016 hearing transcript. | 6/10/16 | $145.00 | 0.20 | $29.00 |
| CC | Employment and Fee Applications | Email exchange with fee examiner regarding 22nd monthly fee statement in .txt format (.1); telephone conference and email exchange with Terry Rosenthal regarding payment received for 4th interim fee application and application of writeoffs (.2). | 6/16/16 | $145.00 | 0.30 | $43.50 |
| CC | Meetings and Communications with Creditors | Communications with Michael Matlock regarding service of confirmation notice on asbestos claimants; run merge of post office box addresses and prepare for service. | 6/27/16 | $145.00 | 0.30 | $43.50 |
| CC | Meetings and Communications with Creditors | Research addresses for undeliverable confirmation letters to claimants. | 6/29/16 | $145.00 | 0.50 | $72.50 |
| CC | Meetings and Communications with Creditors | Telephone conferences with various parties and research regarding addresses for undeliverable confirmation letters to claimants. | 6/30/16 | $145.00 | 0.50 | $72.50 |

| Professional | Category | Description | Date | Hourly Rate | Hours Voluntarily Reduced During Sixth Interim Application | Fees Voluntarily Reduced During Sixth Interim Application |
|---|---|---|---|---|---|---|
| CC | Employment and Fee Applications: Supplements | Efile revised proposed Order Approving Fifth Interim Fee Application of FrankGecker LLP. | 7/21/16 | $145.00 | 0.30 | $43.50 |
| CC | Employment and Fee Applications | Review order approving LAS third interim fee application; email exchanges with Dan Relles and Reed Heiligman regarding same. | 7/25/16 | $145.00 | 0.20 | $29.00 |
| MHM | Meetings and Communications with Creditors | Telephone conferences with Federal Express regarding undeliverable notices to asbestos claimants. | 7/01/16 | $200.00 | 0.20 | $40.00 |
| CS | Meetings and Communications with Creditors | Prepare Federal Express envelopes to voluminous service list regarding Confirmation Order. | 6/24/16 | $175.00 | 3.90 | $682.50 |
| CC | Employment and Fee Applications | Draft monthly fee statement and extensively revise attachment (1.8); brief office conference with Reed Heiligman regarding same (.1). | 4/11/16 | $145.00 | 1.90 | $275.50 |
| CC | Employment and Fee Applications | Proofread and make additional revisions to attachment to monthly fee statement (.9) and brief office conference with Reed Heiligman regarding same (.1). | 4/12/16 | $145.00 | 1.00 | $145.00 |
| CC | Employment and Fee Applications | Prepare FGLLP 20th Monthly Fee Statement for service (.1); correspondence with notice parties, Terry Rosenthal and fee examiner regarding same (.3). | 4/13/16 | $145.00 | 0.40 | $58.00 |
| CC | Employment and Fee Applications | Email exchange with Dan Relles regarding LAS monthly fee statement (.2); revisions to attachment to 21st monthly fee statement (.3); research U.S. Trustee's fee guidelines appendices with respect to budget and staffing forms (.2); review latest Master Service List and update records accordingly in preparation for service of interim fee application (.4). | 5/9/16 | $145.00 | 1.10 | $159.50 |

