## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No.  14-11873 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**NOTICE OF HEARING ON THE SEVENTH AND FINAL FEE APPLICATION OF THE SEGAL COMPANY AS ACTUARIAL CONSULTANTS TO THE SECTION 1114 COMMITTEE OF RETIRED EMPLOYEES FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2016 THROUGH JULY 31, 2016**

PLEASE TAKE NOTICE that on **Friday, October 21, 2016 at 1:30 p.m. CT**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Jack B. Schmetterer, United States Bankruptcy Judge, in Room 682 of the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), 219 South Dearborn Street, Chicago, IL 60604, or any other Judge who may be sitting in his place and stead, and then and there present for hearing the *Seventh and Final Fee Application of the Segal Company as Actuarial Consultants to the Section 1114 Committee of Retired Employees for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2016 through July 31, 2016* (the "Application"), a copy of which was served upon you on May 16, 2016 via the Court's ECF system and alternatively by first class mail or electronic mail.

PLEASE TAKE FURTHER NOTICE that objections to the Application must be in writing and filed with the Bankruptcy Court and served on undersigned counsel to the Retiree Committee and the office of the United States Trustee no later than October 14, 2016 at 4:00 p.m. (Central Time).

PLEASE TAKE FURTHER NOTICE that copies of all documents filed in this case are available free of charge by visiting the case website maintained by Epiq Bankruptcy Solutions,

LLC, notice and claims agent for this chapter 11 case, at http://dm.epiq11.com/Budd or by calling

(646) 282-2400.  You also may obtain copies of any pleadings by visiting the Court's website at

www.ilnb.uscourts.gov in accordance with the procedures and subject to the fees applicable

thereto.

Dated: August 29, 2016                             Respectfully submitted,

                                                   JENNER & BLOCK LLP

                                                   */s/ Catherine L. Steege*
                                                   Catherine Steege (06183529)
                                                   Melissa M. Root (62882466)
                                                   Landon S. Raiford (6297473)
                                                   353 North Clark Street
                                                   Chicago, IL 60654-3456
                                                   Telephone:  (847) 583-1618
                                                   Facsimile: (847) 583-1719

                                                   Counsel to the Retiree Committee

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| _____ | ) | |

**.SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS**
**FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES FILED UNDER 11 U.S.C. SECTION 330**

| Name of Applicant | The Segal Company |
|---|---|
| Time Period Covered by this Application | April 1, 2016 – July 31, 2016 |
| Total Compensation Sought for this Period | $119,609.50 |
| Total Expenses Sought for this Period | $5,963.77 |
| Authorized to Provide Services as | Actuarial Consultants |
| Petition Date | March 31, 2014 |
| Retention Date | May 8, 2014 |
| Date of Order Approving Appointment | April 30, 2014 |
| Total compensation approved by interim order to date | $505,778.00 |
| Total allowed compensation paid to date | $505,778.00 |
| Total allowed expenses paid to date | $13,926.07 |
| Blended rate for this application | $456.00 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $54,651.60 |

1

| | |
|---|---|
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $4,031.22 |
| Number of professionals included in this application | 7 |
| If applicable, number of professionals included in this application not included in the staffing plan approved by client | Not Applicable |
| If applicable, difference between fees budgeted and compensation sought for this period | Not Applicable |
| Number of professionals billing fewer than 15 hours in this case during this period | 3 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application. | Increases were implemented 1/1/2016. The total professional fees would have been $116,924.00 if the retention rates were applied. |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |

**SEVENTH INTERIM APPLICATION OF THE SEGAL COMPANY,
AS ACTUARIAL CONSULTANTS TO THE SECTION 1114  COMMITTEE OF
RETIRED EMPLOYEES FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2016
THROUGH JULY 31, 2016**

| | |
|---|---|
| Name of Applicant: | The Segal Company |
| Authorized to Provide Professional Services to: | The Section 1114 Committee of Retired Employees |
| Date of Retention: | Effective as of May 8, 2014 |
| Compensation Period: | April 1, 2016 – July 31, 2016 |
| Amount of Compensation sought as actual, reasonable and necessary | $119,609.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $  5,963.77 |
| Prior Fee Applications: | $       0.00 |

