## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |

**NOTICE OF HEARING ON SEVENTH INTERIM (FOR THE PERIOD
APRIL 1, 2016 THROUGH AUGUST 25, 2016) AND FINAL (FOR THE
PERIOD APRIL 9, 2014 THROUGH AUGUST 25, 2016) FEE
APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP,
COUNSEL TO THE UAW, AS SECTION 1114 AUTHORIZED REPRESENTATIVE**

**PLEASE TAKE NOTICE** that on August 29, 2016, Cleary Gottlieb Steen & Hamilton, LLP filed that certain *Seventh Interim Fee Application (For The Period April 1, 2016 Through August 25, 2016) And Final Fee Application (For The Period April 9, 2014 Through August 25, 2016) Of Cleary Gottlieb Steen & Hamilton LLP, Counsel To The UAW As Section 1114 Authorized Representative* (the "Seventh Interim And Final Fee Application").

**PLEASE TAKE FURTHER NOTICE** that the Court will consider the Seventh Interim And Final Fee Application at the hearing scheduled for **October 21, 2016 at 1:30 p.m. (CT)** before the Honorable Jack B. Schmetterer or any other judge who may be sitting in his place and stead, in Courtroom 682 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, at which time you may appear if you deem fit.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Seventh Interim And Final Fee Application shall be filed and served by no later than **October 14, 2016 at 4:00 p.m. (CT)**.

*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in this case are available free of charge by visiting the case website maintained by Epiq Bankruptcy Solutions, LLC, notice and claims agent for this chapter 11 case, at http://dm.epiq11.com/Budd or by calling (646) 282-2400. You also may obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and subject to the fees applicable thereto.

Dated:  August 29, 2016

Respectfully submitted,

*International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW)*

By: */s/ James L. Bromley*
       One of its attorneys

James L. Bromley (admitted *pro hac vice*)
Daniel J. Soltman (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
lgranfield@cgsh.com
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

-and-

Scott R. Clar
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 South LaSalle Street, Suite 3705
Chicago, Illinois 60603
sclar@craneheyman.com
(312) 641-6777

**HEARING DATE: OCTOBER 21, 2016, 1:30 p.m. (CT)**
**OBJECTION DEADLINE: OCTOBER 14, 2016, 4:00 p.m. (CT)**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE BUDD COMPANY, INC., | ) Case No. 14-11873 |
| | ) |
| Debtor. | ) Honorable Jack B. Schmetterer |

## COVER SHEET TO SEVENTH INTERIM FEE APPLICATION
## (FOR THE PERIOD APRIL 1, 2016 THROUGH AUGUST 25, 2016)
## AND FINAL FEE APPLICATION (FOR THE PERIOD APRIL 9, 2014
## THROUGH AUGUST 25, 2016) OF CLEARY GOTTLIEB
## STEEN & HAMILTON LLP, COUNSEL TO THE UAW
## AS SECTION 1114 AUTHORIZED REPRESENTATIVE

| | |
|---|---|
| Name of Applicant: | Cleary Gottlieb Steen & Hamilton LLP |
| Authorized to provide professional services to: | The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), as section 1114 authorized representative |
| Date of retention: | May 9, 2014 *nunc pro tunc* to April 9, 2014 |
| Period for which interim compensation and reimbursement is sought: | April 1, 2016 through August 25, 2016 |
| Period for which final compensation and reimbursement is sought: | April 9, 2014 through August 25, 2016 |
| Amount of interim compensation sought as actual, reasonable and necessary: | $671,357.25 |
| Amount of interim reimbursement sought as actual, reasonable and necessary: | $36,800.68 |
| Amount of compensation / expenses previously sought: | $8,556,841.95 / $422,427.63 |
| Amount of compensation / expenses previously approved: | $8,225,929.49 / $418,524.41 |
| Amount of final compensation sought as actual, reasonable and necessary: | $8,897,286.74 |

Amount of final reimbursement sought      $454,959.82
as actual, reasonable and necessary:

## TABLE OF CONTENTS—SUMMARY CHARTS ONLY

TOTAL CUMULATIVE FEES AND EXPENSES – INVOICED VS
    APPROVED ................................................................................................................. i

TIMEKEEPER SUMMARY – SEVENTH INTERIM APPLICATION PERIOD ...................... ii

PROJECT CATEGORY SUMMARY – SEVENTH INTERIM APPLICATION
    PERIOD ..................................................................................................................... iii

EXPENSE SUMMARY – SEVENTH INTERIM APPLICATION PERIOD............................ iv

TIMEKEEPER SUMMARY – FINAL APPLICATION PERIOD.................................................v

PROJECT CATEGORY SUMMARY – FINAL APPLICATION PERIOD.............................. ix

EXPENSE SUMMARY – FINAL APPLICATION PERIOD.......................................................x

## TOTAL CUMULATIVE FEES AND EXPENSES – INVOICED VS APPROVED

| Date Filed | Period Covered | Requested Fees/ Expenses | Approved Fees/ Expenses |
|---|---|---|---|
| 9/15/2014 | 4/9/2014 – 7/31/2014 | $1,731,746.70/$36,264.53 | $1,667,008.24/$35,102.99 |
| 1/20/2015 | 8/1/2014 – 11/30/2014 | $1,621,680.00/$84,833.00 | $1,531,952.10/$84,165.94 |
| 5/14/2015 | 12/1/2014 – 3/31/2015 | $640,697.40/$8,574.10 | $634,684.95/$8,443.44 |
| 9/2/2015 | 4/1/2015 – 7/31/2015 | $1,419,417.90/$77,375.86 | $1,417,135.40/$77,143.10 |
| 1/19/2016 | 8/1/2015 – 11/30/2015 | $831,120.30/$22,977.76 | $812,673.15/$22,612.49 |
| 5/16/2016 | 12/1/2015 – 3/31/2016 | $2,312,179.65/$192,402.38 | $2,162,475.65/$190,691.18 |
| 8/29/2016 | 4/1/2016 – 8/25/2016 | $671,357.25/$36,800.68 | Pending |

## TIMEKEEPER SUMMARY – SEVENTH INTERIM APPLICATION PERIOD

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

April 1, 2016 through August 25, 2016

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 184.40 | $230,500.00 |
| Lightner, M. A. | Associate | 2008 | Bankruptcy | $810.00 | 51.20 | $41,472.00 |
| Mao, M. A. | Associate | 2011 | Corporate | $790.00/ $800.00 | 19.30/ 5.70 | $15,247.00/ $4,560.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00/ $760.00 | 168.50/ 59.50 | $121,320.00/ $45,220.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00/ $720.00 | 126.30/ 36.20 | $82,095.00/ $26,064.00 |
| Daugherty, S. | Associate | 2016 | Litigation | $480.00/ $565.00 | 66.60/ 15.90 | $31,968.00/ $8,983.50 |
| O'Keefe, P. M. | Paralegal Coordinator | N/A | Litigation | $355.00 | 6.20 | $2.201.00 |
| Rozan, B, D. | Paralegal | N/A | Litigation | $355.00 | 3.00 | $1,065.00 |
| Cooper, M. | Paralegal | N/A | Litigation | $295.00 | 378.10 | $111,539.50 |
| Yoon, S. Y. | Paralegal | N/A | Litigation | $265.00 | 4.80 | $1,272.00 |
| Planamento, J. | Paralegal | N/A | Litigation | $265.00 | 84.70 | $22,445.50 |
| **TOTAL (prior to 10% discount):** | | | | | **1,210.40** | **$745,952.50** |
| **TOTAL (with 10% discount):** | | | | | | **$671,357.25** |

