**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |

**NOTICE OF HEARING ON SEVENTH INTERIM (FOR THE PERIOD OF APRIL 1, 2016 THROUGH JULY 31, 2016) AND FINAL (FOR THE PERIOD OF MAY 7, 2014 THROUGH JULY 31, 2016) FEE APPLICATION OF MILLIMAN, INC., ACTUARY TO THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW)
AS SECTION 1114 AUTHORIZED REPRESENTATIVE**

**PLEASE TAKE NOTICE** that on August 29, 2016, Milliman, Inc. filed that certain *Seventh Interim (For The Period Of April 1, 2016 Through July 31, 2016) And Final (For The Period Of May 7, 2014 Through July 31, 2016) Fee Application Of Milliman Inc., Actuary To The International Union, United Automobile, Aerospace And Agricultural Implement Workers Of America (UAW) As Section 1114 Authorized Representative* (the "Seventh Interim and Final Fee Application").

**PLEASE TAKE FURTHER NOTICE** that the Court will consider the Seventh Interim and Final Fee Application at the hearing scheduled for **October 21, 2016 at 1:30 p.m. (CT)** before the Honorable Jack B. Schmetterer or any other judge who may be sitting in his place and stead, in Courtroom 682 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, at which time you may appear if you deem fit.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Seventh Interim and Final Fee Application shall be filed and served by no later than **October 14, 2016 at 4:00 p.m. (CT)**.

*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in this case are available free of charge by visiting the case website maintained by Epiq Bankruptcy Solutions, LLC, notice and claims agent for this chapter 11 case, at http://dm.epiq11.com/Budd or by calling (646) 282-2400. You also may obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and subject to the fees applicable thereto.

Dated:  August 29, 2016

Respectfully submitted,

*International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW)*

By: /s/   James L. Bromley
       One of its attorneys

James L. Bromley (admitted *pro hac vice*)
Daniel J. Soltman (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
jbromley@cgsh.com
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

-and-

Scott R. Clar
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 South LaSalle Street, Suite 3705
Chicago, Illinois 60603

**HEARING DATE: OCTOBER 21, 2016, 1:30 P.M. (CT)**
**OBJECTION DEADLINE:  OCTOBER 14, 2016, 4:00 p.m. (CT)**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BUDD COMPANY, INC., | ) | Case No. 14-11873 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |

**COVER SHEET TO SEVENTH INTERIM (FOR THE PERIOD OF APRIL 1, 2016 THROUGH JULY 31, 2016) AND FINAL (FOR THE PERIOD OF MAY 7, 2014 THROUGH JULY 31, 2016) FEE APPLICATION OF MILLIMAN, INC., ACTUARY TO THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) <u>AS SECTION 1114 AUTHORIZED REPRESENTATIVE</u>**

| | |
|---|---|
| Name of Applicant: | Milliman, Inc. |
| Authorized to provide professional services to: | The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), as section 1114 authorized representative |
| Date of retention: | June 16, 2014 *nunc pro tunc* to May 7, 2014 |
| Interim period for which compensation and reimbursement is sought: | April 1, 2016 through July 31, 2016 |
| Final period for which compensation and reimbursement is sought: | May 7, 2014 through July 31, 2016 |
| Amount of Interim compensation sought as actual, reasonable and necessary: | $ 49,569.25 |
| Amount of Interim reimbursement sought as actual, reasonable and necessary: | $ 1,550.24 |
| Amount of Interim compensation / | $ 191,102.15/ |

| | |
|---|---|
| expenses previously sought: | $ 4,546.70 |
| Amount of compensation / expenses previously approved: | $ 191,102.15/ $ 4,546.70 |
| Amount of Final compensation sought as actual, reasonable and necessary: | $240,671.40 |
| Amount of Final reimbursement sought as actual, reasonable and necessary: | $6,096.94 |