| Professional | Category | Description | Date | Hourly Rate | Hours Voluntarily Reduced During Sixth Interim Application | Fees Voluntarily Reduced During Sixth Interim Application |
|---|---|---|---|---|---|---|
| CC | Employment and Fee Applications | Draft and revise 21st monthly fee statement (.2) and serve on Notice Parties (.3); research Fee Examiner's Order setting deadlines and revise Notice of Hearing on Fifth Interim Fee Application and Certificate of Service (.4). | 5/10/16 | $145.00 | 0.90 | $130.50 |
| CC | Employment and Fee Applications | Assist in preparation of Exhibit A to LAS interim fee application (.2); efile LAS application, exhibit, proposed order and notice of hearing (,4); prepare FGLLP and LAS fee applications and notices for service and coordinate with D.C. Data to implement service (.6); prepare courtesy copy for Judge Schmetterer (.3), | 5/16/16 | $145.00 | 1.50 | $217.50 |
| CC | Employment and Fee Applications | Implement service of courtesy copy of fee applications upon Judge Schmetterer. | 5/17/16 | $145.00 | 0.10 | $14.50 |
| CC | Employment and Fee Applications | Send email to Dan Relles regarding LAS invoice for May, 2016. | 6/8/16 | $145.00 | 0.10 | $14.50 |
| CC | Employment and Fee Applications | Draft FrankGecker monthly fee statement. | 6/9/16 | $145.00 | 0.20 | $29.00 |
| CC | Employment and Fee Applications | Revise LAS Summary Sheet and Cover Sheet per Reed Heiligman's instructions (.2); revise monthly fee statement attachment (.7). | 6/14/16 | $145.00 | 0.90 | $130.50 |
| CC | Employment and Fee Applications | Finalize 22nd monthly fee statement and email same to notice parties. | 6/15/16 | $145.00 | 0.20 | $29.00 |
| CC | Employment and Fee Applications | Revise attachment to FGLLP monthly fee statement. | 7/12/16 | $145.00 | 0.30 | $43.50 |
| CC | Employment and Fee Applications | Draft revised order approving Fifth Interim Fee Application of FGLLP. | 7/13/16 | $145.00 | 0.30 | $43.50 |

| Professional | Category | Description | Date | Hourly Rate | Hours Voluntarily Reduced During Sixth Interim Application | Fees Voluntarily Reduced During Sixth Interim Application |
|---|---|---|---|---|---|---|
| CC | Employment and Fee Applications | Draft monthly fee statement (.2) and make additional revisions to attachment (.5); email same to notice parties (.2); email exchange with Dan Relles regarding LAS invoice for June (.1); draft FrankGecker monthly statement (.2), revise attachment thereto (1.3) and serve on Notice Parties (.2). | 7/18/16 | $145.00 | 2.70 | $391.50 |
| CC | Employment and Fee Applications: Supplements | Review Fee Examiner's memorandum to LAS (.2) and draft two requested cover sheets for LAS Third Interim Fee Application (.4). | 6/7/16 | $145.00 | 0.60 | $87.00 |
| CC | Employment and Fee Applications: Supplements | Brief office conference with Reed Heiligman regarding revised cover sheets (.1); revise LAS summary sheet and local form cover sheet (.2); draft notice of filing and certificate of service (.3). | 6/13/16 | $145.00 | 0.60 | 87.00 |
| **TOTAL PARAPROFESSIONAL WRITE-OFFS** | | | | | 20.20 | $3,057.00 |

22.    FG voluntarily wrote off **20.2** hours, totaling **$3,057.00**, of paraprofessional time.

Of the **$3,057.00** in voluntary reductions, FG reduced its fees by **$1,201.00** on its monthly fee

statements during the Sixth Interim Fee Period, *i.e.*, this time was never billed to the Debtor, and

by an additional **$1,856.00** at the time of submission of this Sixth and Final Fee Application.

### APPROVAL OF THE INTERIM FEE ORDERS AS FINAL

23.    On March 3, 2015, this Court entered an Order approving the First Interim Fee

Application of FG with fees of $175,086.00 and expenses of $2,253.83 [Docket No. 806].

24.    On June 30, 2015, this Court entered an Order approving the Second Interim Fee

Application of FG with fees of $141,416.00 and expenses of $3,676.07 [Docket No. 940].

25.     On November 5, 2015, this Court entered an Order approving the Third Interim Fee Application of FG with fees of $103,730.50 and expenses of $223.60 [Docket No. 1058].

26.     On April 6, 2015, this Court entered an Order approving the Fourth Interim Fee Application of FG with fees of $168,615.00 and expenses of $3,142.14 [Docket No. 1749].

27.     On July 22, 2016, this Court entered an Order approving the Fifth Interim Fee Application of FG with fees of $493,713.00 and expenses of $6,710.32 [Docket No. 1935].