The following table summarizes the Seventh Interim Application of the Segal Company:

## SUMMARY OF FEES REQUESTED

| Name | Title | Hours | Hourly Rate | Fees |
|------|-------|-------|-------------|------|
| Stuart Wohl | Senior Vice President | 115.1 | $550 | $63,305.00 |
| Thomas Levy | Senior Vice President –Chief Actuary | 24.3 | $790 | $19,197.00 |
| Thomas Miller | Vice President – Health Manager | 5.2 | $470 | $2,444.00 |
| Mildeen Worrell | Vice President – Compliance Practice Leader | 25.8 | $455 | $11,739.00 |
| Adam Condrick | Vice President - Actuary | 1.4 | $465 | $651.00 |
| Joel Stouffer | Senior Compliance Consultant | 1.2 | $370 | $444.00 |
| Caitlin Grice | Actuarial Analyst | 89.3 | $245 | $21,878.50 |
| **TOTAL** | | **262.3** | | **$119,658.50** |

## <u>SUMMARY OF EXPENSES SOUGHT FOR REIMBURSEMENT</u>

**Project Categories Description:**

**A. Actuarial Analysis**                              **$17,250.50**

| Name | Hours | Hourly Rate | Fees |
|------|-------|-------------|------|
| Stuart Wohl | 17.7 | $550 | $9,735.00 |
| Thomas Miller | 4.2 | $470 | $1,974.00 |
| Adam Condrick | 0.8 | $465 | $372.00 |
| Caitlin Grice | 21.1 | $245 | $5,169.50 |
| **TOTAL** | **43.8** | | **$17,250.50** |

The Actuarial Analysis is the foundation of the work we did for the Committee.  During this interim period we:

➢ Analyzed various life insurance funding alternatives

➢ Prepared numerous life insurance cash flow analysis

➢ Analyzed cost impact of participants with medical only or prescription only coverage

➢ Prepare plan design scenarios for Retiree Committee consideration

➢ Review financial reports prepared by Chief Restructuring Officer with regard to Caremark rebates

➢ Update projected costs and cash flow based on updated participant data

➢ Analyze catastrophic cost impact of the prescription drug plan

➢ Prepare actuarial requirements for IRS Form 1024

**B. Case Management** **$3,256.00**

| Name | Hours | Hourly Rate | Fees |
|------|-------|-------------|------|
| Stuart Wohl | 3.4 | $550 | $1,870.00 |
| Thomas Levy | 0.3 | $790 | $237.00 |
| Thomas Miller | 0.6 | $470 | $282.00 |
| Adam Condrick | 0.6 | $465 | $279.00 |
| Caitlin Grice | 2.4 | $245 | $588.00 |
| **TOTAL** | **7.3** | | **$3,256.00** |

The Case Management time typically reflects time spent on preparing fee applications and interim fee applications that go beyond our regular invoicing requirements. However, we have excluded that time from our billing. This time reflect internal discussions on work plans and projects to ensure we are providing the analysis requested by the client and are being prepared at the correct staff level as well as planning for retiree meetings in Detroit and Philadelphia.

**C. Data Analysis** **$825.00**

| Name | Hours | Hourly Rate | Fees |
|------|-------|-------------|------|
| Stuart Wohl | 1.5 | $550 | $825.00 |
| **TOTAL** | **1.5** | | **$825.00** |

This was time spent comparing new participant data and comparing to counts in prior participant data.

4

**D. Document Review**                                     **$26,318.00**

| Name | Hours | Hourly Rate | Fees |
|------|-------|-------------|------|
| Stuart Wohl | 21.2 | $550 | $11,660.00 |
| Thomas Levy | 1.6 | $790 | $1,264.00 |
| Joel Stouffer | 1.2 | $370 | $444.00 |
| Mildeen Worrell | 24.8 | $455 | $11,284.00 |
| Caitlin Grice | 6.8 | $245 | $1,666.00 |
| **TOTAL** | **55.6** | | **$26,318.00** |