**PROJECT CATEGORY SUMMARY – SEVENTH INTERIM APPLICATION PERIOD**

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

April 1, 2016 through August 25, 2016

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Settlement | 61.80 | $53,427.00 |
| Budgeting (Case) | 0.80 | $714.00 |
| Case Administration | 93.20 | $42,398.50 |
| Employee Benefits and Pensions | 55.90 | $50,123.00 |
| Employment and Fee Applications | 503.10 | $219,666.50 |
| Non-Working Travel | 41.10 | $38,411.00 |
| Plan | 257.00 | $207,283.50 |
| Disclosure Statement | 25.00 | $20,612.00 |
| Participation at and Preparation for Hearings | 121.50 | $70,149.00 |
| Monitor Docket and Review Pleadings | 6.90 | $4,353.00 |
| Client communication | 9.50 | $7,187.00 |
| Communications with case parties | 34.60 | $31,628.00 |
| **TOTAL (prior to 10% discount)** | **1,210.40** | **$745,952.50** |
| **TOTAL (with 10% discount)** | | **$671,357.25** |

**EXPENSE SUMMARY – SEVENTH INTERIM APPLICATION PERIOD[1]**

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

April 1, 2016 through August 25, 2016

| Expense Category | Total Expenses |
|---|---|
| Duplicating | $2,994.90 |
| Telephone | $53.65 |
| Legal Research – Lexis | $4,513.97 |
| Legal Research – Westlaw | $872.41 |
| Pacer Charges | $1,430.40 |
| Delivery/Courier | $593.82 |
| Postage | $86.85 |
| Late Work – Transportation | $743.77 |
| Travel – Transportation | $14,651.59 |
| Travel – Lodging | $2,009.79 |
| Travel – Meals | $382.31 |
| Travel – Ground Transportation | $2,048.67 |
| Travel – Other | $4,103.82 |
| Late Work – Meals | $700.72 |
| Conference – Meals | $420.28 |
| Court Fees | $97.00 |
| Transcripts | $1,812.40 |
| **Grand Total Expenses** | **$37,516.35** |

---

[1] This summary chart reflects <u>only</u> the amounts invoiced to the estate during the Interim Application Period and does not reflect the amounts written off of the April 2016 Fee Statement after its submission. These write-offs included expenses from the categories "Telephone", "Travel – Transportation", "Travel – Lodging", "Travel – Meals", "Travel – Ground", and "Travel – Other," and amounted to a total of $715.67.

### TIMEKEEPER SUMMARY – FINAL APPLICATION PERIOD[2]

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

April 9, 2014 through August 25, 2016[3]

| Name of Professional Person | Position of the Professional | Area of Expertise | Hourly Billing Rate[4] | Total Hours Invoiced Per Timekeeper | Total Fees Invoiced Per Timekeeper |
|---|---|---|---|---|---|
| Friedman, L. B. | Partner | Litigation | $1,165.00/ $1,250.00 | 594.00 | $705,694.00 |
| Granfield, L. P. | Partner | Bankruptcy | $1,165.00/ $1,250.00 | 619.90 | $735,580.00 |
| Kohn, A. H. | Partner | Employee Benefits | $1,165.00 | 11.00 | $12,815.00 |
| Bromley, J. L. | Partner | Bankruptcy | $1,210.00/ $1,250.00 | 747.80 | $927,858.00 |
| Hayday, C. F. | Counsel | Employee Benefits | $785.00 | 45.30 | $35,560.50 |
| Gifford, J. D. | Senior Attorney | Tax | $765.00/ $835.00 | 190.70 | $151,933.50 |
| Gerber, J. M. | Associate/ Partner | Litigation | $745.00/ $785.00 | 532.30 | $398,794.50 |

---

[2] This summary chart reflects <u>only</u> the amounts invoiced to the estate after Cleary Gottlieb voluntarily reduced its fees by more than $2,300,000.00, and <u>does not</u> reflect any fee write-offs made after invoicing the estate, which in total have amounted to more than $400,000.00.

[3] This chart excludes contract attorneys that were billed to the estate at the agency costs.

[4] The rate ranges indicated for each timekeeper is reflective of that specific timekeeper's rate at the earliest and most recent of his or her work on the case.  For example, timekeeper K. Wellman began work on the matter during the Third Interim Period, billing at an hourly rate of $545.00/hr.  She left the firm during the Sixth Interim Period, at which time she was billing at a rate of $650.00/hr.

| Name of Professional Person | Position of the Professional | Area of Expertise | Hourly Billing Rate[4] | Total Hours Invoiced Per Timekeeper | Total Fees Invoiced Per Timekeeper |
|---|---|---|---|---|---|
| Lightner, M. A. | Associate | Bankruptcy | $745.00/ $810.00 | 1,649.70 | $1,282,709.50 |
| Mao, M. A. | Associate | Corporate | $790.00/ $800.00 | 25.00 | $19,807.00 |
| Tseytkin (Sanders), O. | Associate | Employee Benefits | $705.00/ $775.00 | 92.50 | $67,219.50 |
| Kallstrom-Schreckengost, J. C. | Associate | Litigation | $705.00 | 172.10 | $121,330.50 |
| DeNicola, C. P. | Associate | Litigation | $800.00 | 186.90 | $149,520.00 |
| Grube, M. S. | Associate | Litigation | $705.00 | 236.40 | $166,662.00 |
| Bensman, P. M. | Associate | Litigation | $605.00 | 55.30 | $33,456.50 |
| Wagner, D. E. | Associate | Litigation | $525.00/ $720.00 | 3,376.20 | $2,143,484.50 |
| Tunis, B. M. | Associate | Litigation | $605.00/ $630.00 | 296.00 | $179,137.50 |
| Smith, M. A. | Associate | Bankruptcy | $525.00/ $605.00 | 214.90 | $119,430.50 |
| Lotrionte, N. J. | Associate | Employee Benefits | $445.00/ $525.00 | 119.20 | $61,364.00 |
| Reinstein, J. M. | Associate | Employee Benefits | $445.00 | 14.80 | $6,586.00 |
| Kincaid, A. L. | Associate | Litigation | $525.00 | 211.50 | $111,037.50 |
| Heim, S. J. | Associate | Litigation | $525.00/ $630.00 | 253.80 | $138,441.00 |
| Beller, B. S. | Associate | Bankruptcy | $525.00/ $545.00 | 162.10 | $87,538.50 |
| Soltman, D. J. | Associate | Bankruptcy | $630.00/ $650.00 | 865.40 | $558,014.00 |
| Wellman, K.G. | Associate | Litigation | $545.00/ $650.00 | 644.80 | $372,658.50 |

| Name of Professional Person | Position of the Professional | Area of Expertise | Hourly Billing Rate[4] | Total Hours Invoiced Per Timekeeper | Total Fees Invoiced Per Timekeeper |
|---|---|---|---|---|---|
| Daugherty, S. | Law Clerk/ Associate | Litigation | $465.00/ $480.00 | 690.30 | $328,975.50 |
| Simmons, L. N. | Law Clerk/ Associate | Tax | $465.00 | 7.30 | $3,394.50 |
| Guzman, J. R. | Staff Attorney | Litigation | $380.00 | 116.40 | $44,232.00 |
| Stone, L. | Project Attorney/ Staff Attorney | Litigation | $380.00 | 612.70 | $232,826.00 |
| Hemmelgarn (Cusack), N. J. | Project Attorney | Litigation | $380.00 | 30.70 | $11,666.00 |
| Dernovsky, Y. | Project Attorney | Litigation | $380.00 | 28.00 | $10,640.00 |
| Graham, A. | Project Attorney | Litigation | $380.00 | 23.00 | $8,740.00 |
| Ng, P. | Project Attorney | Litigation | $380.00 | 31.40 | $11,932.00 |
| Taylor, M. | Project Attorney | Litigation | $205.00/ $380.00 | 202.00 | $76,760.00 |
| O'Keefe, P. M. | Paralegal Coordinator | Bankruptcy | $345.00/ $355.00 | 129.60 | $45,127.00 |
| Chung, B. | Paralegal | Litigation | $355.00 | 229.60 | $81,508.00 |
| Rozan, B. D. | Paralegal | Litigation | $355.00 | 3.00 | $1,065.00 |
| Cooper, M. | Paralegal | Litigation | $245.00/ $295.00 | 1,760.30 | $489,112.50 |
| Sherrod, J. | Paralegal | Litigation | $275.00/ $285.00 | 348.90 | $100,425.50 |
| Smoler, M. | Paralegal | Litigation | $285.00 | 34.80 | $9,918.00 |
| Yoon, S. Y. | Paralegal | Litigation | $255.00/ $265.00 | 276.30 | $72,829.50 |