**TOTAL CUMULATIVE FEES AND EXPENSES – INVOICED VS. APPROVED**

| Date Interim Fee Application Filed | Period Covered By Interim Fee Application | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses |
| 9/17/2014 Docket No. 486 | 5/7/2014-7/31/2014 | $56,676.25 | $0.00 | $56,676.25 | $0.00 |
| 1/20/2015 Docket No. 703 | 8/1/2014-11/30/2014 | $37,562.65 | $4.12 | $37,562.65 | $4.12 |
| 9/02/2015 Docket No. 1048 | 4/1/2015-7/31/2015 | $3,801.25 | $0.00 | $3,801.25 | $0.00 |
| 1/9/2016 Docket No. 1492 | 8/1/2015-11/30/2015 | $33,938.25 | $0.00 | $33,938.25 | $0.00 |
| 6/16/2016 Docket No. 1835 | 12/1/2015-3/31/2016 | $59,123.75 | $4,542.58 | $59,123.75 | $4,542.58 |
| 8/29/2016 Docket No. TBD | 4/1/2016-8/25/2016 | $49,569.25 | $1,550.24 | Pending | Pending |

**TIMEKEEPER SUMMARY – INTERIM APPLICATION PERIOD**

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

April 1, 2016 through July 31, 2016

| **Name of Professional Person** | **Hourly Billing Rate** | **Total Billed Hours** | **Total Compensation** |
|---|---|---|---|
| Suzanne Taranto | $615.00 | 62.75 | $38,591.25 |
| David Stoddard | $300.00 | 1.00 | $300.00 |
| Dashiell Schwartz | $195.00 | 13.25 | $2,583.75 |
| Chris Scarmozzino | $195.00 | 5.50 | $1,072.50 |
| AJ Balasinkam | $300.00 | 9.50 | $2,850.00 |
| Nicole Cordasco | $220.00 | 4.00 | $880.00 |
| Nancy Klein | $330.00 | 5.60 | $1,848.00 |
| Eric Shingle | $275.00 | 5.25 | $1,443.75 |
| **Totals** | | 106.85 | **$49,569.25** |

# EXPENSE SUMMARY – INTERIM APPLICATION PERIOD

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

April 1, 2016 through July 31, 2016

| **Expense Category** | **Total Expenses** |
|---|---|
| Travel – Transportation | $1,077.20 |
| Travel – Ground Transportation | $117.00 |
| Travel – Lodging | $356.04 |
| **Total Expenses** | **$1,550.24** |

## PROJECT CATEGORY SUMMARY – INTERIM APPLICATION PERIOD

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

April 1, 2016 through July 31, 2016

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Retiree Health Benefits | 106.85 | $49,569.25 |
| **Totals** | **106.85** | **$49,569.25** |

## TIMEKEEPER SUMMARY – FINAL APPLICATION PERIOD

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

May 7, 2014 through July 31, 2016

| Name of Professional Person | Position of the Professional | Credentials | Hourly Billing Rate[1] | Hours Billed | Total Fees Per Timekeeper |
|---|---|---|---|---|---|
| Taranto, Suzanne | Principal and Consulting Actuary | EA, MAAA | $615.00 | 235.25 | $144,678.80 |
| Stoddard, David | Associate Actuary | MAAA | $225.00/ $300.00 | 14.25 | $3,401.25 |
| Schwartz, Dashiell | Actuarial Analyst | None | $185.00/ $195.00 | 69.20 | $12,985.75 |
| Schmidt, Robert | Principal and Consulting Actuary | EA, MAAA, FSA | $460.00 | 1.00 | $460.00 |
| Giorgou, Marcella | Consulting Actuary | EA, MAAA, FSA | $430.00/ $475.00 | 12.20 | $5,349.50 |
| Manning, Kevin | Consulting Actuary | FSAI, FIA | $330.00 | 2.00 | $660.00 |
| Shingle, Eric | Actuary | EA, MAAA | $225.00/ $275.00 | 109.25 | $26,033.75 |
| Scarmozzino, Chris | Actuarial Analyst | None | $195.00 | 5.50 | $1,072.50 |
| Balasinkam, AJ | Associate Actuary | MAAA | $300.00 | 9.50 | $2,850.00 |
| Cordasco, Nicole | Actuarial Analyst | None | $220.00 | 4.00 | $880.00 |
| Klein, Nancy | Actuary | EA, MAAA | $330.00 | 5.60 | $1,848.00 |
| Harte, Victor | Principal and Consulting Actuary | EA, MAAA | $615.00 | 16.75 | $10,301.25 |
| Cuomo, Susanne | Consulting Actuary | FSA, EA, MAAA | $355.00 | 40.28 | $14,299.40 |
| Mavrakes, Amanda | Actuarial Analyst | EA, MAAA | $185.00/ $190.00 | 75.75 | $14,130.00 |
| Lu, Bill | Actuarial Analyst | None | $225.00 | 5.75 | $1,293.75 |
| Savaglio, Gabrielle | Actuarial Analyst | MAAA | $225.00 | 1.50 | $337.50 |
| Bittner, Allan | Principal and Consulting Actuary | FSA, EA, MAAA | $360.00 | 0.25 | $90.00 |
| **Totals** | | | | **608.28** | **$240,671.40** |

---

[1] The rate ranges indicated for each timekeeper is reflective of that specific timekeeper's rate at the earliest and most recent of his or her work on the case.