28.     Pursuant to the Interim Compensation Order [Dkt. No. 147], FG ultimately received payment in full of the interim compensation and reimbursement allowed to FG in this Court's orders on FG's First through Fifth Interim Fee Applications (the "Interim Fee Orders"). FG now seeks allowance, on a final basis, of all previously awarded compensation and reimbursement in the Interim Fee Orders.

29.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.   11 U.S.C. §§ 330 and 331.   Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." § 330(a)(1).   Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an Examiner, trustee under Chapter 11, or professional person, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

30.     The services rendered by FG were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

31.     FG respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the administration of the Debtor's estate. FG further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services provided to the Asbestos Committee. Accordingly, approval of the compensation sought herein is warranted.

**WHEREFORE**, FG respectfully requests that this Court enter an order:

A.    Allowing   FG   interim   compensation   for   services   incurred   during   the Compensation Period of April 1, 2016 through August 1, 2016 in the amount of **$221,391.00**;

B.    Allowing   FG   reimbursement   of   actual,   necessary   expenses   during   the Compensation Period of April 1, 2016 through August 1, 2016 in the amount of **$7,704.00**;

C.    Authorizing and approving the aggregate amount of FG compensation for the Compensation Period of April 1, 2016 through August 1, 2016 in the amount of **$229,095.00**;

D.    Authorizing   and   approving   the   final   fee   amount   of   FG   compensation   and expenses for the period of July 30, 2014 through August 1, 2016 in the amount of **$1,350,768.43**; and

E.    Granting such other and further relief as this Court deems just and proper.

Dated:  August 29, 2016                    Respectfully submitted,

                                          FRANKGECKER LLP

                                          By:    /s/ Joseph D. Frank
                                          Joseph D. Frank (IL Bar No. 6216085)
                                          Reed Heiligman (IL Bar No. 6294312)
                                          FRANKGECKER LLP
                                          325 North LaSalle Street, Suite 625
                                          Chicago, Illinois  60654
                                          Telephone:     (312) 276-1400
                                          Facsimile:      (312) 276-0035
                                          jfrank@fgllp.com
                                          rheiligman@fgllp.com
                                          *Counsel to the Committee of Asbestos Personal
                                          Injury Claimants*

## CERTIFICATE OF SERVICE

I, Joseph D. Frank, an attorney, hereby certify that on **August 29, 2016**, a true and correct copy of the **Sixth Interim Fee Application of FrankGecker LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Committee of Asbestos Personal Injury Claimants for the Period from April 1, 2016 Through August 1, 2016 and for Final Allowance for the Period from July 30, 2014 Through August 1, 2016** was filed electronically. Notice of the filing will be sent to all parties who are currently on the attached Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. A copy also was served by first class United States mail, postage prepaid, upon the parties on the attached Master Service List.