This time was spent reviewing the Plans Disclosure Statement, Court filings on plan support letter, Blue Cross Blue Shield of Michigan documents (contract, plan summaries, stop loss contract, administrative services contract) related to the new medical and prescription drug plans for the new Voluntary Employee Beneficiary Assocation (VEBA), Unicare documents related to the dental plan for the new VEBA and ULLICO documents related to the life insurance plan for the new VEBA.   This also included time for preparing the information and documents needed to assist in procuring Fiduciary and Fidelity Insurance, Auditor and Investment Consultant for the new VEBA as well as preparing the Summary Plan Document (SPD) and all Benefit Summaries..   Segal also reviewed the summary of the investment manager RFP analysis prepared by SOLIC, reviewed various letters being sent to participants and reviewed the materials prepared by Jenner for the in-person Retiree Meetings.

**E. Meetings and Calls with Other Professionals**                    **$11,477.00**

| Name | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Stuart Wohl | 13.1 | $550 | $7,205.00 |
| Thomas Levy | 0.5 | $790 | $395.00 |
| Thomas Miller | 0.4 | $470 | $188.00 |
| Mildeen Worrell | 1.0 | $455 | $455.00 |
| Caitlin Grice | 13.2 | $245 | $3,234.00 |
| **TOTAL** | **28.2** | | **$11,477.00** |

This time was for numerous discussions between Segal and Jenner, SOLIC, CDS, BCBS Michigan, Unicare and Ullico on a variety of issues including disclosure language, implementation of new VEBA plans, financial reports prepared by the Debtor.

**F. Report Preparations**                    **$3,283.00**

| Name | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Stuart Wohl | 4.9 | $550 | $2,695.00 |
| Caitlin Grice | 2.4 | $245 | $588.00 |
| **TOTAL** | **7.3** | | **$3,283.00** |

This time was spent preparing reports for the April 4th Retiree Committee meeting and also included a review of the RFP for investment consultant services. The latter should have been classified as Document Review.

| G. Research | | | $2,035.00 |
|---|---|---|---|
| **Name** | **Hours** | **Hourly Rate** | **Fees** |
| Stuart Wohl | 3.7 | $550 | $2,035.00 |
| **TOTAL** | **3.7** | | **$2,035.00** |

This time related to research about creditable coverage, current eligibility rules for spouses, children and domestic partners as well as potential requirements for Wohl to be named as a Broker of Record for the Blue Cross Blue Shield Plans.

| H. Retiree Committee Meeting and Calls | | | $55,214.00 |
|---|---|---|---|
| **Name** | **Hours** | **Hourly Rate** | **Fees** |
| Stuart Wohl | 49.6 | $550 | $27,280.00 |
| Thomas Levy | 21.9 | $790 | $17,301.00 |
| Caitlin Grice | 43.4 | $245 | $10,633.00 |
| **TOTAL** | **114.9** | | **$55,214.00** |

This time reflects a number of Retiree Committee conference calls (in lieu of in-person meetings), as well as two in-person Retiree Committee meeting and two one-day retiree meetings in Detroit and Philadelphia.

7

The Segal Company ("Segal"), actuarial consultants to the Section 1114 Committee of Retired Employees (the "Retiree Committee") (collectively, the "Debtors"), hereby files its Seventh Interim Fee Application, pursuant to *105, 330, and 331 of title 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), rule 2016 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules")* for payment of an administrative claim for (i) professional actuarial and benefits consulting services in the amount of **$119,609.50** for total reasonable and necessary actuarial and benefits consulting services Segal rendered to the Committee from April 1, 2016 through July 31, 2016 ("The Compensation Period and (ii) the reimbursement of **$5,963.77** in actual and necessary expenses Segal incurred during the Seventh Interim Fee Period. In support of the Interim Application, Segal respectfully states as follows:

## **BACKGROUND**

1.      On March 31, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code.

2.      On April 14, 2014, this Court entered an Order Directing the Appointment of a Retirees' Committee (Dkt. No 61), and on April 30, 2014, the United States Trustee filed a Notice of Appointment of Committee of Executive and Administrative Retirees (the "Retiree Committee")(Dkt No. 113).