| Name of Professional Person | Position of the Professional | Area of Expertise | Hourly Billing Rate[4] | Total Hours Invoiced Per Timekeeper | Total Fees Invoiced Per Timekeeper |
|---|---|---|---|---|---|
| Planamento, J. | Paralegal | Litigation | $265.00 | 84.70 | $22,445.50 |
| Rackear, S. | Paralegal | Litigation | $245.00 | 6.30 | $1,543.50 |
| Ross, S. | Paralegal | Litigation | $245.00 | 26.90 | $6,590.50 |
| GRAND TOTAL (prior to 10% discount): | | | | 15,959.80 | $10,146,363.50 |
| GRAND TOTAL (with 10% discount): | | | | | $9,131,727.15 |

## PROJECT CATEGORY SUMMARY – FINAL APPLICATION PERIOD[5]

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

April 9, 2014 through August 25, 2016

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Settlement | 2,726.60 | $1,806,796.00 |
| Avoidance Action Analysis | 6.00 | $3,270.00 |
| Budgeting | 21.80 | $14,013.50 |
| Case Administration | 893.00 | $471,416.00 |
| Claims Administration and Objections | 80.00 | $55,049.50 |
| Employee Benefits and Pensions | 606.80 | $417,947.50 |
| Employment and Fee Applications | 1,499.50 | $772,076.00 |
| Litigation | 1,972.00 | $1,236,487.50 |
| Non-working Travel | 393.40 | $333,460.00 |
| Plan | 620.10 | $456,393.50 |
| Disclosure Statement | 661.00 | $447,650.50 |
| Tax | 194.40 | $147,027.50 |
| Asset Analysis and Recovery | 3.50 | $2,720.50 |
| Participation at and Preparation for Hearings | 651.80 | $389,595.00 |
| Monitor Docket | 77.50 | $65,915.00 |
| Client Communication | 275.20 | $253,020.50 |
| Communication with Case Parties | 368.30 | $340,648.50 |
| Exclusivity | 0.70 | $623.50 |
| 2004 Discovery: Document Review | 1,908.00 | $753,889.50 |
| 2004 Discovery: Deposition and Deposition Prep | 2,043.00 | $1,216,000.00 |
| 2004 Discovery: Discovery Disputes | 298.90 | $211,863.50 |
| Estate Claims Analysis and Research | 1,314.30 | $882,093.00 |
| Tax Adversary Proceeding | 5.60 | $4,183.00 |
| **TOTAL (prior to 10% discount)** | **16,621.40** | **$10,282,139.50** |
| **TOTAL (with 10% discount)** | | **$9,253,925.55** |

---

[5] This summary chart reflects <u>only</u> the amounts invoiced to the estate after Cleary Gottlieb voluntarily reduced its fees by more than $2,300,000.00, and <u>does not</u> reflect any fee write-offs made after invoicing the estate, which in total have amounted to more than $400,000.00.

## EXPENSE SUMMARY – FINAL APPLICATION PERIOD[6]

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

April 9, 2014 through August 25, 2016

| Expense Category | Total Expenses |
|---|---|
| Duplicating | $34,134.00 |
| Outside Duplicating/Printing | $13,894.30 |
| Phone Conference Charges | $505.00[7] |
| Scanning | $46.10 |
| Legal Research - Lexis | $25,655.37 |
| Legal Research - Westlaw | $51,554.66 |
| Legal Research - Other | $500.95 |
| Pacer Charges | $6,235.90 |
| Delivery/Courier | $10,961.91 |
| Delivery/Courier (Related to 1114 Trial) | $1,311.00 |
| Postage | $163.80 |
| Late Work - Transportation | $6,810.36 |
| Late Work - Meals | $7,830.68 |
| Travel - Transportation | $92,971.02 |
| Travel - Lodging | $50,597.20 |
| Travel - Meals | $3,972.44 |
| Travel – Ground Transportation | $16,967.75 |
| Travel - Other | $35,366.16[8] |
| Conference - Meals | $5,734.02 |
| Court Fees | $2,444.00[9] |
| Trial Transcripts | $15,289.40 |
| Subpoena Fees | $421.00 |
| Deposition Transcripts | $46,694.13 |

---

[6] This summary chart reflects <u>only</u> the amounts invoiced to the estate after Cleary Gottlieb voluntarily reduced its expenses by more than $120,000.00, and <u>does not</u> reflect any expense write-offs made after invoicing the estate, which in total have amounted to more than $4,000.00.

[7] This category includes charges that previously appeared in the category "Telephone" on prior Fee Applications.

[8] This category includes charges that previously appeared in the category "Travel – Rental Cars, Parking" on a prior Fee Application.

[9] This category includes charges that previously appeared in the category "Other – CourtCall" on a prior Fee Application.

| Expense Category | Total Expenses |
|---|---|
| Translation Services | $5,428.00 |
| Hotel Conference Space For Depositions | $1,039.00 |
| Litigation Support Vendors | $23,417.83 |
| **Grand Total Expenses** | **$459,945.98** |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE BUDD COMPANY, INC., | ) Case No. 14-11873 |
| | ) |
| Debtor. | ) Honorable Jack B. Schmetterer |

**SEVENTH INTERIM FEE APPLICATION (FOR THE
PERIOD APRIL 1, 2016 THROUGH AUGUST 25, 2016) AND
FINAL FEE APPLICATION (FOR THE PERIOD APRIL 9, 2014
THROUGH AUGUST 25, 2016) OF CLEARY GOTTLIEB
STEEN & HAMILTON LLP, COUNSEL TO THE UAW
AS SECTION 1114 AUTHORIZED REPRESENTATIVE**

In accordance with that certain *Order Establishing Professional Interim Compensation Procedures*, dated May 9, 2014 [D.I. 147] (the "Interim Compensation Order") and that certain *Order Confirming Ninth Amended Chapter 11 Plan For The Budd Company, Inc.* [D.I. 1913] (the "Confirmation Order"), Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel to the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) (the "UAW"), as authorized representative under section 1114 of title 11 of the United States Code (the "Bankruptcy Code"), respectfully submits this Seventh Interim And Final Fee Application (this "Application") for (i) interim approval of actual, reasonable and necessary expenses for the period April 1, 2016 through and including August 25, 2016 (the "Interim Application Period")[1] and (ii) final approval of actual, reasonable and necessary fees and expenses for the period April 9, 2014 through August 25, 2016 (the "Final Application Period"). In support of this Application, Cleary Gottlieb respectfully states as follows:

---

[1] Exhibits B, C, D, E and F attached hereto are Cleary Gottlieb's monthly fee statements for the months of April, May, June, July and August, 2016, respectively. The August 2016 fee statement was served concurrently with the filing of this Application.