## **PROJECT CATEGORY SUMMARY – FINAL APPLICATION PERIOD**

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

May 7, 2014 through July 31, 2016

| **Project Category** | **Total Hours** | **Total Fees** |
|---|---|---|
| Pensions | 66.25 | $25,671.25 |
| Retiree Health Benefits | 541.28 | $214,538.90 |
| Hearing Attendance | 0.75 | $461.25 |
| **Totals** | **608.28** | **$240,671.40** |

## EXPENSE SUMMARY – FINAL APPLICATION PERIOD

*In re The Budd Company, Inc.*
(Case No. 14-11873 (JBS))

May 7, 2014 through July 31, 2016

| Expense Category | Total Expenses |
|---|---|
| Travel – Transportation | $5,083.68 |
| Travel – Ground Transportation | $653.10 |
| Travel – Lodging | $356.04 |
| Conference Line Charges | $4.12 |
| **Total Expenses** | **$ 6,096.94** |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE BUDD COMPANY, INC., ) | Case No. 14-11873 |
| ) | |
| Debtor. ) | Honorable Jack B. Schmetterer |

**SEVENTH INTERIM (FOR THE PERIOD OF APRIL 1, 2016 THROUGH JULY 31, 2016) AND FINAL (FOR THE PERIOD OF MAY 7, 2014 THROUGH JULY 31, 2016) FEE APPLICATION OF MILLIMAN, INC., ACTUARY TO THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) AS SECTION 1114 AUTHORIZED REPRESENTATIVE**

In accordance with that certain *Order Establishing Professional Interim Compensation Procedures*, dated May 9, 2014 [D.I. 147] (the "Interim Compensation Order"), Milliman, Inc. ("Milliman"), actuary to the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) (the "UAW"), as authorized representative under section 1114 of title 11 of the United States Code (the "Bankruptcy Code"), respectfully submits its Seventh Interim and Final Fee Application (the "Application")[2] for: (i) interim approval of actual, reasonable and necessary fees and expenses for the period of April 1, 2016 through and including July 31, 2016 (the "Interim Application Period")[3] and (ii) final approval of actual, reasonable and necessary fees and expenses for the period May 7, 2014 through July 31, 2016 (the "Final Application Period"). In support of this Application, Milliman respectfully states as follows:

---

[2] Milliman did not file a Third Interim Fee Application. To avoid confusion, Milliman has styled this application as the Seventh Interim and Final Fee Application because it understands that the other professionals in this case will style all of their applications as such.

[3] Exhibits A and B attached hereto are Milliman's redacted time records for April 2016 through June 2016 and July 2016, respectively. Unredacted time records have been provided to the Court and the fee examiner.

1

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 330 and 331 of the Bankruptcy Code.

**BACKGROUND**

3. On March 31, 2014, The Budd Company, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date and time of such filing, the "Petition Date"). On June 27, 2016, the Court confirmed the Debtor's plan. Throughout the Chapter 11 case, the Debtor managed its affairs as a debtor in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner was appointed in the Debtor's case.

5. The UAW is serving as the authorized representative of the UAW retirees pursuant to that certain *Order Directing The Debtor To Pay The Reasonable And Necessary Expenses Of The Legal, Financial And Other Advisors Of International Union, United Automobile, Aerospace And Agricultural Implement Workers of America As The Section 1114 Authorized Representative For The UAW Retirees* [D.I. 60] (the "UAW Retiree Order").

6. On May 9, 2014, this Court entered that certain *Order Establishing Professional Interim Compensation Procedures* (the "Interim Compensation Order") [D.I. 147], which sets forth the procedures for interim compensation and reimbursement for all professionals in these cases.

7. On June 16, 2014, this Court entered that certain *Order Authorizing The Employment And Retention Of Milliman, Inc. As Actuary For International Union, United*

2

*Automobile, Aerospace And Agricultural Implement Workers Of America The (UAW) Nunc Pro Tunc To May 7, 2014* [D.I. 151] (the "Retention Order").