_____/s/ Joseph D. Frank_____

# Mailing Information for Case 14-11873

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Margaret M Anderson   panderson@foxswibel.com, cjelks@foxswibel.com;bkdocket@foxswibel.com
- Joel D. Applebaum   japplebaum@clarkhill.com
- Stephen C Ascher   stephen.ascher@mclolaw.com
- Brad Berish   bberish@ag-ltd.com, dbaird@ag-ltd.com
- Megan R Braden   mbraden@morganlewis.com
- James L Bromley   jbromley@cgsh.com, maofiling@cgsh.com
- Katharine Byrne   kbyrne@cooneyconway.com
- Timothy R Casey   timothy.casey@dbr.com, andrew.groesch@dbr.com
- Scott R Clar   sclar@craneheyman.com, mjoberhausen@craneheyman.com;asimon@craneheyman.com
- Daniel J Dulworth   ddulworth@clarkhill.com
- Richard W Esterkin   resterkin@morganlewis.com, vrader@morganlewis.com
- Joseph D Frank   jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com;mmatlock@fgllp.com
- Lawrence B Friedman   lfriedman@cgsh.com, maofiling@cgsh.com
- Gregory M Gartland   ggartland@winston.com
- Robert S Gebhard   robert.gebhard@sedgwicklaw.com
- Frances Gecker   fgecker@fgllp.com, csmith@fgllp.com
- Jared M Gerber   jgerber@cgsh.com, maofiling@cgsh.com
- Celeste R Gill   gillc1@michigan.gov, wilcoxk3@michigan.gov
- Kathryn Gleason   USTPRegion11.es.ecf@usdoj.gov, Kathryn.M.Gleason@usdoj.gov
- Lindsee P Granfield   lgranfield@cgsh.com, maofiling@cgsh.com
- Adam D Grant   agrant@dickinsonwright.com
- Scott D Heffron   scott.heffron@usdoj.gov
- Reed A Heiligman   rheiligman@fgllp.com, ccarpenter@fgllp.com;mmatlock@fgllp.com
- Curt F Hennecke   chennecke@braytonlaw.com
- Roger J. Higgins   rhiggins@rogerhigginslaw.com
- Todd C Jacobs   docket@shb.com, tjacobs@shb.com
- Steve Jakubowski   sjakubowski@rsplaw.com
- Kay Kress   kressk@pepperlaw.com
- Patrick S Layng   USTPRegion11.ES.ECF@usdoj.gov
- Brigid M Leahy   bleahy@davidchristianattorneys.com, mbloch@davidchristianattorneys.com
- Brandon Levitan   blevitan@proskauer.com, npetrov@proskauer.com;mbienenstock@proskauer.com;jliu@proskauer.com;pabelson@proskauer.com;GRAICHT@proskauer.com;vindelicato@proskauer.com;ebarak@proskauer.com;mzerjal@proskauer.com;ctheodoridis@proskauer.com

- Mark A Lightner   mlightner@cgsh.com, maofiling@cgsh.com,Team-BuddUAW-CGSHOnly@cgsh.com
- Jeff J Marwil   jmarwil@proskauer.com, mzerjal@proskauer.com;ctheodoridis@proskauer.com;sma@proskauer.com
- Robert B Millner   robert.millner@dentons.com, ndil_ecf@dentons.com
- Kevin H Morse   khmorse@arnstein.com
- Ernesto Palomo   epalomo@lockelord.com
- Ronald W Payne   ron.payne@lewisbrisbois.com, frank.brennan@lewisbrisbois.com
- Marc S Pfeuffer   pfeuffer.marc@pbgc.gov, efile@pbgc.gov
- Mark L Radtke   mradtke@shawfishman.com, mzavala@shawfishman.com
- Landon S Raiford   lraiford@jenner.com, mmatlock@jenner.com
- Peter J Roberts   proberts@shawfishman.com
- Melissa M. Root   mroot@jenner.com
- Marc E Rosenthal   mrosenthal@proskauer.com
- Scott N. Schreiber   sschreiber@clarkhill.com, tbraun@clarkhill.com;pkelly@clarkhill.com
- Ryan T Schultz   rschultz@fslc.com, bkdocket@fslc.com
- Catherine L Steege   csteege@jenner.com, docketing@jenner.com
- Jeremy T Stillings   jstillings@proskauer.com
- Sheryl Toby   stoby@dykema.com
- Steven B Towbin   stowbin@shawfishman.com
- Jeramy D Webb   jwebb@proskauer.com
- Brian P Welch   bwelch@craneheyman.com, gbalderas@craneheyman.com
- David K Welch   dwelch@craneheyman.com, gbalderas@craneheyman.com;jdan@craneheyman.com
- Stefanie Wowchuk McDonald   stefanie.mcdonald@dentons.com, NDIL_ECF@dentons.com
- Tacie H Yoon     , mplevin@crowell.com
- Jessica Zeratsky   jzeratsk@vonbriesen.com
-

## MASTER SERVICE LIST (as of August 18, 2016)

Adelman & Gettleman Ltd.
(counsel to Allstate Ins. Co., solely as
Successor-in-Interest to Northbrook Excess
Surplus Ins. Co.)
Attn: Brad A. Berish
53 West Jackson Street, Suite 1050
Chicago, IL 60604

Clark Hill PLC
(counsel to Thyssenkrupp North America, Inc.)
Attn: Scott N. Schreiber
150 North Michigan Avenue, Suite 2700
Chicago, IL 60601