3.      On May 9, 2014, this Court entered the Interim Compensation Order.

4.      On May 21, 2014, the Retiree Committee filed an application retain Segal as its Actuarial Consultant. (Dkt. No. 181) The retention application set forth the terms and conditions of Segal's employment and compensation, and the source of compensation. Specifically, the application stated that Segal would seek compensation for Actuarial Consultant fees and necessary and reasonable out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Interim Compensation Order.

5.      On May 2, 2014, this Court entered the Order Authorizing the Employment and Retention of The Segal Company as Actuarial Consultants for the Retiree Committee Pursuant to 11 U.S.C. §§1103(a) and 1114(b)(2) *effective as of* May 6, 2014. (Dkt. No. 181)

6.      On July 25, 2014, this Court entered the Stipulation and Agreed Order with Respect to Appointment of an Independent Fee Examiner. (Dkt. No. 346)

7.      The fees charged by Segal in this case are billed in accordance with its general existing billing rates and procedures in effect during the Compensation Period.  The rates Segal charges for the services rendered by its professionals and paraprofessionals to the Retiree Committee are the rates charged by the firm for professional and paraprofessional services rendered in comparable matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable cases in a competitive national legal market.

8.      The Retiree Committee has had opportunity to review and comment on this Application, and the Retiree Committee approves the requested amount in the Application.

9.      Segal has prepared this Application in accordance with our best efforts to comply with (i) the United States Trustee Guidelines for Reviewing Seventh Interim Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C §330 (Appendix A to 28 C.F.R. §58), dated May 17, 1996, and the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No. 116. Page 36248 (June 17, 2013) (collectively, the "UST Guidelines"); (ii) Bankruptcy Code §§ 328, 329, 330, and 331; (iii) Rule 2016 of the Federal Rules of Bankruptcy Procedures; (iv) the Interim Compensation Order; and (v) Local Bankruptcy Rule 5082-1. In additional, for expenses, and as requested by the Fee Examiner, Segal has prepared this Application in accordance with Administrative Order Re: Guidelines for Fees and Disbursements for Professionals in Southern District of New York

9

Bankruptcy Cases dated June 20, 1991 (the "Original SDNY Guidelines") and the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on June 17, 2003 (the "Amended SDNY Guidelines,")

and together with the UST Guidelines, the Bankruptcy Code, the Bankruptcy Rules and the

Local Rules, the "Guidelines"). To the extent necessary, Segal requests a waiver for cause shown

of any Guidelines requirement not met by this Application.

10.     The fees charged by Segal in this case are billed in accordance with its general

2014, 2015 and 2016 billing rates and procedures in effect during the Compensation Period with

the exception that rates for Wohl, Levy, Condrick, and Grice were not increased to standard 2015

rates as of January 1, 2015. The rates for Wohl, Levy, Condrick and Grice were increased as of

January 1, 2016 to the standard rates as of that time.  Mr. Miller's rate was increased also as of

January 1, 2016.     If these rates had not increased, our requested fee would have been

$116,924.00, $2,685.50 less than our actual requested fee.  The Retiree Committee was informed

about the increase in rates.  The rates Segal charges for the services rendered by its professionals

to the Retiree Committee are the rates charged by the firm for professional services rendered in

comparable matters. Segal's fees are reasonable based on the customary compensation charged

by comparably skilled practitioners in comparable cases in a competitive national legal market.

In accordance with the UST Guidelines, attached hereto as Exhibit A is a Customary and

Comparable Compensation Disclosures with Fee Application supporting the reasonableness of

Segal's fee. None of Segal's professionals included in the Application have varied their hourly

rate based on the geographic location of the Debtor's bankruptcy case.

11.     All of the services for which compensation is sought were rendered to the Retiree

Committee solely in connection with this case and not on behalf of any individual creditor or

other person.