1

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.      On March 31, 2014, The Budd Company, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Court entered the Confirmation Order on June 27, 2016 and the plan became effective on August 1, 2016 (the "Effective Date").

4.      Prior to the Effective Date, no trustee or examiner was appointed in the Debtor's chapter 11 case.

5.      The UAW is serving as the section 1114 authorized representative of the UAW retirees pursuant to that certain *Order Directing The Debtor To Pay The Reasonable And Necessary Expenses Of The Legal, Financial And Other Advisors Of International Union, United Automobile, Aerospace And Agricultural Implement Workers of America As The Section 1114 Authorized Representative For The UAW Retirees* [D.I. 60].

6.      On May 9, 2014, this Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement for all professionals in these cases, and that certain *Order Authorizing The Employment And Retention Of Cleary Gottlieb Steen & Hamilton LLP As Counsel For International Union, United Automobile, Aerospace And Agricultural Implement Workers Of America Nunc Pro Tunc To April 9, 2014* [D.I. 151] (the "Cleary Gottlieb Retention Order").

2

7.      In particular, the Interim Compensation Order provides that professionals may serve a monthly fee statement or invoice on the Notice Parties (as defined in the Interim Compensation Order) and that, if no objection is timely raised thereto, the Debtor shall pay such professionals an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such monthly fee statement.  As detailed herein, Cleary Gottlieb has served monthly fee statements on the Notice Parties for the months of April, May, June, July and August of 2016.  Due to the timing of the filing of the Application (August 29, 2016), the August fee statement was served concurrently with the filing of this Application.  No party has objected to the fees or expenses contained in Cleary Gottlieb's monthly fee statements for April, May, June or July.

8.      On July 25, 2014, the Court entered that certain *Stipulation and Agreed Order With Respect To Appointment Of An Independent Fee Examiner* [D.I. 346], pursuant to which Ms. Diana G. Adams was appointed as the independent fee examiner in this case.

9.      The Interim Compensation Order also requires that, at four-month intervals, each professional shall file with the Court and serve on the Notice Parties an interim application for Court approval and allowance of the compensation and reimbursement of expenses sought during such four-month period.

10.      On June 27, 2016, the Court issued the Confirmation Order, which provided that final fee applications must be filed within 28 days after the Effective Date.  The Effective Date occurred on August 1, 2016, and final fee applications are due today, August 29, 2016.  The Plan provides that the fees and expenses of the UAW's and E&A Committee's professionals shall be paid from administrative reserves through the later of (i) the Effective Date, (ii) the resolution of

3

final fee applications, and (iii) the UAW VEBA Effective Date (as defined in the Plan). *See* Plan at 18-19.

### SERVICES PERFORMED DURING THE INTERIM APPLICATION PERIOD

11.     During the Interim Application Period, and as described in more detail below, Cleary Gottlieb provided extensive services to the UAW in its capacity as the section 1114 authorized representative in this case.  As with previous applications, Cleary Gottlieb's services are broken into 12 separate tasks as described below.  The numbers provided in the following task summaries include only time for which Cleary Gottlieb is seeking compensation (*i.e.*, it does not include the write-offs discussed in paragraph 26), but <u>do not</u> reflect the 10% across-the-board reduction on the compensation provided by Cleary Gottlieb, which is explained in paragraph 27 below.

**A.     Task:  Settlement**
**(Hours:  61.80; Fees Incurred:  $53,427.00)**

12.     During the Interim Application Period, Cleary Gottlieb invoiced 61.80 hours to the project category "Settlement."  This task relates primarily to Cleary Gottlieb's efforts, on behalf of the UAW, to reach a settlement with certain affiliates of ThyssenKrupp North America ("<u>TKNA</u>").  The work in this task category culminated in a settlement between the UAW and ThyssenKrupp Finance, USA (the "<u>TK Finance Settlement Agreement</u>"), filed on April 15, 2016. *See* [D.I. 1755-1].  The TK Finance Settlement Agreement was an important step in allowing the Debtor to move forward with plan confirmation on a consensual basis.  Following the execution of the TK Finance Settlement Agreement, Cleary Gottlieb also worked on behalf of the UAW to resolve potential challenges to the TK Finance Settlement Agreement from the Committee of Asbestos Personal Injury Claimants (the "<u>Asbestos Committee</u>"), which is also included in this project category.  The terms of the TK Finance Settlement Agreement and eventual resolution

with the Asbestos Committee are embodied in that certain *Ninth Amended Plan For The Budd Company, Inc., Dated May 4, 2016* [D.I. 1797] (the "Ninth Amended Plan") and that certain *Disclosure Statement For Ninth Amended Chapter 11 Plan For The Budd Company, Inc., Dated May 4, 2016* [D.I. 1798] ("Ninth Amended DS").   The Ninth Amended Plan was ultimately confirmed by the Court on June 27, 2016.

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 17.10 | $21,375.00 |
| Lightner, M. A. | Associate | 2008 | Bankruptcy | $810.00 | 0.30 | $243.00 |
| Mao, M. A. | Associate | 2011 | Corporate | $790.00 | 15.90 | $12,561.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00 | 20.70 | $14,904.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00 | 4.40 | $2,860.00 |
| Daugherty, S. | Associate | 2016 | Litigation | $480.00 | 2.60 | $1,248.00 |
| Cooper, M. | Paralegal | N/A | Litigation | $295.00 | 0.80 | $236.00 |
| Total | | | | | 61.80 | $53,427.00 |

## B.    Task:  Budgeting
### (Hours:  0.80; Fees Incurred:  $714.00)

13.    During the Interim Application Period, Cleary Gottlieb invoiced 0.80 hours to the project task "Budgeting."   This task relates to Cleary Gottlieb's analysis and preparation of periodic monthly budgets in an effort to provide cost-effective legal representation.  The monthly budgets are attached hereto as part of Exhibit A.  The following chart illustrates the timekeeper totals for each person that billed to this task.

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 0.30 | $375.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00/ $720.00 | 0.30/ 0.20 | $195.00/ $144.00 |
| Total | | | | | 0.80 | $714.00 |

C. **Task:  Case Administration
(Hours:  93.20; Fees Incurred:  $42,398.50)**

14.     During the Interim Application Period, Cleary Gottlieb invoiced 93.20 hours to the project category "Case Administration."  This task relates to logistics and planning, maintaining the case file by internally organizing and filing significant case documents on Cleary Gottlieb's electronic databases, scheduling matters and related calendar maintenance, and other coordination activities not specifically covered by another category.  The chart below illustrates the timekeeper totals for each person that billed to this task.  More than 65% of the hours billed to this category were billed by paralegals.

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 3.90 | $4,875.00 |
| Lightner, M. A. | Associate | 2008 | Bankruptcy | $810.00 | 4.20 | $3,402.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00/ $760.00 | 9.50/ 5.70 | $6,840.00/ $4,332.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00/ $720.00 | 2.00/ 1.20 | $1,300.00/ $864.00 |
| Daugherty, S. | Associate | 2016 | Litigation | $480.00/ $565.00 | 1.60/ 3.30 | $768.00/ $1,864.50 |
| Cooper, M. | Paralegal | N/A | Litigation | $295.00 | 59.20 | $17,464.00 |
| Yoon, S. Y. | Paralegal | N/A | Litigation | $265.00 | 2.60 | $689.00 |
| Total | | | | | 93.20 | $42,398.50 |

D. **Task:  Employee Benefits and Pensions
(Hours:  55.90; Fees Incurred:  $50,123.00)**

15.     During the Interim Application Period, Cleary Gottlieb invoiced 55.90 hours to the project category "Employee Benefits and Pensions."  This task relates primarily to work performed by Cleary Gottlieb lawyers in connection with UAW VEBA set-up and preparation, including (i) numerous calls with the other UAW professionals, the UAW, the Debtor and the

E&A Committee in order to monitor the progress of the UAW VEBA preparations and ensure

that the Effective Date timely occurred, (ii) review of the UAW VEBA Trust Agreement and

drafting a motion to approve the same and (iii) analyzing the potential impact of post-Effective

Date retiree medical claims on the Debtor's projected Effective Date Cash and reserves.   The

chart below illustrates the timekeeper totals for each person that billed to this task.