8. In particular, the Interim Compensation Order provides that professionals may serve monthly fee statements on the Notice Parties (as defined in the Interim Compensation Order) and that, if no objection is timely raised thereto, the Debtor shall pay such professionals an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such monthly fee statement. On August 26, 2016, Milliman's invoices for the months of April through July 2016 were served on the Notice Parties.

9. On July 25, 2014, the Court entered that certain *Stipulation and Agreed Order With Respect To Appointment Of An Independent Fee Examiner* [D.I. 346], pursuant to which Ms. Diana G. Adams was appointed as the independent fee examiner in this case.

10. The Interim Compensation Order also requires that, at four-month intervals, each professional shall file with the Court and serve on the Notice Parties an interim application for Court approval and allowance of the compensation and reimbursement of expenses sought during such four-month period.

11. On June 27, 2016, the Court issued that certain *Order Confirming Ninth Amended Chapter 11 Plan For The Budd Company, Inc. Dated May 4, 2016* [D.I. 1913] (the "Confirmation Order"),[4] which provided that final fee applications must be filed within 28 days after the Effective Date. The Effective Date occurred on August 1, 2016, and final fee applications are due today, August 29, 2016.

---

[4] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Confirmation Order.

3

## SERVICES PERFORMED DURING THE INTERIM APPLICATION PERIOD

12.     During the Interim Application Period, and as described in more detail below, Milliman provided actuarial services to the UAW in its capacity as the actuary to the section 1114 authorized representative in this case, including, without limitation (i) analysis of the projected financial condition of the UAW VEBA and (ii) transition services to ensure prompt establishment of the UAW VEBA, including coordination with the UAW VEBA administrator, Benefits Outsourcing Solutions ("BOS") and with pharmacy vendor, CVS Caremark.

**Task:  Retiree Health Benefits
(Hours:  106.85; Fees Incurred:  $49,569.25)**

13.     During the Interim Application Period, Milliman invoiced 106.85 hours to the project task entitled "Retiree Health Benefits." These services were largely related to (i) transitioning the Budd UAW Retirees from the Budd health plan to the UAW VEBA and (ii) analysis of the projected financial condition of the UAW VEBA.

14.     Milliman's role in the establishment of the UAW VEBA was essential given its familiarity with the UAW Retiree population and their health care needs.  Because Milliman has past experience with the UAW related to this matter, there was no need to hire a new actuary or execute agreements allowing for sharing of confidential information with such actuary, since such agreements were already in place between Milliman and the UAW.  The transition from the Budd health plan to the UAW VEBA required regular calls with the UAW VEBA Committee, coordinating with CVS Caremark and BOS, and ongoing analysis of the projected financial condition of the UAW VEBA, all of which Milliman efficiently facilitated.

15.     Milliman also worked closely with BOS, CVS Caremark and Blue Cross Blue Shield of Michigan to ensure a seamless transition to the UAW VEBA health plan.  Milliman consulted with the UAW's other professionals and counsel to the UAW VEBA Committee

4

throughout the transition period. The vast majority of this work was handled by Ms. Suzanne Taranto, as indicated by the chart below. Ms. Taranto has been involved with the instant proceeding since its early stages and was an invaluable asset to the UAW, lending her expertise and building on her familiarity with the UAW Retirees.

16. The chart below illustrates timekeeper totals for each person that billed to this task:

| Name of Professional Person | Position of the Professional | Credentials | Hourly Billing Rate | Hours Billed | Total Billed |
|---|---|---|---|---|---|
| Taranto, Suzanne | Principal and Consulting Actuary | EA, MAAA | $615.00 | 62.57 | $38,591.25 |
| Stoddard, David | Associate Actuary | MAAA | $300.00 | 1.00 | $300.00 |
| Schwartz, Dashiell | Actuarial Analyst | None | $195.00 | 13.25 | $2,583.75 |
| Scarmozinno, Chris | Actuarial Analyst | None | $195.00 | 5.50 | $1,072.50 |
| Balasinkam, AJ | Associate Actuary | MAAA | $300.00 | 9.50 | $2,850.00 |
| Cordasco, Nicole | Actuarial Analyst | None | $220.00 | 4.00 | $880.00 |
| Klein, Nancy | Actuary | EA, MAAA | $330.00 | 5.60 | $1,848.00 |
| Shingle, Eric | Actuary | EA, MAAA | $275.00 | 5.25 | $1,443.75 |
| Totals | | | | 106.85 | $49,569.25 |