Clark Hill PLC
(counsel to Thyssenkrupp North America, Inc.)
Attn: Joel D. Applebaum
151 South Old Woodward Avenue, Suite 200
Birmingham, MI 48009

Clark Hill PLC
(counsel to Thyssenkrupp North America, Inc.)
Attn: Daniel J. Dulworth
500 Woodward Avenue, Suite 500
Detroit, MI 48226

Cleary Gottlieb Steen & Hamilton LLP
(counsel to International Union, UAW)
Attn: Mark Lightner
One Liberty Plaza
New York, NY 10006

Cohn Baughman & Martin
(counsel to Century Indemnity Company)
Attn: Stephen C. Ascher
333 West Wacker Drive, Suite 900
Chicago, IL 60606

Crane, Heyman, Simon, Welch & Clar
(counsel for Int'l Union, United Auto,
Aerospace and Agriculture Implement Workers
of America)
Attn: Scott R. Clar, Brian P. Welch,
David K. Welch
135 South LaSalle Street, Suite 3705
Chicago, IL 60603

Crowell & Moring LLP
(Counsel to Fireman's Fund Insurance
Company)
Attn: Leslie A. Davis. Tacie H. Yoon
1001 Pensylvania Avenue, N.W.
Washington, DC 20004

Crowell & Moring LLP
(Counsel to Fireman's Fund Insurance
Company)
Attn: Mark D. Plevin
275 Battery Street, 23rd Floor
San Francisco, CA 94111

Daniel M. Siemion
913 Crest Street
Mount Clemens, MI 48043-6400

David Christian Attorneys LLC
(counsel to Continental Ins. Co., Columbia
Casualty Co. and American Centennial Ins. Co.)
Attn: David Christian
3515 West 75th Street, Suite 208
Prairie Village, KS 66208

Delaware County Solid Waste Authority
1521 North Providence Road
Rose Tree Park
Hunt Club Building
Media, PA 19063

Delaware Department of Justice
Attn: Robert S. Kuehl, Deputy Attorney General
Carvel State Building
820 French Street
Wilmington, DE 19901

Dentons US LLP
(Counsel to Liberty Mutual Insurance Company)
Attn: Robert B. Millner
Attn: Stefanie Wowchuk Mcdonald
233 South Wacker Drive, Suite 7800
Chicago, IL 60606

Department of Natural Resources and
Environmental Control
Attn: Collin O'Mara, Secretary
Richardson & Robbins Building
89 Kings Highway
Dover, DE 19901

Department of Natural Resources and
Environmental Control
Attn: Timothy Rastep
Environmental Program Administrator
Site Investigation and Restoration Section
89 King Highway
Dover, DE 19901

Dickinson Wright PLLC
(special counsel to Debtor)
Attn: Adam D. Grant
500 Woodward Avenue, Suite 4000
Detroit, MI 48226

Dykema Gossett PLLC
(counsel for certain officers and directors
of The Budd Company, Inc.)
Attn: Sheryl L. Toby
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304

Environmental Natural Resources/
Agriculture Division
Attn: Celeste R. Gill, Assistant Attorney General
6th Floor, G
Mennen Williams Building
525 West Ottawa Street
Lansing, MI 48933

Georgia Department of Natural Resources
Georgia Environmental Protection Division
2 Martin Luther King Jr. Drive
Suite 1456 East Tower
Atlanta, GA 30334

Grippo & Elden LLC
(counsel to Fireman's Fund Insurance Company)
Attn: Todd C. Jacobs
111 South Wacker Drive, Suite 5100
Chicago, IL 60606

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jenner & Block LLP
(counsel to the Committee of Executive &
Administrative Retirees)
Attn: Melissa Root, Catherine Steege, Charles B.
Sklarsky, Landon S. Raiford and Joel T. Pelz
353 North Clark Street
Chicago, IL 60654

Locke Lord LLP
(counsel to American Empire Surplus Lines Ins.
Co.)
Attn: Ernesto R. Palomo
111 South Wacker Drive
Chicago, Illinois 60606

Michigan Department of Natural Resources
Executive Division
P.O. Box 30028
Lansing, MI 48909