12.     Segal has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

13.     Segal has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Segal or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

**Professional Services Rendered**

14.     Segal performed services during the Compensation Period including reviewing plan documents and materials, analyzing the costs of the various health and welfare programs provided by the Debtors to their retirees, collecting detailed participant demographic and plan data on the over 1,500 retired persons and dependent and analyzing the long term costs to the Debtors including an analysis of the actuarial valuation prepared by the Debtor's actuary.  Segal also requested and analyzed proposals from prospective Dental and Life Insurance Carriers, assisted in arranging for Fiduciary and Fidelity Insurance, Reviewed the Plan's Disclosure Statement and assisted in the implementation of the new programs.  In addition, Segal participated in numerous meetings and teleconferences with the Retiree Committee and the Retiree Committee Professionals as well as participated in two one-day retiree meetings in Detroit and Philadelphia.

15.     The Segal actuaries and benefits consultants who rendered professional services for the Committee during the Compensation Period are:

11

Case 14-11873   Doc 2019   Filed 08/29/16   Entered 08/29/16 15:59:55   Desc Main
Document       Page 16 of 21

| Name | Title | Hours | Hourly Rate | Fees |
|------|-------|-------|-------------|------|
| Stuart Wohl | Senior Vice President | 115.1 | $550 | $63,305.00 |
| Thomas Levy | Senior Vice President –Chief Actuary | 24.3 | $790 | $19,197.00 |
| Thomas Miller | Vice President – Health Manager | 5.2 | $470 | $2,444.00 |
| Mildeen Worrell | Vice President – Compliance Practice Leader | 25.8 | $455 | $11,739.00 |
| Adam Condrick | Vice President - Actuary | 1.4 | $465 | $651.00 |
| Joel Stouffer | Senior Compliance Consultant | 1.2 | $370 | $444.00 |
| Caitlin Grice | Actuarial Analyst | 89.3 | $245 | $21,878.50 |
| **TOTAL** | | **262.3** | | **$119,658.50** |

Segal provided $119,608.50 worth of professional services during the Compensation Period but is only requesting **$119,609.50** (there is a discrepancy between the invoice for time in June versus the billed amounts) and incurred **$5,963.77** in actual and necessary expenses. Billing records that include detailed itemization and descriptions of the services performed and expenses incurred by Segal during the Seventh Interim Fee Period are attached hereto as Exhibit A.

16.     The professional fees charged by Segal are reasonable in light of the complexity of the issues faced by the Retiree Committee, the necessity of providing the Retiree Committee with comprehensive advice and the time constraints within which the Retiree Committee and its professionals were required to work.  The services performed by Segal were necessary in order to prepare and assist the Retiree Committee in negotiations, settlement and continued advice. We would like to note the following:

12

➢ For conference calls with the Retiree Committee, we may have had as many as 3 team members. This was so Segal could answer questions immediately without the need to reconvene in case the appropriate Segal staff were not on the call.

➢ We limited in-person meeting attendance to 2 Segal staff except for the July 27th, 2016 Retiree Committee meeting. For this meeting, we included Ms. Grice, Mr. Levy and Mr. Wohl. Mr. Levy was included for his experience in the connection between investment management of assets and the actuarial cash flow projections as the newly hired VEBA investment consultant was presenting alternatives to the Retiree Committee.

➢ Mr. Condrick and Mr. Stouffer had less than 5 hours of time in this interim period. Mr. Condrick has been involved in the actuarial analysis since our work began and was needed to review additional work. Mr. Stouffer was asked to review documents prepared by Ms. Worrell related to the plan's Summary Plan Document.

## Actual and Necessary Expenses

17.    It is Segal's policy to charge their clients for identifiable, non-overhead expenses incurred in connection with a client's matter that would not have been incurred except for retention by the particular client. It is Segal's policy to charge their clients only the actual amount incurred in connection with such items. Examples of such expenses are overnight mail, courier delivery, computer assisted research, photocopying, out-going facsimile transmissions, airfare and lodging. With respect to airfare expense, all travel, by all individuals, is billed at the coach class rate with the allowance of class upgrades.