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 26.30 | $32,875.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00 | 12.10 | $8,712.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00 | 0.80 | $520.00 |
| Daugherty, S. | Associate | 2016 | Litigation | $480.00 | 16.70 | $8,016.00 |
| Total | | | | | 55.90 | $50,123.00 |

**E.     Task:  Employment and Fee Applications**
**(Hours:  503.10; Fees Incurred:  $219,666.50)**

16.     During the Interim Application Period, Cleary Gottlieb invoiced 503.10 hours to

the project category "Employment and Fee Applications."   This task includes work related to

(i) Cleary Gottlieb's preparation of its Sixth Fee Application, (ii) review of the U.S. Trustee fee

guidelines and the local rules for the Northern District of Illinois for compliance issues related to

this case, (iii) various communications with the fee examiner related to the Sixth Fee Application

and this Application, (iv) internal analysis of issues raised by the fee examiner in connection

with the Sixth Fee Application and responding in writing to the fee examiner regarding the same,

(v) preparing and filing that certain *Supplement To The Sixth Interim Fee Application Of Cleary

Gottlieb Steen & Hamilton LLP, Counsel To The UAW, As Section 1114 Authorized

Representative, For The Period December 1, 2015 Through March 31, 2016* [D.I. 1922], (vi)

analyzing and discussing internally that certain *Opinion Making Further Reduction In Sixth Fee*

*Application Of Cleary Gottlieb Steen & Hamilton LLP (Counsel For UAW) (Dkt. No. 1838)* [D.I.

1941] (the "UAW Fee Order"), (vii) discussing the UAW Fee Order with the fee examiner in an

effort to agree on a revised proposed order that was ultimately entered by the Court, *see* [D.I.

1969], and (viii) preparation of this Application.

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 10.90 | $13,625.00 |
| Lightner, M. A. | Associate | 2008 | Bankruptcy | $810.00 | 30.30 | $24,543.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00/ $760.00 | 13.80/ 5.20 | $9,936.00/ $3,952.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00/ $720.00 | 54.70/ 30.90 | $35,555.00/ $22,248.00 |
| Daugherty, S. | Associate | 2016 | Litigation | $480.00/ $565.00 | 24.60/ 7.00 | $11,808.00/ $3,955.00 |
| O'Keefe, P. M. | Paralegal Coordinator | N/A | Litigation | $355.00 | 6.20 | $2,201.00 |
| Rozan, B, D. | Paralegal | N/A | Litigation | $355.00 | 3.00 | $1,065.00 |
| Cooper, M. | Paralegal | N/A | Litigation | $295.00 | 230.20 | $67,909.00 |
| Yoon, S. Y. | Paralegal | N/A | Litigation | $265.00 | 2.20 | $583.00 |
| Planamento, J. | Paralegal | N/A | Litigation | $265.00 | 84.10 | $22,286.50 |
| Total | | | | | 503.10 | $219,666.50 |

**F.    Task:  Non-Working Travel**
       **(Hours:  41.10; Fees Incurred:  $38,411.00)**

17.    During the Interim Application Period, Cleary Gottlieb invoiced 41.10 hours to

the project category "Non-Working Travel."  This task includes time billed by Cleary Gottlieb

lawyers for travel to Chicago, Illinois for various court hearings and settlement discussions,

including the confirmation hearing, which took place over two days on June 24 and 27, 2016.

The total hours billed is 50% of the actual time spent traveling where the timekeeper was not

otherwise working.  The following chart illustrates the timekeeper totals (net of a 50% reduction)

for each person that billed to this task.

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 16.90 | $21,125.00 |
| Lightner, M. A. | Associate | 2008 | Bankruptcy | $810.00 | 5.70 | $4,617.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00 | 9.20 | $6,624.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00 | 9.30 | $6,045.00 |
| Total | | | | | 41.10 | $38,411.00 |

**G.      Task: Plan**
**(Hours: 257.00; Fees Incurred: $207,283.50)**

18.      During the Interim Application Period, Cleary Gottlieb invoiced 257.00 hours to the project category "Plan." This task relates primarily to three workstreams. *First*, time billed to this project category includes review, analysis and discussion of, and feedback on (both oral and written), the multiple iterations of the Debtor's plan that were filed during the Interim Application Period. Specifically, during the Interim Application Period, the Debtor filed two iterations of its chapter 11 plan, including the Ninth Amended Plan on May 4, 2016. Each iteration required extensive analysis and comments by Cleary Gottlieb. *Second*, time billed to this category includes time spent drafting (including related research), reviewing and revising that certain *Opening Brief Of The UAW In Support Of A Claim For Reduction Of Benefits* [D.I. 1769] (the "Reduction Claim Brief"), which before it was withdrawn in favor of a consensual plan, had significant implications on potential distributions under the Debtor's proposed plan. *Third*, time billed to this project category includes time relating to implementation of the Debtor's Ninth Amended Plan, including the creation, setup and preparation for implementation of the UAW VEBA, as well as limited post-Effective Date follow-up work detailed in the August invoice attached hereto as Exhibit F.

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 65.30 | $81,625.00 |
| Lightner, M. A. | Associate | 2008 | Bankruptcy | $810.00 | 1.40 | $1,134.00 |
| Mao, M. A. | Associate | 2011 | Corporate | $790.00/ $800.00 | 3.40/ 3.50 | $2,686.00/ $2,800.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00/ $760.00 | 67.10/ 39.10 | $48,312.00/ $29,716.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00/ $720.00 | 32.90/ 3.60 | $21,385.00/ $2,592.00 |
| Daugherty, S. | Associate | 2016 | Litigation | $480.00/ $565.00 | 19.00/ 5.60 | $9,120.00/ $3,164.00 |
| Cooper, M. | Paralegal | N/A | Litigation | $295.00 | 16.10 | $4,749.50 |
| Total | | | | | 257.00 | $207,283.50 |

**H.    Task:  Disclosure Statement
(Hours:  25.00; Fees Incurred:  $20,612.00)**

19.    During the Interim Application Period, Cleary Gottlieb invoiced 25.00 hours to the project category "Disclosure Statement."  This task includes time related to review, analysis and discussion of, and feedback on (both oral and written), the multiple iterations of the Debtor's disclosure statement that were filed during the Interim Application Period.  Specifically, during the Interim Application Period, the Debtor filed two iterations of its disclosure statement, including the Ninth Amended DS that was ultimately approved by the Court and included in the solicitation package, and each iteration required extensive and analysis and comments by Cleary Gottlieb.

*[Remainder of Page Intentionally Left Blank]*

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 7.20 | $9,000.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00 | 5.70 | $4,104.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00 | 10.00 | $6,500.00 |
| Daugherty, S. | Associate | 2016 | Litigation | $480.00 | 2.10 | $1,008.00 |
| Total | | | | | 25.00 | $20,612.00 |

**I.     Task:  Case Administration – Participation at, and Preparation for, Hearings (Hours:  121.50; Fees Incurred:  $70,149.00)**

20.     During the Interim Application Period, Cleary Gottlieb invoiced 121.50 hours to the project category "Participation at, and Preparation for, Hearings."  This task includes work related to Cleary Gottlieb's preparation for, and attendance at, hearings in Chicago, Illinois, or where applicable, by telephone.  During the Interim Application Period, this Court held nine (9) hearings on a variety of matters, including the confirmation hearing, which took place over two days on June 24 and 27, 2016.  Cleary Gottlieb did not invoice the estate for more than two Cleary Gottlieb timekeepers at any hearing during the Interim Application Period.  The chart below illustrates the timekeeper totals for each person that billed to this task.