## SUMMARY OF WORK PERFORMED DURING THE FINAL APPLICATION PERIOD

17. During the Final Application Period, Milliman performed essential services for the UAW. These services included, without limitation, (a) actuarial analysis of the Debtor's pension obligations to the UAW retirees, pension funding status and identification of UAW member benefits potentially guaranteed by the PBGC; (b) extensive actuarial analysis related to the Debtor's healthcare and other postemployment benefit ("OPEB") obligations, including the

5

development of baseline projection models; (c) development of potential alternative retiree medical plan designs, and analysis as to how those would impact retiree health care liabilities; (d) analysis of multiple plan designs with different ranges of deductibles, coinsurance and copayments in connection with ongoing settlement discussions; (e) participation during and in preparation for the trial relating that certain *Debtor's Motion To Approve Modification Of UAW Retiree Benefits Pursuant To 11 U.S.C. § 1114* [D.I. 1378]; and (f) assistance with the transition of OPEB from the Budd health plan to the UAW VEBA. Detailed descriptions of the services performed by Milliman are set forth in Milliman's prior fee applications,[5] all of which are hereby incorporated by reference, and this Application.

18.     Milliman has endeavored to represent the UAW in the most expeditious and economical manner possible, including centralizing the work for the UAW in the fewest professionals possible. Moreover, Milliman has worked closely with the UAW's other professionals to avoid duplication of services and to optimize efficiency.

---

[5] Milliman has previously filed five interim fee applications including the *First Interim Fee Application of Milliman, Inc. Actuary To The International Union, United Automobile, Aerospace And Agricultural Implement Workers Of America (UAW) As Section 1114 Authorized Representative, For The Period May 7, 2014 Through July 31, 2014* [D.I. 486] (the "First Fee Application"), the *Second Interim Fee Application of Milliman, Inc. Actuary To The International Union, United Automobile, Aerospace And Agricultural Implement Workers Of America (UAW) As Section 1114 Authorized Representative, For The Period August 1, 2014 Through November 30, 2014* [D.I. 703], the *Fourth Interim Fee Application of Milliman, Inc. Actuary To The International Union, United Automobile, Aerospace And Agricultural Implement Workers Of America (UAW) As Section 1114 Authorized Representative, For The Period April 1, 2015 Through July 31, 2015* [D.I. 1048], the *Fifth Interim Fee Application of Milliman, Inc. Actuary To The International Union, United Automobile, Aerospace And Agricultural Implement Workers Of America (UAW) As Section 1114 Authorized Representative, For The Period August 1, 2015 Through November 30, 2015* [D.I.1492] (the "Fifth Fee Application") and the *Sixth Interim Fee Application of Milliman, Inc. Actuary To The International Union, United Automobile, Aerospace And Agricultural Implement Workers Of America (UAW) As Section 1114 Authorized Representative, For The Period December 1, 2015 Through March 31, 2016* [D.I.1835] (the "Sixth Fee Application").

6

## RATE INCREASES

19. As reflected in previous Fee Applications, Milliman's rates have increased twice during the Debtor's Chapter 11 case: first, on January 1, 2015, and second, on January 1, 2016. The UAW was aware of and approved each of these rate increases. The annual rate increases[6] were reasonable in light of market practice. Milliman understands that annual increases are typical among actuary firms in the New York City region and Milliman's annual rate increases are more than reasonable, particularly when considering that Milliman did not increase the rates of its highest billing timekeepers (principals) and the rate increase with respect to actuarial analysts was minimal, as was the impact on the estate. Milliman estimates that the incremental amount invoiced to the estate due to annual rate increases is $415.00.[7]

---

[6] Milliman makes this disclosure pursuant to a memorandum received from the fee examiner on August 12, 2016, which requires that "[i]f the applicant increased rates, following the rate change the resulting rates must be reasonable, including being in line with market rates in the professional's district." Milliman understands that the only "rate increases" that need to be reflected in this calculation are the annual rate increases, since matriculation or credential rate increases for individual timekeepers simply reflect a higher billing rate for more experienced actuaries, rather than an actual rate increase as a result of Milliman's practices.