Michigan Department of Natural Resources and
Environment
Remediation and Redevelopment Division
Attn: Brian Monroe, Chief
Constitution Hall, South 4th Floor
525 West Allegan Street
Lansing, MI 48933

Ministry of the Environment
Attn: Glen Murray, Minister of the Environment
Public Information Center
2nd Floor, Macdonald Block
900 Bay Street
Toronto, ON M7A 1N3
CANADA

Morgan, Lewis & Bockius LLP
(counsel to the Folcroft Landfill PRP Group)
Attn: Megan R. Braden
77 West Wacker Drive, Suite 500
Chicago, IL 60601

New York State Department of Environmental
Conservation
Attn: Ed McTiernan, General Counsel
Office of General Counsel
625 Broadway, 14th Floor
Albany, NY 12233-1500

New Castle County
Attn:  Bernard Pepukayi, County Attorney
Attn: Thomas P. Gordon, County Executive
New Castle County Government Center
87 Reads Way
New Castle, DE  19720

Office of the Secretary to the Governor
Attn: Basil Seggos, Deputy Secretary for the
Environment
State Capital
Albany, NY  12224

Office of the United States Trustee
Attn:  Patrick S. Layng
219 South Dearborn Street, Room 873
Chicago, IL  60604

Pennsylvania Department of Environmental
Protection
Southwest Regional Office
Attn:  Stephen Sinding
Attn:  Andrew Hartzell
2 East Main Street
Norristown, PA  19401-4915

Pension Benefit Guarantee Corporation
Attn:  Marc S. Pfeuffer, U.S. Government
Attorney
1200 K Street, N.W.
Washington, D.C.  20005

Pepper Hamilton LLP
(counsel to Satterlee Landfill Joint Defense
Group)
Attn:  Kay Standridge Kress
4000 Town Center, Suite 1800
Southfield, MI  48075-1505

Proskauer Rose LLP
(counsel to The Budd Company, Inc.)
Attn:  Jeff J. Marwil, Jeremy T. Stillings.
Jeremy D. Webb
70 West Madison Street, Suite 3800
Chicago, IL  60602-4342

Robbins Salomon & Patt, Ltd.
(counsel to First State Ins. Co.,
New England Ins. Co.
and New England Reinsurance Co.)
Attn:  Steve Jakubowski
180 North LaSalle Street, Suite 3300
Chicago, IL  60601

Sedgwick LLP
(counsel to Arrowood Indemnity Company
f/k/a Royal Indemnity Company)
Attn:  Michael J. McNaughton
One North Wacker Drive, Suite 4200
Chicago, IL  60606-2841

Sedgwick LLP
(counsel to Arrowood Indemnity Company as
Successor in Interest to All Predecessor
Corporations)
Attn:  Robert S. Gebhard
333 Bush Street, 30th Floor
San Francisco, CA  94104

Shaw Fishman Glantz & Towbin LLC
(counsel to KPS Capital Partners, LP)
Attn:  Mark L. Radtke, Peter J. Roberts,
Steven B. Towbin
321 North Clark Street, Suite 800
Chicago, Illinois  60654

US Department of Justice – ENRD
Environmental Enforcement Section
Attn:  John W. Sither, Senior Attorney
P.O. Box 7611
Washington, DC  20044-7611

US EPA Region II
Attn : Doug Fisher, Regional Counsel
Office of Regional Counsel
290 Broadway, 17th Floor
New York, NY  10007-1866

US EPA Region III
Attn:  Ami Y. Antoine, Sr, Asst. Regional
Counsel
1650 Arch Street
Philadelphia, PA  19103

US EPA Region III
Attn:  Marcia Mulkey, Regional Counsel
Attn:  Shawn M. Garvin, Regional
Administrator
1650 Arch Street
Philadelphia, PA  19103-2029

US EPA Region III
Attn:  Tim Gallagher, Remedial Project Manager
Attn:  Josh Barber, Remedial Project Manager
1650 Arch Street, 6th Floor
Philadelphia, PA  19103

US EPA Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA  30303

West Caln Township
Attn:  Township Manager
Route 340
Wagontown, PA  19376