18.    Segal incurred **$5,963.77** in actual and necessary expenses during the Compensation Period.

## EXPENSES

## EXPENSES

### Trip Expenses 04/03 – 04/04/2016 for Stuart Wohl

| | | |
|---|---|---|
| Airlines Ticket | | $ 518.20 |
| Airline Ticket Change | | $ 368.00 |
| - Write Off | | $ 168.00 |
| | Net | $ **200.00** |
| Parking (DCA) | | $ 34.50 |
| Mileage | | $ 32.40 |
| Hotel | | $ 354.54 |
| **Subtotal** | | **$1,139.64** |

### Trip Expenses 04/03 – 04/04/2016 for Caitlin Grice

| | | |
|---|---|---|
| Airlines Ticket | | $ 518.20 |
| Airlines Change Fee | | $ 660.00 |
| - Write Off | | $ 460.00 |
| | Net | $ **200.00** |
| Hired Car from home to Airport | | $ 19.45 |
| Cab from Airport to home | | $ 30.00 |
| Hotel | | $ 354.54 |
| **Subtotal** | | **$1,122.19** |

### BUDD Retiree Trip Expenses 06/28 – 06/29/2016 for Stuart Wohl

| | |
|---|---|
| Flight (PHL-DTW / DTW/BWI) | $ 850.20 |
| Car from Philly Airport to Hotel | $ 117.00 |
| Amtrak Train Ticket to Phil | $ 78.00 |
| Car from Hotel to Meeting | $ 30.89 |
| Breakfast (06/28/16) | $ 48.00 |

| | |
|---|---|
| Dinner (06/28/16) | $ 27.26 |
| Breakfast (06/29/16) | $ 24.20 |
| Parking at Marc Station | $ 18.00 |
| Mileage | $ 48.60 |
| Tolls | $  6.00 |
| Tips | $  4.00 |
| Hotel | $ 287.02 |
| **Subtotal** | **$1,539.17** |

## BUDD Retiree Trip Expenses 06/28 – 06/29/2016 for Caitlin Grice

| | |
|---|---|
| Amtrak Train Ticket (DC/PHL RT) | $ 174.00 |
| Amtrak Change Fee (Earlier Train) | $  19.00 |
| Hired Car from Home to Train | $   5.40 |
| Hired Car from Meeting to Philly Train | $   31.82 |
| **Subtotal** | **$ 230.22** |

## BUDD Retiree Trip Expenses 07/26 – 07/27/2016 for Stuart Wohl

| | |
|---|---|
| Flight (DCA-DTW / DTW- DCA) | $ 320.20 |
| Hotel | $ 295.26 |
| Parking at DCA | $  31.00 |
| Mileage | $   32.40 |
| **Subtotal** | **$ 678.86** |

15

**BUDD Retiree Trip Expenses 06/26 – 06/27/2016 for Caitlin Grice**

| | |
|---|---|
| Flight (DCA – DTW /DTW-DCA) | $ 320.20 |
| Hotel | $ 295.26 |
| Hired Car from DCA to home | $    20.87 |
| **Subtotal** | **$  636.33** |

**BUDD Retiree Trip Expenses 07/26 – 07/27/2016 for Thomas Levy**

| | |
|---|---|
| Flight (Toronto-DTW / DTW- Toronto) | $ 548.96 |
| Parking at Toronto | $    46.80 |
| Mileage | $    21.60 |
| **Subtotal** | **$  617.36** |

## SUMMARY OF EXPENSES
## APRIL 1, 2016 THROUGH JULY 31, 2016

### Summary

18.     In summary, by this Application, Segal requests allowance for fees and expenses in the total amount of **$125,573.27** consisting of (a) **$119,609.50** the reasonable and necessary professional services rendered; (b) for actual and necessary costs and expenses. Pursuant to the Interim Compensation Order, Segal requests payment of **$5,963.77** for professional service fees incurred in the Seventh Interim Fee Period in accordance with the Compensation Procedures Order.

WHEREFORE, The Segal Company requests (a) that an allowance be made, as fully described above, for the (i) reasonable and necessary professional services Segal has rendered during the Seventh Interim Fee Period and (ii) reimbursement of actual and necessary costs and expenses Segal incurred during the Compensation Fee Period, and (a) that both fees and expenses be payable as administrative expenses of these estates.

Dated: August 25, 2016
         Washington, D.C.

Respectfully submitted
THE SEGAL COMPANY

By: _____
         Stuart I. Wohl
         The Segal Company
         1920 N Street, N.W., Suite 400
         Washington, D.C. 20036
         (202) 833-6400 (phone)

17