*[Remainder of Page Intentionally Left Blank]*

11

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 23.00 | $28,750.00 |
| Lightner, M. A. | Associate | 2008 | Bankruptcy | $810.00 | 8.40 | $6,804.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00/ $760.00 | 11.70/ 3.30 | $8,424.00/ $2,508.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00 | 4.30 | $2,795.00 |
| Cooper, M. | Paralegal | N/A | Litigation | $295.00 | 70.20 | $20,709.00 |
| Planamento, J. | Paralegal | N/A | Litigation | $265.00 | 0.60 | $159.00 |
| Total | | | | | 121.50 | $70,149.00 |

**J.      Task:  Case Administration – Monitor Docket and Review Pleadings
(Hours:  6.90; Fees Incurred:  $4,353.00)**

21.      During the Interim Application Period, Cleary Gottlieb invoiced 6.90 hours to the

project category "Monitor Docket and Review Pleadings."  This task includes work related to

Cleary Gottlieb's ongoing review of motions, pleadings, and other documents filed in the case.

The chart below illustrates the timekeeper totals for each person that billed to this task.

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Lightner, M. A. | Associate | 2008 | Bankruptcy | $810.00 | 0.40 | $324.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00/ $760.00 | 3.90/ 0.90 | $2,808.00/ $684.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00 | 0.10 | $65.00 |
| Cooper, M. | Paralegal | N/A | Litigation | $295.00 | 1.60 | $472.00 |
| Total | | | | | 6.90 | $4,353.00 |

**K.      Task:  Case Administration – Client Communication
(Hours:  9.50; Fees Incurred:  $7,187.00)**

22.      During the Interim Application Period, Cleary Gottlieb invoiced 9.50 hours to the

project category "Client Communication."   Cleary Gottlieb believes it is important to have

regular and periodic communications with its clients.   Accordingly, this task includes work related to preparation and attendance at meetings, telephone calls, and other periodic communications, including email updates, between Cleary Gottlieb and the UAW that are not otherwise billed to a more specific category.   The following chart illustrates the timekeeper totals for each person that billed to this task.

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 0.60 | $750.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00/ $760.00 | 5.40/ 2.30 | $3,888.00/ $1,748.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00/ $720.00 | 0.90/ 0.30 | $585.00/ $216.00 |
| Total | | | | | 9.50 | $7,187.00 |

**L.      Task:  Case Administration – Communication With Case Parties**
**(Hours:  34.60; Fees Incurred:  $31,628.00)**

23.      During the Interim Application Period, Cleary Gottlieb invoiced 34.60 hours to the project category "Communication With Case Parties."  This task relates to communications with other key constituencies in the case—including the Debtor and the E&A Committee—concerning *inter alia* matters relating to settlement discussions, the Plan and Disclosure Statement, and the VEBA preparation, set-up and implementation process.  The chart below illustrates the timekeeper totals for each person that billed to this task.

*[Remainder of Page Intentionally Left Blank]*

13

| Name of Professional Person | Position of the Professional | Year Admitted | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Amount Billed by Timekeeper |
|---|---|---|---|---|---|---|
| Bromley, J. L. | Partner | 1990 | Bankruptcy | $1,250.00 | 12.90 | $16,125.00 |
| Lightner, M. A. | Associate | 2008 | Bankruptcy | $810.00 | 0.50 | $405.00 |
| Mao, M. A. | Associate | 2011 | Corporate | $800.00 | 2.20 | $1,760.00 |
| Wagner, D. E. | Associate | 2013 | Litigation | $720.00/ $760.00 | 9.40/ 3.00 | $6,768.00/ $2,280.00 |
| Soltman, D. J. | Associate | 2014 | Bankruptcy | $650.00 | 6.60 | $4,290.00 |
| Total | | | | | 34.60 | $31,628.00 |

## ADDITIONAL INFORMATION REGARDING
## MEETINGS AND CONFERENCE CALLS

24.     During the Interim Application Period, Cleary Gottlieb strived to be as cost efficient as possible in the provision of services to the UAW.  As part of that effort, Cleary Gottlieb, to the extent possible, endeavored to limit the number of attendees at intra-office meetings and participants in conference calls and external meetings during the Interim Application Period.  Nevertheless, there were instances during the Interim Application Period where it was appropriate and reasonable, from an efficiency perspective, for more than three individuals to attend and/or participate in intra-office meetings or conference calls.  Cleary Gottlieb believes that attendance and/or participation by these individuals was necessary to provide cost-effective and timely legal services.  Exhibit G identifies meetings and conference calls where more than three Cleary Gottlieb lawyers billed the estate, and provides an explanation as to why it was necessary.[2]   In one case, as noted therein, Cleary Gottlieb voluntarily wrote off the time of an attendee prior to submitting the monthly fee statements.

---

[2] Given the nature of much of the work done by Cleary Gottlieb attorneys during the Interim Application Period, some meetings contain general descriptions of the meetings and calls.  The unredacted time entries contain more detail.

14

## VOLUNTARY REDUCTIONS DURING INTERIM APPLICATION PERIOD

25.    Cleary Gottlieb wrote-off or otherwise reduced a significant amount of time in this case during this Interim Application Period.  These reductions amount to over $330,000.00.

26.    *First*, prior to invoicing the Debtor each month, Cleary Gottlieb wrote off a total of 803.80 hours of legal, non-legal and summer associate time relating mainly to transitory time and non-legal clerical time during the Interim Application Period.  The time that was written-off included time of partners and associates, as well as time of summer associates, paralegals, and docketing clerks.  This voluntary write-off is approximately $259,886.50.

27.    *Second*, as reflected in the monthly invoices provided to the Notice Parties, Cleary Gottlieb—after writing off the aforementioned $259,886.50—then offered an additional across-the-board 10% reduction on fees, which amounted to an additional discount of $74,595.25.

28.    *Third*, prior to submission of the monthly invoices, Cleary Gottlieb voluntarily wrote off an additional $11,717.03 in expenses related to, among others, meals, research charges, conference calls, travel and lodging, messenger services and duplicating charges.

29.    *Fourth*, following submission of the monthly invoice but in advance of filing of this Application, Cleary Gottlieb voluntarily decided not to pursue fees for certain matters to which they had reserved their rights in previous Fee Applications.[3]

30.    In short, Cleary Gottlieb respectfully submits that these voluntary reductions—amounting to over $330,000.00—should satisfy any reasonable concern or objection to the Application as it relates to the Interim Fee Period.

---

[3] Additionally, because the summary charts contained in this Application are complex, and including time billed up to the time of the filing of this Application would have led to substantial work in connection with the preparation of this Application, Cleary Gottlieb is not seeking compensation for any hours spent preparing this Application to the extent that they were incurred after August 25, 2016.  As a result, in order to reduce fees in connection with the preparation of this Application, Cleary Gottlieb has voluntarily foregone the right to invoice the estate for at least an additional $10,000.00.