[7] Milliman makes this disclosure pursuant to a memorandum received from the fee examiner on August 12, 2016, which requires that "[i]f the applicant has increased rates during the case, the application should disclose the effect of the rate increases. For comparison purposes, the applicant should calculate and disclose the total compensation sought in the fee application using the rates originally disclosed in the retention application." As mentioned in footnote 6 above, Milliman makes this disclosure solely with respect to annual rate increases. The number estimated herein represents the reduction in the amount that would have been invoiced to the estate if the billing rates for junior actuarial analysts did not increase from $185/hr in 2014 to $190/hr in 2015, and then to $195/hr in 2016 (and if rates with respect to one time keeper, Nicole Cordasco, a senior actuarial analyst, did not increase from $205/hr to $220/hr between 2014 and 2016). Milliman believes this increase is extremely reasonable, especially with respect to Dashiell Schwartz, who was particularly valuable as a third-year actuarial analyst involved in the Debtor's Chapter 11 case from the outset. No rate increases occurred for principals during this case. Rates did increase in 2015 and 2016 for certain Milliman timekeepers other than principals and analysts, but such rate increases were due to a combination of annual rate increases and increased accreditation, and it is not always possible to separate the increase due only to the annual rate increase; in any event the incremental cost to the estate due to such increases was

## INTERIM AND FINAL RELIEF REQUESTED[8]

20.     Milliman submits this application for (A) entry of an interim order (i) allowing compensation for the reasonable, actual, and necessary professional services that it has rendered as actuary to the UAW in this case for the Interim Application Period, and (ii) allowing reimbursement of actual, reasonable and necessary expenses incurred in this case during that same period; and (B) entry of a final order (i) allowing compensation for the reasonable, actual, and necessary professional services that it has rendered as actuary to the UAW in this case for the Final Application Period, and (ii) allowing reimbursement of actual, reasonable and necessary expenses incurred in this case during that same period.

21.     With respect to the Interim Application Period, Milliman seeks interim approval of fees in the amount of $49,569.25.  For the same period, Milliman's actual, reasonable and necessary expenses total $1,550.24.  With respect to these amounts, as of the date of this Application, Milliman has not received payment of any amount for the Interim Application Period, leaving an outstanding balance of $51,119.49.

22.     With respect to the Final Application Period, Milliman seeks final approval of compensation in the amount of  $240,671.40.  For the same period, Milliman seeks final approval of actual, reasonable and necessary expenses totaling $6,096.94.

23.     All amounts have been paid with respect to the Court's orders relating to the First through Fifth Fee Applications; however, a balance of $11,824.75 remains from the Sixth Fee Application.  As of the date of this Application, Milliman has not received payment for any of

---

minimal as non-principal, non-analyst Milliman timekeepers invoiced less than 40 hours to the estate in 2015 and 2016.

[8] No agreement or understanding exists between Milliman and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

8

the $51,119.49 in fees and expenses incurred during the Interim Application Period. Milliman therefore respectfully requests that the Court approve the payment of the unpaid amount the Interim Fee Period and the Final Fee Period, totaling $62,944.24.

**WHEREFORE**, Milliman respectfully requests that this Court: (a) allow Milliman (i) interim compensation in the amount of $49,569.25 for actual, reasonable and necessary professional services during the period April 1, 2016 through July 31, 2016, and (ii) interim reimbursement in the amount of $1,550.24 for reasonable and necessary expenses for work performed during the same period; (b) allow Milliman (i) final compensation in the amount of $240,671.40 for actual, reasonable and necessary professional services rendered on behalf of the UAW during the period May 7, 2014 through July 31, 2016, and (ii) final reimbursement in the amount of $6,096.94 for actual, reasonable and necessary expenses incurred during the same period; (c) authorize and direct the Debtors to pay to Milliman the amount of $62,944.24,[9] which is the unpaid sum that Milliman has not yet received from the Debtor related to the Interim and Final Application Periods; (d) enter the proposed order attached hereto; and (e) grant such other and further relief as the Court deems just and proper.

Dated: August 29, 2016

                                      MILLIMAN, INC.

                                      */s/ Suzanne Taranto*
                                      Suzanne Taranto
                                      Principal and Consulting Actuary

*Actuary for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) as Section 1114 Authorized Representative*

---

[9] Milliman will submit a revised proposed form of order to the extent that Milliman receives payment prior to the Court's consideration of this Application.

9