## SUMMARY OF WORK PERFORMED
## DURING THE FINAL APPLICATION PERIOD

31.     During the Final Application Period, Cleary Gottlieb performed essential services for the UAW that benefited the estate.  These services included, without limitation, (a) opposing an initial, and ultimately abandoned, proposed settlement between the Debtor and its corporate affiliates that would have resulted in recovery of little more than $10 million for the estate; (b) engaging, along with the Debtor and the E&A Committee, in extensive Rule 2004 discovery into the Debtor's prepetition activities, most notably the sale of Waupaca, which led to settlement discussions and ultimately to a settlement agreement under which the Debtor's parent agreed to pay $320 million to a VEBA set up for the benefit of the UAW Retirees and to assume responsibility for the UAW Retirees' pension plan; (c) reviewing and commenting on numerous iterations of the Debtor's proposed Plan and Disclosure Statement, which resulted in significant changes to such documents, (d) negotiating with the Debtor over the proposed plan of reorganization to protect the interests of the UAW Retirees; (e) opposing, during the course of a trial conducted over three weeks, the Debtor's efforts to modify UAW Retiree benefits by forcing the UAW Retirees to accept benefits through a health-reimbursement account structure; (f) engaging in further settlement negotiations with one of the Debtor's affiliates, which ultimately resulted in the TK Finance Settlement Agreement and that affiliate's agreement to pay an additional $10 million to the UAW VEBA; and (g) assisting the UAW in establishing the UAW VEBA.  Detailed descriptions of the services performed by Cleary Gottlieb are set forth in First, Second, Third, Fourth, Fifth and Sixth Fee Applications (as defined herein), all of which are hereby incorporated by reference.

32.     Cleary Gottlieb has endeavored to represent the UAW in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys and paralegals at Cleary

16

Gottlieb so that work has been performed by those most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Cleary Gottlieb has endeavored to coordinate internally and with the other professionals involved in this case so as to minimize any duplication of effort.  Cleary Gottlieb believes it has been successful in this regard.

33.     Over the course of the Final Application Period, Cleary Gottlieb wrote off more than $2,700,000.00 in fees, which included more than $2,300,000.00 prior to submission of the monthly invoices, more than $71,000.00 after submission of the monthly invoices but prior to the filing of interim fee applications, and $330,000.00 following the filing of the interim fee applications. Also over the course of the Final Application Period, Cleary Gottlieb wrote off more than $132,000.00 in expenses, which included more than $128,000.00 prior to submission of the monthly invoices and more than $4,000.00 following the filing of the interim fee applications.  In total, Cleary Gottlieb reduced the amount of fees and expenses it sought from the estate by more than $2,800,000.00, which Cleary Gottlieb believes should satisfy any reasonable concern or objection with respect to the Application as it relations to the Final Fee Period.

**INTERIM AND FINAL RELIEF REQUESTED**

34.     Cleary Gottlieb submits this application for entry of (A) an interim order (i) allowing compensation for the reasonable, actual, and necessary professional services that it has rendered as counsel to the UAW in this case for the period from April 1, 2016 through August 25, 2016, and (i) allowing reimbursement of actual, reasonable and necessary expenses incurred in this case during that same period; and (B) a final order (i) allowing compensation for the reasonable, actual, and necessary professional services that it has rendered as counsel to the

17

UAW in this case for the period from April 9, 2014 through August 25, 2016, and (ii) allowing reimbursement of actual, reasonable and necessary expenses incurred in this case during that same period.

35.    With respect to the Interim Application Period, Cleary Gottlieb seeks compensation in the amount of  $671,357.25, which includes a 10% across-the-board discount and the various write-offs noted above.  For the same period, Cleary Gottlieb incurred actual, reasonable and necessary expenses totaling $36,800.68.

36.    With respect to the Final Application Period, Cleary Gottlieb seeks compensation in the amount of $8,897,286.74, which includes a 10% across-the-board discount and the various write-offs noted above.  For the same period, Cleary Gottlieb incurred actual, reasonable and necessary expenses totaling $454,959.82.

37.    All amounts have been paid with respect to the Court's orders relating to the First through Sixth Fee Periods.  As of the date of this Application, Cleary Gottlieb has received payments totaling $396,110.52 for fees incurred and $27,530.07 for expenses for the work performed during the Interim Application Period.  Cleary Gottlieb respectfully requests that the Court approve the payment of  $284,517.34.[4]

**DISCLOSURES REQUIRED BY THE U.S. TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FILED UNDER U.S.
CODE BY ATTORNEYS IN LARGER CHAPTER 11 CASES**

38.    Pursuant to those certain Guidelines For Reviewing Applications For Compensation And Reimbursement Of Expenses Filed Under United States Code By Attorneys

---

[4] To the extent that Cleary Gottlieb receives any additional payments before the Court enters an order approving this Application, it will submit a revised Proposed Order.

In Large Chapter 11 Cases (2013), Cleary Gottlieb makes the following additional disclosures in connection with this Application.

39.     *First*, the blended hourly rate billed for all of Cleary Gottlieb's timekeepers resident in Cleary Gottlieb's New York office[5] for the twelve-month period from January 1, 2015 to December 31, 2015, excluding bankruptcy/restructuring and pro bono matters, is $576.27.

40.     *Second*, the blended hourly rate billed for all of Cleary Gottlieb's timekeepers to this case for the Interim Application Period is $616.29.

41.     *Third*, attached as <u>Exhibit H</u> is a chart stating the average rates by hours billed for certain categories of timekeepers in this case, and then the average rates billed for certain categories of timekeepers resident in Cleary Gottlieb's New York office for January 2015 through December 2015 (excluding bankruptcy/restructuring and pro bono matters).

42.     *Fourth*, Cleary Gottlieb agreed to vary its standard fees in this case by providing a ten percent (10%) across-the-board discount.

43.     *Fifth*, Cleary Gottlieb has attached as <u>Exhibit A</u> budgets and staffing plans as well as a comparison to the actual amount billed.  Budgeting is never an exact science, but Cleary Gottlieb has sought to use its experience in other cases, and its continuing experience in this case, to formulate good-faith budget estimates.

44.     *Sixth*, none of the hourly rates of Cleary Gottlieb's timekeepers in this case have varied based on geographic location.

---

[5] Timekeepers include partners, senior attorneys, associates, project attorneys, staff attorneys, and paralegals.

45.     *Seventh*, this Application does not include time or fees related to reviewing time records or preparing and reviewing invoices; nor does this Application include time or fees for reviewing time records to determine whether to redact any privileged or other confidential information.

46.     *Eighth*, Cleary Gottlieb's rates have not increased during the Interim Application Period unless otherwise disclosed herein.  Since the beginning of the case, Cleary Gottlieb's rates have increased four times:  *first*, on January 1, 2015 in accordance with Cleary Gottlieb's general policy relating to annual rate increases for clients; *second*, on July 1, 2015, with respect to certain individual timekeepers due to class matriculation; *third*, on January 1, 2016 in accordance with Cleary Gottlieb's general policy relating to annual rate increases for clients; and *fourth*, on July 1, 2016, with respect to certain individual timekeepers due to class matriculation.  The January 1, 2015 rate increase was disclosed and discussed in the fee application for the period December 1, 2014 through March 31, 2015 (the "Third Fee Application"), the July 1, 2015 rate increase was disclosed and discussed in the fee application for the period April 1, 2015 through July 31, 2015 (the "Fourth Fee Application"), the January 1, 2016 rate increase is discussed in the fee application for the period December 1, 2015 through March 31, 2016 (the "Sixth Fee Application"), and the July 1, 2016 increase is discussed and disclosed herein.  Each rate increase was reflected in the monthly budgets provided to the UAW, and the UAW was aware of, reviewed and approved of each rate increase.  The annual rate increases[6] were reasonable in

---

[6] Cleary Gottlieb makes this disclosure pursuant to a memorandum received from the fee examiner on August 12, 2016, which requires that "[i]f the applicant increased rates, following the rate change the resulting rates must be reasonable, including being in line with market rates in the professional's district." Following discussion with the fee examiner, Cleary Gottlieb understands that the only "rate increases" that need to be reflected in this calculation are the annual rate increases, since the matriculation rate increases for individual timekeepers simply reflect a higher billing rate for more experienced attorneys, rather than an actual rate increase as a result of Cleary Gottlieb's practices.

light of market practice; a survey of recent bankruptcy filings shows that annual increases are typical among law firms in the New York City region, and Cleary Gottlieb is willing to provide such examples to the Court or fee examiner upon request to demonstrate that Cleary Gottlieb's annual rate increases are in line with market practice and reasonable, particularly when taking into account the across-the-board 10% discount.   Taking into account only the annual rate increases,[7] Cleary Gottlieb estimates that it would have invoiced the estate for approximately $300,000.00 less over the course of the Final Application Period.   However, this amount is substantially higher than ultimately what would have been the difference in the fees paid by the estate to Cleary Gottlieb, given the substantial amount of post-invoice write-offs made by Cleary Gottlieb throughout the Final Application Period as discussed in previous Fee Applications and elsewhere herein.

47.       Ninth, there have been six prior fee applications filed by Cleary Gottlieb in this case: one for the period of April 9, 2014 through July 31, 2014 (the "First Fee Application"), one for the period August 1, 2014 through November 30, 2014 (the "Second Fee Application"), the Third Fee Application, the Fourth Fee Application, one for the period of August 1, 2015 through November 30, 2015 (the "Fifth Fee Application"), and the Sixth Fee Application.  In the First Fee Application, Cleary Gottlieb sought $1,731,746.70 in compensation for actual, reasonable and necessary fees, and $36,264.53 in reimbursement for actual, reasonable and necessary expenses.  After agreed reductions with the fee examiner, this Court, pursuant to that

---

[7] Cleary Gottlieb makes this disclosure pursuant to a memorandum received from the fee examiner on August 12, 2016, which requires that "[i]f the applicant has increased rates during the case, the application should disclose the effect of the rate increases.  For comparison purposes, the applicant should calculate and disclose the total compensation sought in the fee application using the rates originally disclosed in the retention application."  For the reasons discussed in footnote 6 above, Cleary Gottlieb only makes this disclosure with respect to the annual rate increases.

certain *Order Granting First Interim Fee Application of Cleary Gottlieb Steen & Hamilton LLP, Counsel To The International Union, United Automobile, Aerospace And Agricultural Implement Workers of America (UAW) As Section 1114 Authorized Representative For The Period April 9, 2014 Through July 31, 2014* [D.I. 624], dated October 23, 2014, allowed interim compensation in the amount of $1,667,008.24 for fees and $35,102.99 for expenses during that period. These amounts have been paid. In the Second Fee Application, Cleary Gottlieb sought $1,621,680.00 in compensation for actual, reasonable and necessary fees, and $84,833.00 in reimbursement for actual, reasonable and necessary expenses. After Cleary Gottlieb agreed to certain reductions with the fee examiner and reserved its rights with respect to certain items, this Court, pursuant to that certain *Order Granting Second Interim Fee Application of Cleary Gottlieb Steen & Hamilton LLP, Counsel To The International Union, United Automobile, Aerospace And Agricultural Implement Workers of America (UAW) As Section 1114 Authorized Representative For The Period Aug. 1, 2014 Through Nov. 30, 2014* [D.I. 789], dated January 20, 2015, allowed interim compensation in the amount of $1,531,952.10 for fees and $84,165.94 for expenses during that period. These amounts have been paid. Cleary Gottlieb has not and is not now seeking compensation with respect to the fees for which it reserved its rights in the Second Fee Application. In the Third Fee Application, Cleary Gottlieb sought $640,697.40 in compensation for actual, reasonable and necessary fees, and $8,574.10 in reimbursement for actual, reasonable and necessary expenses. After Cleary Gottlieb agreed to certain reductions with the fee examiner, this Court, pursuant to that certain *Order Granting Third Interim Fee Application of Cleary Gottlieb Steen & Hamilton LLP, Counsel to the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) As Section 1114 Authorized Representative For the Period Dec. 1, 2014 Through Mar. 31, 2015* [D.I. 949], dated July 6,

2015, allowed interim compensation in the amount of $634,684.95 for fees and $8,443.44 for expenses during that period.  These amounts have been paid.  In the Fourth Fee Application, Cleary Gottlieb sought $1,419,417.90 in compensation for actual, reasonable and necessary fees, and $77,375.86 in reimbursement for actual, reasonable and necessary expenses.  After Cleary Gottlieb agreed to certain reductions with the fee examiner, this Court, pursuant to that certain *Final Order Awarding Fourth Interim Fee Application Of Cleary Gottlieb Steen & Hamilton LLP, Counsel To The UAW As Authorized Representative Under 11 U.S.C. § 1114 (DKT 1041)* [D.I. 1345], dated December 28, 2015, allowed interim compensation in the amount of $1,417,135.40 for fees and $77,143.10 for expenses during that period.  These amounts have been paid.  In the Fifth Fee Application, Cleary Gottlieb sought $831,120.30 in compensation for actual, reasonable and necessary fees, and $22,977.76 for actual, reasonable and necessary expenses. After Cleary Gottlieb agreed to certain reductions with the fee examiner and further reductions as ordered by this Court, this Court, pursuant to that certain *Order Granting Fifth Interim Fee Application Of Cleary Gottlieb Steen & Hamilton LLP, Counsel To The UAW, As Section 1114 Authorized Representative, For The Period August 1, 2015 Through November 30, 2015 [Dkt. No. 1476]* [D.I. 1863], allowed interim compensation in the amount of $812,673.15 for fees and $22,612.49 for expenses during that period.  These amounts have been paid.  In the Sixth Fee Application, Cleary Gottlieb sought $2,312,179.65 in compensation for actual, reasonable and necessary fees, and $192,402.38 for actual, reasonable and necessary expenses. After Cleary Gottlieb agreed to certain reductions with the fee examiner and further reductions as ordered by this Court, this Court, pursuant to that certain *Order Granting Sixth Interim Fee Application Of Cleary Gottlieb Steen & Hamilton LLP, Counsel To The UAW, As Section 1114 Authorized Representative, For The Period December 1, 2016 Through March 31, 2016 (Dkt.*

*No. 1838)* [D.I. 1969], allowed interim compensation in the amount of $2,162,475.65 for fees and $190,691.18 for expenses during that period.  These amounts have been paid.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Cleary Gottlieb respectfully requests that this Court:  (a) allow Cleary Gottlieb (i) interim compensation in the amount of $671,357.25 for actual, reasonable and necessary professional services rendered on behalf of the UAW during the period April 1, 2016 through August 25, 2016, and (ii) interim reimbursement in the amount of $36,800.68 for actual, reasonable and necessary expenses incurred during the same period; (b) allow Cleary Gottlieb (i) final compensation in the amount of $8,897,286.74 for actual, reasonable and necessary professional services rendered on behalf of the UAW during the period April 9, 2014 through August 25, 2016, and (ii) final reimbursement in the amount of $454,959.82 for actual, reasonable and necessary expenses incurred during the same period; (c) authorize and direct the Debtor to pay to Cleary Gottlieb the amount of $284,517.34, which is the unpaid sum that Cleary Gottlieb has not yet received from the Debtor related to the Interim and Final Application Periods; (d) enter the proposed order attached hereto; and (e) grant such other and further relief as the Court deems just and proper.

Dated: August 29, 2016

CLEARY GOTTLIEB STEEN & HAMILTON LLP


*/s/  James L. Bromley*
James L. Bromley (admitted *pro hac vice*)
Daniel J. Soltman (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) as Section 1114 Authorized Representative*